Cory S. Fein
California Bar No. 250758
Cory Fein Law Firm
712 Main St., #800
Houston, TX 77002
Telephone: (281) 254-7717
Facsimile: (530) 748-0601
Email: cory@coryfeinlaw.com

Attorneys for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **JOHN NORTHRUP, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED** ) ) ) | Case No. 8:18-cv-23 |
| Plaintiffs, ) | **PLAINTIFF'S ORIGINAL COMPLAINT, CLASS ACTION** |
| ) | |
| v. ) | **AND** |
| ) | |
| **CAPITAL ALLIANCE GROUP** ) ) | **MOTION TO EXTEND DEADLINE TO MOVE FOR CLASS** |
| Defendant. ) | **CERTIFICATION** |
| _____ ) ) | |

John Northrup ("Northrup" or "Plaintiff"), files this Original Class Action Complaint against Defendant Capital Alliance Group ("Capital Alliance"), on behalf of himself and all others similarly situated, moves for extension of L.R. 23-3's 90-day deadline to move for class certification, and in support states as follows:

## PARTIES

1.   Plaintiff John Northrup was at all times mentioned herein a citizen and resident of Plant City, Hillsborough County, Florida.

2.   Defendant, Capital Alliance Group is a company incorporated in California, with its principal place of business and headquarters at 1950 E. 17th , 3rd. Fl., #300, Santa Ana, Orange County, California, 92705. Its registered agent for service is Business Filings Incorporated, 818 W. 7th St., Ste. 930, Los Angeles, CA 90017.

## JURISDICTION

3.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 in that this action arises under a United States federal statute, specifically the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, ("TCPA"). The TCPA specifically authorizes this Court to exercise jurisdiction. Jurisdiction is also proper under 28 U.S.C. § 1332(d)(2) because Plaintiff seeks up to $1,500 in damages for each robocall in violation of the TCPA, which, when aggregated among a proposed class number of more than five thousand, exceeds the $5,000,000 threshold for federal court jurisdiction. Further, Plaintiff alleges a national class, which will result in at least one class member belonging to a different state than that of Defendant, providing jurisdiction under 28 U.S.C. Section 1332(d)(2)(A).

4.     This Court has personal jurisdiction over Defendant because Defendant is headquartered in Orange County, California, which is in this district, and placed the phone calls at issue from this District.

5.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and/or (b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this District, in that the robocalls at issue were placed in this District.

## BACKGROUND

6.     Plaintiff brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Capital Alliance Group ("Capital Alliance", or "Defendant"), in negligently, and/or willfully contacting Plaintiff through "robocalls" (calls for nonemergency purposes using an automatic telephone-dialing system without prior express consent), in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

**GENERAL ALLEGATIONS**

7.      Defendant markets loans to consumers.

8.      Defendant made the deliberate decision to engage in bulk marketing by using an automatic telephone-dialing system to place robocalls to potential customers.

9.      Unlike standard advertising methods, bulk advertising by use of robocalls cost recipients money, because cell phone users typically pay for their cell phone service.

10.     Over the course of an extended period beginning no later than in 2017, Defendant and its agents directed the mass transmission of robocalls to the cell phones of persons they hoped were potential customers of Defendant's services.

11.     On or about December 14, 2017, Plaintiff received an unsolicited robocall from (949) 565-4371, to his wireless phone in Florida. The call was sent to his wireless phone number with area code 813 (the area code for Tampa, Florida and surrounding areas). It stated that the call was from Capital Alliance and was soliciting lending services.

12.     Plaintiff received four additional calls from Defendant on December 14, 2017, three additional calls on December 15, 2017, and an additional call on December 29, 2017.

13.     Plaintiff provided no consent to receive these calls, which were made by Defendant in an effort to promote the sale of its lending services.

14.     The unsolicited phone calls were placed to Plaintiff's cellular telephone via an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227 (a)(1).

15.     "The term 'unsolicited advertisement' means any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227 (a)(5).

16.     "The term 'telephone solicitation' means the initiation of a . . . message for the purpose of encouraging the purchase . . . of . . . services, which is transmitted to any person, but such term

3

does not include a call or message (A) to any person with that person's prior express invitation or permission, (B) to any person with whom the caller has an established business relationship, or (C) by a tax exempt nonprofit organization." 47 U.S.C. § 227 (a)(4).

17.     The telephone numbers to which the Defendant, or its agents, placed the robocalls were assigned to cellular telephone services pursuant to 47 U.S.C. § 227(b)(1)(A)(iii).

18.     These telephone calls were not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

19.     Plaintiff did not provide Defendant or its agents prior express consent to receive unsolicited robocalls pursuant to 47 U.S.C. § 227 (b)(1)(B).

20.     The call by Defendant or its agents therefore violated 47 U.S.C. § 227(b)(1).

21.     Plaintiff, John Northrup, has standing to bring these claims because Defendant's violation of the TCPA resulted in a concrete and particularized injury to him, in the form of invasion of privacy, an unwanted and unauthorized call received by his cell phone, which caused wasted time addressing an unwanted call, unwarranted distraction from his work activities (including driving large trucks, and loading and unloading products), aggravation and distress, unavailability of his cell phone when it was receiving the unauthorized call, depletion of his cell phone's battery and the resulting cost to recharge the phone, and potential financial loss in the form of increased charges from his cell phone carrier.

## CLASS ACTION ALLEGATIONS

22.     Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated ("the Class").

23.     Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

24.     The Class members are so numerous that individual joinder of all members is impractical.

25.     Plaintiff's claims are typical of those of the Class and are based on the same legal and factual theories.

26.     Plaintiff and his counsel will fairly and adequately represent and protect the interests of the Class.  Plaintiff has been subject to the same unlawful acts as the rest of the Class members and is ready, willing and able to serve as a Class representative.   Moreover, Plaintiff's counsel are experienced in handling complex litigation, and have extensive class action experience and a long track record of successful prosecution of class action cases. Neither Plaintiff nor his counsel has any interest that might cause them not to vigorously pursue this action.

27.     L.R. 23-2.1. Plaintiff contends that this suit is properly maintainable as a class action under Federal Rules 23(b)(3) and/or 23(b)(2)

28.     L.R. 23-2.2 (a). The definition of the proposed class is:  All persons within the United States who received an unsolicited call from Defendant, or an agent of Defendant, on a paging service, cellular phone service, or other service, through the use of any automatic telephone dialing system as set forth in 47 U.S.C. Section 227(B)(1)(A)(3) or artificial or prerecorded voice, which call was not made for emergency purposes or with the recipients' prior express consent, within the four years prior to the filing of this Complaint. Plaintiff represents, and is a member of the Class. Defendant and its employees or agents are excluded from the Class.

29.     The members of the Class are capable of being readily ascertained from the information and records in the possession or control of Defendant or Defendant's agents.

30.     L.R. 23-2.2 (b). Plaintiff does not know the number of members in the Class, but believes the Class members number in the thousands, if not more. In Plaintiff's experience, companies that market via robocalls engage in large mass marketing programs to thousands of people whose cell phone numbers are collected and aggregated into marketing lists without the consent of the cell phone owners.

31.     Additionally, there are many people who have posted on Yelp that they have been similarly subject to robocalls from Capital Alliance.

32.     On 12/13/2017, Peedy W. posted on Yelp: "Completely intrusive and harassing techniques they engage in. Repeated solicitations even though I have told them to stop."

33.     On 8/31/2017, Steve Z. posted on Yelp: "predatory. won't stop calling me after asking to be removed. lied to me about how they got my info."

34.     On 3/31/2017, Chris B. posted on Yelp: "Spammer! Robo calling non-stop."

35.     On 2/17/2016, Lisa H. posted on Yelp: "Company continues to harass me and leave messages after I told them to put me on the no call list. . . . Horrible business tactic to get numbers of people that have nothing to do with business at all and bombard them with calls like this."

36.     Similar complaints can be found on Better Business Bureau, on  2/5/2016, 2/2/2017, 9/26/2017, 11/8/2017, and 11/16/2017.

37.     Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

38.     Plaintiff and members of the Class were harmed by the acts of Defendant in at least the particularized and concrete ways set forth above.

39.     This suit seeks only statutory damages and injunctive relief on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto.

40.     The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court.

41.     There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented.

42.     L.R. 23-2.2 (c). Plaintiff and his counsel will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class and Plaintiff has retained counsel experienced in handling class action claims of this nature who is willing and able to pursue this case on behalf of the class.

43.     L.R. 23-2.2 (d). There is commonality of questions of law and fact, and the issues common to the Class predominate over questions which may affect individual Class members. The common issues include the following:

a.      Whether, within the four years prior to the filing of this Complaint, Defendant or its

6

agents placed robocalls to cell phones for purposes of soliciting new customers without the recipients' prior express consent;

b.      What systems and methodologies were used to collect the cell phone numbers, and send the robocalls at issue in this case;

c.      Whether the systems used to place the robocalls constituted automatic telephone dialing systems under the TCPA;

d.      Whether Defendant's violation of the TCPA was willful or knowing, such that the award should be increased up to three times pursuant to 47 USC §227(b)(3)(c); and

e.      Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

44.     L.R. 23-2.2 (e). There is typicality of the claims of Plaintiff as the class representative. As a person who received at least one unsolicited robocall without his prior express consent, Plaintiff is asserting claims that are typical of the Class.

45.     Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct.

46.     L.R. 23-2.2 (f). Because of the size of the individual Class member's claims, few, if any, Class members could afford to individually seek legal redress for the wrongs complained of herein.

47.     A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal law.

48.     The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of the TCPA are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many individual claims.

49.     Certification of a Class under Fed. R. Civ. P. 23(b)(3) is appropriate in that Plaintiff and the Class members seek liquidated statutory monetary damages, the common questions (listed above) predominate over any individual questions, and a class action is superior for the fair and efficient adjudication of this controversy. A class action will cause an orderly and expeditious administration of the Class members' claims and economies of time, effort and expense will be fostered and uniformity of decisions will be ensured. Moreover, the individual Class members are unlikely to be aware of their rights and not in a position (either through experience or financially) to commence individual litigation against Defendant.

50.     Alternatively, certification of a class is appropriate under Fed. R. Civ. P. 23(b)(1), in that inconsistent or varying adjudications with respect to individual members of the Class would establish incompatible standards of conduct for Defendant or adjudications with respect to individual members of the Class as a practical matter would be dispositive of the interests of the other members not parties to the adjudications or would substantially impair or impede their ability to protect their interests.

51.     Alternatively, certification of a class is appropriate under Fed. R. Civ. P. 23(b)(2) because the parties opposing the Class have acted or refused to act on grounds generally applicable to the Class, thereby making final injunctive relief appropriate respecting the Class as a whole.

52.     L.R. 23-2.2 (g). The notice to the proposed class, if certified under Rule 23(b)(3), would be the best practicable under the circumstances. It is contemplated that notice would be by first class mail to those class members whose addressed can be identified, to be supplemented by publication notice if necessary.

53.     L.R. 23-3. Because discovery is required to adequately develop the record for class certification, and Plaintiff cannot begin discovery immediately, Plaintiff hereby moves for an extension of the 90-day deadline set forth by Local Rule 23-3. The Ninth Circuit has recognized that this deadline is not realistic.

> We note that the schedule contemplated by Central District of California Local Rule 23-3, when considered alongside federal rules regarding status conferences and the timing of discovery, is quite unrealistic in light of recent case law regarding the need to establish a sufficient factual record at the class certification stage. *See Wal-Mart*

*Stores, Inc. v. Dukes*, 564 U.S. 338 (2011); see also Barbara J. Rothstein & Thomas E. Willging, Federal Judicial Center, Managing Class Action Litigation: A Pocket Guide for Judges 9 (3d ed. 2010) (noting that local rules calling for specific time limits on class certification should be ignored as inconsistent with federal rules and obsolete).

*Balser v. Hain Celestial Grp., Inc.*, 640 F. App'x 694, 696 (9th Cir. 2016).

## CAUSE OF ACTION
## VIOLATION OF THE
## TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 ET SEQ

54.    Defendant violated the TCPA, 47 U.S.C. § 227, by making unlawful robocalls to Plaintiff and the rest of the class members.

55.    On or about December 14, 2017, Plaintiff received an unsolicited robocall from (949) 565-4371, to his wireless phone in Florida. The call was sent to his wireless phone number with area code 813 (the area code for Tampa, Florida and surrounding areas). It stated that the call was from Capital Alliance and was soliciting lending services.

56.    Plaintiff received four additional calls from Defendant on December 14, 2017, three additional calls on December 15, 2017, and an additional call on December 29, 2017.

57.    Plaintiff provided no consent to receive these calls, which were sent by Defendant in an effort to promote the sale of its lending services.

58.    The unsolicited phone call was placed to Plaintiff's cellular telephone via an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227 (a)(1).

59.    "The term 'unsolicited advertisement' means any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227 (a)(5).

60.    "The term 'telephone solicitation' means the initiation of a . . . message for the purpose of encouraging the purchase . . . of . . . services, which is transmitted to any person, but such term does not include a call or message (A) to any person with that person's prior express invitation or

9

permission, (B) to any person with whom the caller has an established business relationship, or (C) by a tax exempt nonprofit organization." 47 U.S.C. § 227 (a)(4).

61.     The telephone numbers to which the Defendant, or its agents, placed the robocalls were assigned to cellular telephone services pursuant to 47 U.S.C. § 227(b)(1)(A)(iii).

62.     These robocalls were not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

63.     Plaintiff did not provide Defendant or its agents prior express consent to receive unsolicited robocalls pursuant to 47 U.S.C. § 227 (b)(1)(B).

64.     The robocalls by Defendant or its agents therefore violated 47 U.S.C. § 227(b)(1).

65.     Each such robocall was made using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, or a system that otherwise qualified as an automatic telephone dialing system under the TCPA. By using such equipment, Defendant was able to effectively place thousands of robocalls to thousands of wireless phone numbers of consumers without human intervention. These calls were made without the prior express consent of the Plaintiff and the other members of the Class to receive such calls.

66.     The foregoing acts and omissions of Defendant and its agents violated the TCPA, 47 U.S.C. § 227 *et seq.*

67.     As a result of Defendant's, and Defendant's agents', violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and the Class are entitled to an award of $500.00 each in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

68.     Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

69.     Upon information and belief, Defendant's violations of the TCPA were willful and/or knowing. Accordingly, should the Court find that the violation was willful rather than negligent,

10

Plaintiff and the Class are entitled to have their awards increased to an amount not more than three times the $500 liquidated damages amount, or $1,500.00 per violation, pursuant to 47 U.S.C. § 227(b)(3)(B and C).

WHEREFORE, Plaintiff respectfully requests the Court grant Plaintiff and the Class members the following relief against Defendant:

a.  As a result of Defendant's, and Defendant's agents', violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $500.00 in statutory damages, per violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

b.  Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

c.  As a result of Defendant's, and Defendant's agents', willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member increased damages, as provided by statute, up to $1,500.00 per violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

d.  Plaintiff seeks extension of the 90-day deadline to move for class certification set by L.R. 23-3.

e.  Plaintiff seeks any other relief the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

1   Dated: January 9, 2018.

2

3                                              */s/ Cory S. Fein*
                                               Cory S. Fein
4                                              California Bar No. 250758
                                               Cory Fein Law Firm
5                                              712 Main St., #800
                                               Houston, TX  77002
6                                              Telephone:  (281) 254-7717
                                               Facsimile:  (530) 748-0601
7                                              Email:  cory@coryfeinlaw.com

8                                              Attorneys for Plaintiffs

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28