THE RESTIS LAW FIRM, P.C.
William R. Restis, Esq. (SBN 246823)
william@restislaw.com
550 West C Street, Suite 1760
San Diego, California 92101
+1.619.270.8383
+1.619.752.1552

*Attorney for Defendant Capital Alliance Group*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION – SANTA ANA

| | |
|---|---|
| **JOHN NORTHRUP**, | Case No.: 18-cv-23-JLS-DFM |
| Plaintiff, | **DECLARATION OF NARIN CHARAN IN SUPPORT OF:** |
| v. | **(1) DEFENDANT'S MOTION FOR RELIEF OF DEFAULT and** |
| **CAPITAL ALLIANCE GROUP** | Date: Friday, July 6, 2018<br>Time: 2:30 p.m.<br>Courtroom 10A |
| Defendant. | **(2) DEFENDANT'S OPPOSITION TO MOTION FOR DEFAULT JUDGMENT** |
| | Date: Friday, June 15, 2018<br>Time: 2:30 p.m.<br>Courtroom 10A |
| | Honorable Josephine L. Staton |

1

I, Narin Charanvattanakit ("Charan"), declare pursuant to 28 U.S.C. § 1746 as follows:

1.     I am over 21 years of age and competent to make this Declaration,.

2.     I am the Chief Executive Officer of Capital Alliance Group ("Capital Alliance" or "Defendant"), and have held this position since 2008.

3.     As Capital Alliance's CEO, I am familiar with its business operations, including the processes and procedures for making telephone calls to potential customers, and the equipment used. As such, I make this Declaration based upon my own personal knowledge of the facts set forth herein, as well as my review of the books and records available to me that are kept in the ordinary course of operating Capital Alliance's business. If called upon to testify as to the facts set forth in this Declaration, I could and would competently do so.

### MY CONTACTS WITH PLAINTIFF'S COUNSEL

4.     On January 24, 2018, I contacted Plaintiff's counsel Cory Fein by electronic mail asking him to "[p]lease provide the phone number [for plaintiff John Northrup] as I would like to investigate our call logs and recordings. Capital Alliance Group does not utilize an automatic telephone dialing system as defined by the TCPA, but I would still like to investigate our internal logs to find any activity to and from the Plaintiff's phone number." A true and correct copy of my January 24, 2018 email to Mr. Fein, which I personally downloaded from Capital Alliance's Gmail server, is included in the email chain hereto as Exhibit A at page 1.

5.     On January 25, 2018, Mr. Fein responded that "[t]he phone number is [omitted] 9905. What type of system do you use to make the phone calls?" Ex. A at p. 1.

6.     On January 29, 2018, I responded that "[o]ur phone system is hosted on Ringcentral – which is a standard cloud hosted PBX system: https://ringcentral.com/ All of our calls are made by way of manual dial. I found 7 outbound calls with recordings on

the dates alleged in the complaint. Each call was manually dialed by one of our sales reps. The Telephone Consumer Protection Act is intended toward business-to-consumer communications, not business-to-business. Capital Alliance transacts with business only, not consumers. Therefore our marketing efforts are directed accordingly. I show that the number  [omitted] 9905 is not a personal number, but a publicly listed business phone number associated with Angie's Transportation, Inc. Please see attached and let me know how you would like to proceed." Ex. A at pp. 1-2.

7.      In my January 29, 2018 email to Mr. Fein, *supra*, I included PDF copies of information publicly available on the internet listing Plaintiff's phone number used in the Complaint as a business number for Angie's Transportation, Inc. True and correct copies of such publicly available information that I sent to Mr. Fein on January 29, 2018 are attached hereto as Exhibits B through E.

8.      On February 12, 2018, Mr. Fein responded asking "Narin – Are you going to respond to the lawsuit?" Ex. A at p. 2.

9.      On February 20, 2018, I responded that "You [Mr. Fein] did not respond to my previous [January 29, 2018] email." Ex. A at p. 2.

10.     On February 22, 2018, Mr. Fein responded that I "should get a lawyer and talk to him/her about the consequences of failing to respond to a lawsuit. I cannot advise you on this." Ex. A at p. 2.

11.     On February 22, 2018, I responded stating: "I am not asking for your advice. You asked me about our phone system in which I provided you that information, I also presented several key pieces of information that will save your client and the court's time and resources from proceeding. Your response (or lack thereof) tells me that you are relying on the inconvenience and cost of the legal process to compensate for what is a frivolous complaint. **I will expose your practices**. Don't abuse the legal process. Act in the best interest of your client rather than your pocket." Ex. A at p. 3 (emphasis in original).

12.     On February 22, 2018, Mr. Fein responded stating that "[t]he complaint is not frivolous. …" and generally advised me to get a lawyer and respond or Plaintiff would seek a default judgment. *See* Ex. A at p. 3-4.

13.     I and Mr. Fein exchanged several more emails on February 22, 2018 concerning the disputed *bona fides* of Plaintiff's claim and my belief that the true aim of Plaintiff's lawsuit is to force Capital Alliance into a settlement to avoid costly litigation. *See* Ex. A at p. 4-7.

14.     On March 5, 2018, I emailed Mr. Fein stating "Update. I have been working on finalizing retaining an attorney on this matter. Capital Alliance has been struggling financially for 2 years now. We have serious cash issues, so incurring additional legal costs make our situation increasingly difficult. We are losing money but we keep fighting the fight to continue to provide jobs. Hence the passion from my previous emails. Nonetheless, I have found someone to help me with this and we will be filing a response shortly." Ex. A at p. 8-9.

15.     On March 21, 2018, Mr. Fein emailed me stating "Have you found an attorney yet? Have him/her call me" Ex. A at p. 9.

16.     On March 21, 2018 I responded to Mr. Fein stating that "I have found an attorney, but do not have the funds to retain them at this time. Feel free to discuss this matter with me directly in the meantime." Ex. A at p. 9.

17.     On March 22, 2018, Mr. Fein stated "If you can verify that you and your company lack the assets to fund a class action settlement, we would negotiate a settlement of my client's individual claim." Ex. A at p. 9.

18.     On March 30, 2018, Mr. Fein emailed me a copy of the status report filed at docket number 13 in this action. A true and correct copy of Mr. Fein's March 30, 2018 email to me, which I personally downloaded from Capital Alliance's Gmail server, is included in the email chain hereto as Exhibit F at page 1.

19.    On April 11, 2018, I emailed Mr. Fein stating "How would you like to proceed? Our position is that there was no violation of the TCPA by Capital Alliance Group: Capital Alliance does not use an autodialer as defined by the TCPA (see attached. Ferrer v. Bayview, Marchall v CVE Group, Arora v Transworld Systems). All 7 calls were made by way of manual dial by human agents and can be proven with call logs and affidavits from the agents that placed the calls[.] The phone number allegedly called is publicly listed under a business which clearly indicates the Plaintiff as the principal. Here is the FCC's position on business-to-business calls. The FCC ruled that a wireless customer's voluntary release of his or her cell phone number for use by the caller is consent under the statute. (Rules and Regs. Implementing the Telephone Consumer Protection Act of 1991, 7 FCC Rcd. 8752, 8769) The FCC has reaffirmed this position numerous times since then. (E.g., Rules and Regs. Implementing the Telephone Consumer Protection Act of 1991, 23 FCC Rcd. 559, 564 (2008) (decl. ruling on request of ACA Int'l). When a wireless phone number has been advertised or otherwise published as a business number, then, the business should be deemed to have consented to receive calls at the number, absent instructions to the contrary. As the FCC has stated, 'Congress did not expect the TCPA to be a barrier to normal, expected, and desired business communications.' (Groupme, Inc. 29 FCC Rcd. 3442, 3444 (2014) (decl. ruling)). One court recently stated that distributing one's telephone number is an 'invitation to be called.' (Pinkard v Wal-Mart Stores, Inc., No. 3-12-cv-02902-CLS, 2012 U.S. Dist. LEXIS 160938, at * 14 (N.D. Ala. Nov. 9, 2012)." Ex. F at p. 3-4.

20.    On April 13, 2018, Mr. Fein responded stating "You are incorrect in your interpretation of the TCPA. It does apply to calls to mobile phone numbers, even those used for business. And the definition of auto-dialer is more expansive than you think. Also, I have no problem paying for class notice programs, and have done so in the past. That said, I am willing to discuss settling this case on an individual basis for Mr. Northrup only." Ex. F at p. 4.

21.    On April 17, 2018 Mr. Fein emailed me stating "Let me know if you want to discuss this. If I don't hear back from you, I will go forward and obtain a judgment based on your failure to file a timely response to the suit." Ex. F at p. 7.

22.    On April 17, 2018 I responded to Mr. Fein stating "Sure, the statute can be interpreted broadly. But please explain how calls dialed manually from a human sales agent from a phone that has no capability to dial phone numbers randomly or sequentially falls under the statute? I have already provided our phone system information. I also have each call recording in which you can hear our sales agent waiting through a series of rings for the Plaintiff to answer and reaches their voicemail. Please see the attached court order for more information regarding the statute and human intervention." Ex. F. at p. 8.

23.    On April 17, 2018, Mr. Fein responded stating, *inter alia* "I think you are misreading the opinion. … Regardless, you lost the opportunity to raise this defense by deliberately deciding not to answer the lawsuit. If you're interested in discussing a settlement, let me know. If I don't hear from you by the end of this week, I will go forward with obtaining a default judgment." Ex. F at p. 8.

24.    On April 17, 2018, I responded to Mr. Fein that "You brought up the interpretation of an automated Telephone Dialing System. I am pointing out the very important distinction of human intervention. Please explain how even a broad definition of an Automated Telephone Dialing System covers a phone call manually dialed by a human agent by a phone system that has no capability to store or produce phone numbers? [Quoting Mr. Fein's earlier email] 'Regardless, you lost the opportunity to raise this defense by deliberately deciding not to answer the lawsuit.' This is not true. We have been in settlement talks as you have indicated to the court. If we don't come to terms by the end of the week, of course I will file the response." Ex. F at p. 13.

25.    On April 17, 2018, Mr. Fein responded that "your company uses a robocall system and there have been numerous complaints against you. Yelp and BBB list them.

We will settle for $10k. Otherwise, we will go forward with a default judgment." Ex. F at p. 15.

26.     On April 17, 2018 I responded to Mr. Fein asking "Why do you keep dodging the question? Your response is a baseless accusation backed by anonymous, random people on the internet? Come on man. You spent years in law school and passed several bar exams for this?" Ex. F at p. 15.

27.     On April 17, 2018, Mr. Fein responded that "I'm done discussing this. I will move forward with my default judgment on Monday if we don't have a settlement by then." Ex. F at p. 15.

28.     On April 17, 2018, I responded to Mr. Fein "Why are you running away? You are clearly more interested in getting paid than uncovering the true merits of this claim. This is evident by your reliance on technicalities and a pattern of avoiding straightforward questions. Your play is to leverage the cost and inconvenience of the legal process to force me into an outlandish settlement. I'm not an attorney, but this pretty much describes extortion: https://criminal.findlaw.com/criminal-charges/extortion.html Just be honest man. Not just with me, but with yourself." Ex. F at p. 15-16.

29.     On April 17, 2018, Mr. Fein and I exchanged several additional emails. Ex. F at p. 16.

## CAPITAL ALLIANCE GROUP'S TELEPHONE DIALING PROCEDURES

30.     Capital Alliance's sole business is selling loans and lines of credit to small businesses. It has no services that are offered to consumers.

31.     On a periodic basis, Capital Alliance purchases lists of business leads from third party data brokers such as Experian, InfoUsa, and Dunn & Bradstreet. When Capital Alliance purchases these leads, it selects from a list of criteria to identify the type of customer it wishes to sell services to. Specifically, Capital Alliance targets small businesses that have been established for at least one year, with at least $200,000 in annual sales.

Capital Alliance requests that the leads exclude business segments it does not wish to service, such as adult industries or firearms manufactures.

32.   At any given time, Capital Alliance employs approximately 5-20 sales representatives ("Sales Rep") that are tasked with making sales calls to these potential leads.

33.   Each Sales Rep is assigned approximately 1000 to 2000 leads per month, depending on the number of active leads that Capital Alliance has at any given time.

34.   These leads are loaded into Salesforce's Customer Relations Management ("CRM") software, which depending on the information Capital Alliance is able to obtain from data brokers, includes information such as business name, address, emails, and phone numbers.

35.   The Salesforce CRM is dynamic, and allows Sales Reps to keep track of any interactions with a lead, such as call notes or indications of interest from any given potential customer. This allows Capital Alliance to service potential customers in various stages of closing a deal.

36.   The SalesForce CRM software interacts with a cloud based PBX phone system hosted by third party RingCentral. A cloud PBX is a telephone platform completely managed, stored, and maintained over the Internet.

37.   Each Sales Rep has a headset that is connected to their desktop computer, and by extension connected to the RingCentral software.

38.   Each day, Capital Alliance Sales Reps make calls to their leads which are populated in a list in the SalesForce CRM.

39.   When a Sales Rep wishes to contact a lead, they click on a detail view within the SalesForce CRM. The software opens a screen with the business' name, owner's name, business name, phone number, email, and any other information in the system as described above. If a phone number is available, it is highlighted by the SalesForce/RingCentral software, which allows the Sales Rep to click on it with their mouse. With this click, the

mouse. With this click, the software dials the number, and the Sales Reps attempt to make contact with each lead. Each call is live and recorded.

40.     When Sales Reps are finished with a call, they open another lead in the SalesForce software, which retrieves next lead's information. Each Sales Rep is expected to call approximately 200 leads per day.

41.     Capital Alliance used the above described system and process to call the Plaintiff herein. Our records show that seven calls were made to Plaintiff between December 14 and December 29, 2017 using the system and process described above. These calls were recorded. This is the only method Capital Alliance uses to make sales calls to potential customers, which Plaintiff would describe as members of the "class."

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed in Santa Ana, California on March 24, 2018.

Narin Charanvattanakit

CHARAN DECLARATION ISO DEFAULT MOTIONS          Case No. 18-cv-23-JLS-DFM

# EXHIBIT A



Narin Charan <narin@capitalalliance.com>

---

## Northrup v Capital Alliance Group

16 messages

---

**Narin Charan** <narin@capitalalliance.com>      Wed, Jan 24, 2018 at 2:42 PM
To: cory@coryfeinlaw.com

Cory,

I received the class action complaint for John Northrup et al v Capital Alliance Group. I have read through the allegations and noticed that you did not include the Plaintiff's wireless phone number that was allegedly dialed.

Please provide the phone number as I would like to investigate our call logs and recordings. Capital Alliance Group does not utilize an automatic telephone dialing system as defined by the TCPA, but I would still like to investigate our internal logs to find any activity to and from the Plaintiff's phone number.

--

Narin Charan | CEO
P:949.333.4995 - F:888-317-6751
www.capitalalliance.com





---

**Cory Fein** <cory@coryfeinlaw.com>      Thu, Jan 25, 2018 at 10:08 AM
To: Narin Charan <narin@capitalalliance.com>

Narin-

The phone number is (813) 748-9905.
What type of system do you use to make the phone calls?

Cory Fein


Cory S. Fein
Cory Fein Law Firm
www.coryfeinlaw.com
712 Main St., Suite 800
Houston, TX 77002
281.254.7717 (direct)
530.748.0601 (fax)
Email: cory@coryfeinlaw.com

***NOTICE OF CONFIDENTIALITY***
The information in this email may be confidential and/or privileged. This email is intended to be reviewed by only the individual or organization named above. If you are not the intended recipient or an authorized representative of the intended recipient, you are hereby notified that any review, dissemination or copying of this email and its attachments, if any, or the information contained herein is prohibited. If you have received this email in error, please immediately notify the sender by return email and delete this email from your system.
[Quoted text hidden]

---

**Narin Charan** <narin@capitalalliance.com>      Mon, Jan 29, 2018 at 3:58 PM
To: Cory Fein <cory@coryfeinlaw.com>

Cory,

Our phone system is hosted on Ringcentral - which is a standard cloud hosted PBX system:

https://www.ringcentral.com/

All of our calls are made by way of manual dial.

I found 7 outbound calls with recordings on the dates alleged on the complaint. Each call was manually dialed by one of our sales reps.

The Telephone Consumer Protection Act is intended toward business-to-business communications, not business-to-business.

Capital Alliance transacts with businesses only, not consumers. Therefore our marketing efforts are directed accordingly.

I show that the number 813-748-9905 is not a personal number, but a publicly listed business phone number associated with Angie's Transportation, Inc.

Please see attached and let me know how you would like to proceed.

[Quoted text hidden]

---

**4 attachments**

 **Angie's Transportation Inc - Secretary of State.pdf**
132K

 **ANGIE S TRANSPORTATION INC USDOT 1186534 in PLANT CITY, FL 33566 - FreightConnect.pdf**
150K

**Angies Transportation Inc USDOT 1186534 - Plant City, Florida Trucking Company.pdf**
179K

**SAFER Web - Company Snapshot ANGIE'S TRANSPORTATION INC.pdf**
129K

---

**Cory Fein** <cory@coryfeinlaw.com>                                      Tue, Feb 13, 2018 at 6:10 PM
To: Narin Charan <narin@capitalalliance.com>

Narin-

Are you going to respond to the lawsuit?

Cory Fein


Cory S. Fein
Cory Fein Law Firm
www.coryfeinlaw.com
712 Main St., Suite 800
Houston, TX  77002
281.254.7717 (direct)
530.748.0601 (fax)
Email:  cory@coryfeinlaw.com

***NOTICE OF CONFIDENTIALITY***
The information in this email may be confidential and/or privileged. This email is intended to be reviewed by only the individual or organization named above. If you are not the intended recipient
or an authorized representative of the intended recipient, you are hereby notified that any review, dissemination or copying of this email and its attachments, if any, or the information contained
herein is prohibited. If you have received this email in error, please immediately notify the sender by return email and delete this email from your system.

[Quoted text hidden]
[Quoted text hidden]
<Angie's Transportation Inc - Secretary of State.pdf><ANGIE S TRANSPORTATION INC USDOT 1186534 in PLANT CITY, FL 33566 -
FreightConnect.pdf><Angies Transportation Inc USDOT 1186534 - Plant City, Florida Trucking Company.pdf><SAFER Web - Company
Snapshot ANGIE'S TRANSPORTATION INC.pdf>

---

**Narin Charan** <narin@capitalalliance.com>                             Tue, Feb 20, 2018 at 8:26 PM
To: Cory Fein <cory@coryfeinlaw.com>

Cory,

You did not respond to my previous email?
[Quoted text hidden]

---

**Cory Fein** <cory@coryfeinlaw.com>                                      Thu, Feb 22, 2018 at 7:42 AM
To: Narin Charan <narin@capitalalliance.com>

Narin-

You should get a lawyer and talk to him/her about the consequences of failing to respond to a lawsuit. I cannot advise you on this.

Cory

Cory S. Fein
Cory Fein Law Firm
www.coryfeinlaw.com
712 Main St., Suite 800
Houston, TX  77002
281.254.7717 (direct)
530.748.0601 (fax)
Email:  cory@coryfeinlaw.com

***NOTICE OF CONFIDENTIALITY***
The information in this email may be confidential and/or privileged. This email is intended to be reviewed by only the individual or organization named above. If you are not the intended recipient
or an authorized representative of the intended recipient, you are hereby notified that any review, dissemination or copying of this email and its attachments, if any, or the information contained
herein is prohibited. If you have received this email in error, please immediately notify the sender by return email and delete this email from your system.

[Quoted text hidden]

---

**Narin Charan** <narin@capitalalliance.com>                                                        Thu, Feb 22, 2018 at 8:01 AM
To: Cory Fein <cory@coryfeinlaw.com>

I'm not asking for your advice.

You asked me about our phone system in which I provided you that information. I also presented several key pieces of information that will save your
client and the court's time and resources from proceeding. Your response (or lack thereof) tells me that you are relying on the inconvenience and cost
of the legal process to compensate for what is a frivolous complaint. **I will expose your practices.**

Don't abuse the legal process. Act in the best interest of your client rather than your pocket.

[Quoted text hidden]

---

**Cory Fein** <cory@coryfeinlaw.com>                                                              Thu, Feb 22, 2018 at 12:44 PM
To: Narin Charan <narin@capitalalliance.com>

Narin-

The complaint is not frivolous. My client and I believe that your phone system qualifies as an ATDS and that your belief that the number was a
business number does not excuse you from the TCPA. I understand that you disagree. "Whether calls were made using an ATDS is typically a
contested issue in a TCPA case." *Doherty v. Comenity Capital Bank*, No. 16cv1321-H-BGS, 2017 U.S. Dist. LEXIS 70873, at *11-12 (S.D. Cal. May 9,
2017).

If you want to contest these issues, you need to respond to the lawsuit. If you fail to respond, I will ask the Court to enter a judgment against Capital
Alliance because of your failure to respond.

Your company has been harassing people with unwanted calls for years, as evidenced by the complaints on Yelp and Better Business Bureau. If you
want to "expose my practice" of suing companies that violate the TCPA, that would probably only serve to send more clients my way.

Why do you think I'm acting in the best interest of my pocket and not the best interest of my client? My client retained me to file suit against you.

Cory


Cory S. Fein
Cory Fein Law Firm
www.coryfeinlaw.com
712 Main St., Suite 800
Houston, TX  77002
281.254.7717 (direct)
530.748.0601 (fax)
Email:  cory@coryfeinlaw.com

***NOTICE OF CONFIDENTIALITY***
The information in this email may be confidential and/or privileged. This email is intended to be reviewed by only the individual or organization
named above. If you are not the intended recipient or an authorized representative of the intended recipient, you are hereby notified that any review,
dissemination or copying of this email and its attachments, if any, or the information contained herein is prohibited. If you have received this email in
error, please immediately notify the sender by return email and delete this email from your system.

[Quoted text hidden]

[Quoted text hidden]

[Quoted text hidden]

&lt;Angie's Transportation Inc - Secretary of State.pdf&gt;&lt;ANGIE S TRANSPORTATION INC USDOT 1186534
in PLANT CITY, FL 33566 - FreightConnect.pdf&gt;&lt;Angies Transportation Inc USDOT 1186534 - Plant
City, Florida Trucking Company.pdf&gt;&lt;SAFER Web - Company Snapshot ANGIE'S TRANSPORTATION
INC.pdf&gt;

--
Narin Charan | CEO
P:949.333.4995 - F:888-317-6751
www.capitalalliance.com

--
Narin Charan | CEO
P:949.333.4995 - F:888-317-6751
www.capitalalliance.com

---

**Cory Fein** <cory@coryfeinlaw.com>                                      Thu, Feb 22, 2018 at 2:28 PM
To: Narin Charan <narin@capitalalliance.com>

Narin-

Pursuant to Paragraph 8(b) of Judge Staton's Standing Order attached, I am writing to confer with you before filing a Motion for Default Judgment. My motion will seek entry of a judgment against Capital Alliance on the grounds of failure to respond within 21 days of service of the summons. If you would like some additional time to respond, or would like to discuss anything else regarding this matter before I file the motion, please let me know.

Regards,

Cory Fein


Cory S. Fein
Cory Fein Law Firm
www.coryfeinlaw.com
712 Main St., Suite 800
Houston, TX  77002
281.254.7717 (direct)
530.748.0601 (fax)
Email:  cory@coryfeinlaw.com

***NOTICE OF CONFIDENTIALITY***
The information in this email may be confidential and/or privileged. This email is intended to be reviewed by only the individual or organization named above. If you are not the intended recipient or an authorized representative of the intended recipient, you are hereby notified that any review, dissemination or copying of this email and its attachments, if any, or the information contained herein is prohibited. If you have received this email in error, please immediately notify the sender by return email and delete this email from your system.

On Feb 22, 2018, at 10:01 AM, Narin Charan <narin@capitalalliance.com> wrote:

I'm not asking for your advice.

You asked me about our phone system in which I provided you that information. I also presented several key pieces of information that will save your client and the court's time and resources from proceeding. Your response (or lack thereof) tells me that you are relying on the inconvenience and cost of the legal process to compensate for what is a frivolous complaint. **I will expose your practices.**

Don't abuse the legal process. Act in the best interest of your client rather than your pocket.

On Thu, Feb 22, 2018 at 7:42 AM, Cory Fein <cory@coryfeinlaw.com> wrote:

Narin-

You should get a lawyer and talk to him/her about the consequences of failing to respond to a lawsuit. I cannot advise you on this.

Cory

Cory S. Fein
Cory Fein Law Firm
www.coryfeinlaw.com
712 Main St., Suite 800
Houston, TX  77002
281.254.7717 (direct)
530.748.0601 (fax)
Email:  cory@coryfeinlaw.com

***NOTICE OF CONFIDENTIALITY***
The information in this email may be confidential and/or privileged. This email is intended to be reviewed by only the individual or organization named above. If you are not the
intended recipient or an authorized representative of the intended recipient, you are hereby notified that any review, dissemination or copying of this email and its attachments,
if any, or the information contained herein is prohibited. If you have received this email in error, please immediately notify the sender by return email and delete this email from
your system.

> On Feb 20, 2018, at 10:26 PM, Narin Charan <narin@capitalalliance.com> wrote:
>
> Cory,
>
> You did not respond to my previous email?
>
> On Tue, Feb 13, 2018 at 6:10 PM, Cory Fein <cory@coryfeinlaw.com> wrote:
>> Narin-
>>
>> Are you going to respond to the lawsuit?
>>
>> Cory Fein
>>
>>
>> Cory S. Fein
>> Cory Fein Law Firm
>> www.coryfeinlaw.com
>> 712 Main St., Suite 800
>> Houston, TX  77002
>> 281.254.7717 (direct)
>> 530.748.0601 (fax)
>> Email:  cory@coryfeinlaw.com
>>
>> ***NOTICE OF CONFIDENTIALITY***
>> The information in this email may be confidential and/or privileged. This email is intended to be reviewed by only the individual or organization named
>> above. If you are not the intended recipient or an authorized representative of the intended recipient, you are hereby notified that any review, dissemination
>> or copying of this email and its attachments, if any, or the information contained herein is prohibited. If you have received this email in error, please
>> immediately notify the sender by return email and delete this email from your system.
>>
>>> On Jan 29, 2018, at 5:58 PM, Narin Charan <narin@capitalalliance.com> wrote:
>>>
>>> Cory,
>>>
>>> Our phone system is hosted on Ringcentral - which is a standard cloud hosted PBX system:
>>>
>>> https://www.ringcentral.com/
>>>
>>> All of our calls are made by way of manual dial.
>>>
>>> I found 7 outbound calls with recordings on the dates alleged on the complaint. Each call was manually
>>> dialed by one of our sales reps.
>>>
>>> The Telephone Consumer Protection Act is intended toward business-to-consumer communications, not
>>> business-to-business.

Capital Alliance transacts with businesses only, not consumers. Therefore our marketing efforts are directed accordingly.

I show that the number 813-748-9905 is not a personal number, but a publicly listed business phone number associated with Angie's Transportation, Inc.

Please see attached and let me know how you would like to proceed.

On Thu, Jan 25, 2018 at 10:08 AM, Cory Fein <cory@coryfeinlaw.com> wrote:

Narin-

The phone number is (813) 748-9905.
What type of system do you use to make the phone calls?

Cory Fein


Cory S. Fein
Cory Fein Law Firm
www.coryfeinlaw.com
712 Main St., Suite 800
Houston, TX  77002
281.254.7717 (direct)
530.748.0601 (fax)
Email:  cory@coryfeinlaw.com

***NOTICE OF CONFIDENTIALITY***

The information in this email may be confidential and/or privileged. This email is intended to be reviewed by only the individual or organization named above. If you are not the intended recipient or an authorized representative of the intended recipient, you are hereby notified that any review, dissemination or copying of this email and its attachments, if any, or the information contained herein is prohibited. If you have received this email in error, please immediately notify the sender by return email and delete this email from your system.

On Jan 24, 2018, at 4:42 PM, Narin Charan <narin@capitalalliance.com> wrote:

Cory,

I received the class action complaint for John Northrup et al v Capital Alliance Group. I have read through the allegations and noticed that you did not include the Plaintiff's wireless phone number that was allegedly dialed.

Please provide the phone number as I would like to investigate our call logs and recordings. Capital Alliance Group does not utilize an automatic telephone dialing system as defined by the TCPA, but I would still like to investigate our internal logs to find any activity to and from the Plaintiff's phone number.

--
Narin Charan | CEO
P:949.333.4995 - F:888-317-6751
www.capitalalliance.com

 

--
Narin Charan | CEO
P:949.333.4995 - F:888-317-6751
www.capitalalliance.com

 

&lt;Angie's Transportation Inc - Secretary of State.pdf&gt;&lt;ANGIE S TRANSPORTATION INC USDOT
1186534 in PLANT CITY, FL 33566 - FreightConnect.pdf&gt;&lt;Angies Transportation Inc USDOT 1186534 -
Plant City, Florida Trucking Company.pdf&gt;&lt;SAFER Web - Company Snapshot ANGIE'S
TRANSPORTATION INC.pdf&gt;

--

Narin Charan | CEO
P:949.333.4995 - F:888-317-6751
www.capitalalliance.com

 

--

Narin Charan | CEO
P:949.333.4995 - F:888-317-6751
www.capitalalliance.com

 

---

**2 attachments**

 **9 - Proof of Service.pdf**
618K

 **8 - Judge Standing Orders.pdf**
42K

---

**Narin Charan** &lt;narin@capitalalliance.com&gt;        Thu, Feb 22, 2018 at 8:44 PM
To: Cory Fein &lt;cory@coryfeinlaw.com&gt;

That's fine, Cory.

The burden of proof and costs associated is on you - or your client for that matter. You are not an expert and citing online gossip is a glaring indicator
of how much work you've actually invested in this.

I threw you a bone and you completely ignored it.

As we proceed, you will see that I'm actually doing more of a service to your client than you are.

Agree to disagree I suppose.

I will file the response.

[Quoted text hidden]

[Quoted text hidden]

 

**2 attachments**

 **Ferrer v Bayview Loan Servicing - Motion for Summary Judgment.pdf**
170K

 **Arora_v_Transworld_Systems_Inc.pdf**
126K

---

**Cory Fein** <cory@coryfeinlaw.com>                                          Thu, Feb 22, 2018 at 8:52 PM
To: Narin Charan <narin@capitalalliance.com>

My citation was not to online gossip.

I cited a reported case by a federal court in the same division where our case is pending.

How did you throw me a bone and how are you helping my client more than I am?

Cory


Cory Fein
Cory Fein Law Firm
712 Main St., Suite 800
Houston TX 77002
(281) 254-7717
[Quoted text hidden]

        <Ferrer v Bayview Loan Servicing - Motion for Summary Judgment.pdf>

        <Arora_v_Transworld_Systems_Inc.pdf>

---

**Narin Charan** <narin@capitalalliance.com>                                Thu, Feb 22, 2018 at 11:43 PM
To: Cory Fein <cory@coryfeinlaw.com>

I hate this dance, but I accept that it's part of doing business.

Lets waste everyone's time and money for copy and pasting, proofreading, and pushing paper back and forth.

Lets fly out to California and try really hard to ruin someone's day by busting their balls at a deposition.

Lets spend time and money on airfare, lodging, and court reporters when we should be spending more time and money with our loved ones.

File a motion. Meet and confer. Retain an expert.

The only person that wins in this scenario is the person that is billing hourly.

Maybe that's you - ouch for your client. Or, maybe you're working on contingency - ouch for you.

Lets pretend that someone was actually harmed by unanswered calls to a 'personal' phone number that is publicly listed as a business.

Lets look at ourselves in the mirror and pretend that this isn't purely about financial gain and that we're fighting for a worthwhile cause.

I'm not going to do your job for you, Mr. Feign.



[Quoted text hidden]

---

**Narin Charan** <narin@capitalalliance.com>                                Mon, Mar 5, 2018 at 12:22 PM
To: Cory Fein <cory@coryfeinlaw.com>

Cory,

Update.

I have been working on finalizing retaining an attorney on this matter.

Capital Alliance has been struggling financially for 2 years now.

We have serious cash issues, so incurring additional legal costs make our situation increasingly difficult.

We are losing money but we keep fighting the fight to continue to provide jobs. Hence the passion from my previous emails.

Nonetheless, I have found someone to help me with this and we will be in response shortly.

[Quoted text hidden]

---

**Cory Fein** <cory@coryfeinlaw.com>                                    Wed, Mar 21, 2018 at 12:28 PM
To: Narin Charan <narin@capitalalliance.com>

Narin-

Have you found an attorney yet? Have him/her call me.

Cory

Cory S. Fein
Cory Fein Law Firm
www.coryfeinlaw.com
712 Main St., Suite 800
Houston, TX  77002
281.254.7717 (direct)
530.748.0601 (fax)
Email:  cory@coryfeinlaw.com

***NOTICE OF CONFIDENTIALITY***
The information in this email may be confidential and/or privileged. This email is intended to be reviewed by only the individual or organization named above. If you are not the intended recipient
or an authorized representative of the intended recipient, you are hereby notified that any review, dissemination or copying of this email and its attachments, if any, or the information contained
herein is prohibited. If you have received this email in error, please immediately notify the sender by return email and delete this email from your system.

[Quoted text hidden]

---

**Narin Charan** <narin@capitalalliance.com>                           Wed, Mar 21, 2018 at 2:05 PM
To: Cory Fein <cory@coryfeinlaw.com>

I have found an attorney, but do not have the funds to retain them at this time.

Feel free to discuss this matter with me directly in the meantime.

[Quoted text hidden]

---

**Cory Fein** <cory@coryfeinlaw.com>                                    Thu, Mar 22, 2018 at 10:28 AM
To: Narin Charan <narin@capitalalliance.com>

Narin-

If you can verify that you and your company lack the assets to fund a class action settlement, we could negotiate a settlement of my client's individual
claim.

Cory

Cory S. Fein
Cory Fein Law Firm
www.coryfeinlaw.com
712 Main St., Suite 800
Houston, TX  77002
281.254.7717 (direct)
530.748.0601 (fax)
Email:  cory@coryfeinlaw.com

***NOTICE OF CONFIDENTIALITY***
The information in this email may be confidential and/or privileged. This email is intended to be reviewed by only the individual or organization named above. If you are not the intended recipient
or an authorized representative of the intended recipient, you are hereby notified that any review, dissemination or copying of this email and its attachments, if any, or the information contained
herein is prohibited. If you have received this email in error, please immediately notify the sender by return email and delete this email from your system.

[Quoted text hidden]

# EXHIBIT B



Department of State  /  Division of Corporations  /  Search Records  /  Detail By Document Number  /

# Detail by Entity Name

Florida Profit Corporation
ANGIE'S TRANSPORTATION, INC.

**Filing Information**

| | |
|---|---|
| **Document Number** | P03000082800 |
| **FEI/EIN Number** | 83-0372434 |
| **Date Filed** | 07/23/2003 |
| **State** | FL |
| **Status** | ACTIVE |

**Principal Address**

4118 LONGFELLOW DRIVE
PLANT CITY, FL 33566

Changed: 09/20/2007

**Mailing Address**

4118 LONGFELLOW DRIVE
PLANT CITY, FL 33566

Changed: 09/20/2007

**Registered Agent Name & Address**

NORTHRUP, ANGELA
4118 LONGFELLOW DRIVE
PLANT CITY, FL 33566

Address Changed: 09/20/2007

**Officer/Director Detail**
**Name & Address**

Title P

NORTHRUP, ANGELA
4118 LONGFELLOW DRIVE
PLANT CITY, FL 33566

Title VP

NORTHRUP, JOHN
4118 LONGFELLOW DRIVE
PLANT CITY, FL 33566

## Annual Reports

| Report Year | Filed Date |
|-------------|------------|
| 2015        | 02/02/2015 |
| 2016        | 03/01/2016 |
| 2017        | 01/30/2017 |

## Document Images

| | |
|---|---|
| 01/30/2017 -- ANNUAL REPORT | View image in PDF format |
| 03/01/2016 -- ANNUAL REPORT | View image in PDF format |
| 02/02/2015 -- ANNUAL REPORT | View image in PDF format |
| 02/03/2014 -- ANNUAL REPORT | View image in PDF format |
| 02/13/2013 -- ANNUAL REPORT | View image in PDF format |
| 02/19/2012 -- ANNUAL REPORT | View image in PDF format |
| 02/17/2011 -- ANNUAL REPORT | View image in PDF format |
| 02/25/2010 -- ANNUAL REPORT | View image in PDF format |
| 01/26/2009 -- ANNUAL REPORT | View image in PDF format |
| 01/18/2008 -- ANNUAL REPORT | View image in PDF format |
| 09/20/2007 -- ANNUAL REPORT | View image in PDF format |
| 03/28/2007 -- ANNUAL REPORT | View image in PDF format |
| 04/20/2006 -- ANNUAL REPORT | View image in PDF format |
| 01/20/2005 -- ANNUAL REPORT | View image in PDF format |
| 01/20/2004 -- ANNUAL REPORT | View image in PDF format |
| 07/23/2003 -- Domestic Profit | View image in PDF format |

Florida Department of State, Division of Corporations

# EXHIBIT C

DOT# 1186534    MC473860

## ANGIE S TRANSPORTATION INC

4118 LONGFELLOW DRIVE PLANT CITY FL 33566
(813) 748-9905

Get Company Report      Get Key Contacts      Apply for Driver Jobs (https://www.truckdrivingjobs.com/freight-connect)

Search for Jobs (https://www.truckdrivingjobs.com/freight-connect)

Public Listing for ANGIE S TRANSPORTATION INC



## The Industries Best Motor Carrier & Trucking Company Leads

- Get access to decision maker's names, emails, and phone numbers
- New DOT applicants added within 2 minutes of their application, interstate and intrastate
- Find companies by fleet size, location, policy renewals, new ventures
- Over 2.2 million records updated every 24 hours
- Export targeted lead lists

**The only service providing decision maker names and personal emails pre-authority, within 2 minutes of applying for authority.**



# Get Access to FreightConnect

To print information about ANGIE S TRANSPORTATION INC, you'll need to sign up for FreightConnect. We've made it easy for you to print this information with Carrier Compliance Certificates.

## Why You'll Love FreightConnect:

- You can monitor thousands of carrier's all at the same time
- Email alerts notify you when safety & compliance info changes
- Find fraudulent trucking companies
- Same easy to use interface on phones, tablets or computers

### How To Get Started

Go to www.freightconnect.com/sign-up and create your account.

Have Questions? Call us at 877-832-3035 M - F 7am to 5pm.

This page printed at FreightConnect (https://www.freightconnect.com/carrier/54199dc956e56a23f0655862).



(/)

A platform by Avagree (https://www.avagree.com)

Home (/)    What We Do (/what-we-do)    Industries (/industries)    Solutions (/solutions)    Load Board (/loads)    Search Trucking Companies (/search)

US Trucking Companies (/usa-trucking-companies)    New US Trucking Companies (/new-usa-trucking-companies)

Refrigerated Trucking Companies (/usa-refrigerated-trucking-companies)    Freight Broker Companies (/usa-freight-broker-companies)

Jobs (https://www.truckdrivingjobs.com/freight-connect)    Search Driving Jobs (/truck-driving-jobs)    Carrier Monitoring (/carrier-monitoring)

Motor Carrier Leads (/motor-carrier-leads)    Advertise (/advertise)    Terms of Service (/terms)    Privacy Policy (/privacy)    Refund Policy (/refunds)

About FreightConnect (/about)    Contact Us (/support)    Support (http://kb.freightconnect.com)

Copyright © 2018. All Rights Reserved.

# EXHIBIT D


(https://www.quicktransportsolutions.com/index.php)

| Custom Search | | Search |
|---|---|---|

Home (/index.php) / USA Trucking Companies (https://www.quicktransportsolutions.com/carrier/usa-trucking-companies.php)
/ Florida (https://www.quicktransportsolutions.com/carrier/florida/trucking-companies.php)
/ Plant City (https://www.quicktransportsolutions.com/carrier/florida/plant-city.php) / Angies Transportation Inc

# ANGIE'S TRANSPORTATION INC (Florida Transport Company)

## Company Overview

ANGIE'S TRANSPORTATION INC is an active carrier operating under USDOT Number 1186534 and MC Number 473860.

| | |
|---|---|
| **Total Trucks** | 1 |
| **Tractors Owned** | 1 |
| **Trailer Owned** | 1 |
| **Total Drivers** | 1 |
| **USDOT (UNIQUE IDENTIFIER FOR TRANSPORT COMPANIES OPERATING COMMERCIAL VEHICLES HAULING CARGO IN INTERSTATE COMMERCE REGISTERED WITH THE FMCSA)** | 1186534 |
| **MC NUMBER (MOTOR CARRIER NUMBER IDENTIFIES A CARRIER TRANSPORTING REGULATED COMMODITIES IN INTERSTATE COMMERCE)** | 473860 |
| **MCS-150 Mileage Year** | 0 |
| **MCS-150 Date** | 20160623 |
| **MCS-150 Mileage** | 1 |
| **Does ANGIE'S TRANSPORTATION INC transport Hazardous Material?** | No |
| **Carrier Operation (Interstate - Truck driver transports across State lines, or wholly within one State as part of a through movement that originates or terminates in another State. Intrastate - Truck driver transports wholly within one State.)** | Interstate |
| **ANGIE'S TRANSPORTATION INC in business since** | 2003-11-13 |

AD ⓘ ✕



Track Order

Track Packages right
from your new tab

📦 PackageINTransit

## Company Contact Info

**ANGIE'S TRANSPORTATION INC** 🏁

**4118 Longfellow Drive**
**Plant City, FL 33566**
📱 (Angies Transportation Inc◆ Phone) 813-748-9905 (tel:8137489905)
📠 (Angies Transportation Inc◆ Fax) 813-856-3529 (fax:8137489905)

## Cargo Hauled by ANGIE'S TRANSPORTATION INC

General Freight
Motor Vehicles
Mobile Homes

## Do you operate ANGIE'S TRANSPORTATION INC business?

QuickTSI will provide this website/profile as a **marketing platform for ANGIE'S TRANSPORTATION INC.** Let potential shippers learn more about ANGIE'S TRANSPORTATION INC. QuickTSI will publish ANGIE'S TRANSPORTATION INC. business information here.

Submit Information

AdChoices ⊗

# Track Your Package

### Enter Tracking Number Here.

packageintransit.com/



## ANGIE'S TRANSPORTATION INC Safety Measurement System Data

Last Updated Dec 2017

| | |
|---|---|
| Total Number of Inspections for the measurement period (24 months) | 2 |
| Total Number of Driver Inspections for the measurment period | 2 |
| Total Number of Driver Inspections containing at least one Driver Out-of-Service Violation | 0 |
| Total Number of Vehicle Inspections for the measurement period | 0 |
| Total Number of Vehicle Inspections containing at least one Vehicle Out-of-Service violation | 0 |
| **Angies Transportation Inc Unsafe Truck Driving Data** | |
| Number of inspections with at least one Unsafe Driving BASIC violation | 0 |
| Unsafe Driving BASIC Roadside Performance Measure Value | 0 |
| Unsafe Driving BASIC Acute/Critical Indicator (Yes = Acute/Critical from investigation within previous 12 months) | No |

AdChoices ⊗

| | |
|---|---|
| **Angies Transportation Inc Hours-of-Service (HOS) Data** | |
| Number of inspections with at least one Hours-of-Service BASIC violation | 0 |
| Hours-of-Service (HOS) Compliance BASIC Roadside Performance measure value | 0 |
| Hours-of-Service (HOS) Compliance BASIC Acute/Critical Indicator (Yes = Acute/Critical from investigation within previous 12 months) | No |
| **Angies Transportation Inc Truck Driver Fitness Data** | |
| Number of inspections with at least one Truck Driver Fitness BASIC violation | 0 |
| Truck Driver Fitness BASIC Roadside Performance measure value | 0 |
| Truck Driver Fitness BASIC Serious Violation Indicator (Yes = Acute/Critical from investigation within previous 12 months) | No |

▷ ×

| Angies Transportation Inc Controlled Substances and Alcohol Data | |
|---|---|
| Number of inspections with at least one Controlled Substances and Alcohol BASIC violation | 0 |
| Number of inspections with at least one Controlled Substances and Alcohol BASIC violation | 0 |
| Controlled Substances and Alcohol BASIC Acute/Critical Indicator (Yes = Acute/Critical from investigation within previous 12 months) | No |
| **Angies Transportation Inc Vehicle Maintenance Data** | |
| Number of inspections with at least one Vehicle Maintenance BASIC violation | 0 |
| Vehicle Maintenance BASIC Roadside Performance measure value | 0 |
| Vehicle Maintenance BASIC Acute/Critical Indicator (Yes = Acute/Critical from investigation within previous 12 months) | No |

## ANGIE'S TRANSPORTATION INC Insurance History

| Insurance Form | Insurance Type | Insurance Carrier | Policy/Surety | Coverage Amount From | Coverage Amount To | Effective Date From | Effective Date To |
|---|---|---|---|---|---|---|---|
| 91X | CARGO | Northland Insurance Company | TN402482 | $0 | $5,000* | 11/12/2003 | 12/13/2011 Cancelled |

* If a carrier is in compliance, the amount of coverage will always be shown as the required Federal minimum ($5,000 per vehicle, $10,000 per occurrence for cargo insurance and $75,000 for bond/trust fund). The carrier may actually have higher levels of coverage.';

## Angies Transportation Inc. Insurance Companies Information

**Northland Insurance Company**
385 WASHINGTON STREET MAIL CODE 103
ST. PAUL, MN
Fax:(651)310 - 4949

## Angies Transportation Inc Location on Google Map

| Add Your Trucking Company (https://www.quicktransportsolutions.com/truckingcompany/listing/carrierregister.php) |
| --- |
| Add Freight Broker Company (https://www.quicktransportsolutions.com/freightbrokers/postbroker.php) |
| Find Loads/Trucks (https://www.quicktransportsolutions.com/quickfreight/loadboard/truckloads/california.php) |
| Search Trucking Companies (https://www.quicktransportsolutions.com/quickfreight/loadboard/carrier-searchby-citystate.php) |
| Refrigerated Trucking Companies (https://www.quicktransportsolutions.com/refrigerated-trucking-companies/reefercities.php) |
| FMCSA Cerified Medical Examiners CDL Physical Exam Locations (https://www.quicktransportsolutions.com/certified-medical-examiners/national-registry.php) |
| Freight Factoring Companies (https://www.quicktransportsolutions.com/freight-factoring-companies.php) |
| Need Cash Now! Ready to grow your Business? (https://www.quicktransportsolutions.com/factoring/index.html) |
| Truck Driving Schools (https://www.quicktransportsolutions.com/truck-driving-training-schools/states.php) |
| Truck Stops (https://www.quicktransportsolutions.com/truckstops/truckstopstates.php) |
| Truck & Trailer Wash Locations (https://www.quicktransportsolutions.com/truck-trailer-wash-locations/ttw-states.php) |
| Daily Fuel Prices (https://www.quicktransportsolutions.com/gasprices.php) |
| Freight Forwarders (https://www.quicktransportsolutions.com/freightforwarder/states.php) |
| Process Agents (https://www.quicktransportsolutions.com/processagent/list-states.php) |
| Truck Service & Repair Companies (https://www.quicktransportsolutions.com/trucks/servicerepair/maintainence-states.php) |
| Cargo Insurance (https://www.quicktransportsolutions.com/truckcargoinsurance/companies.php) |
| Transport News (https://www.quicktransportsolutions.com/blogs/info.php) |
| Trucking Resources (https://www.quicktransportsolutions.com/resources.php) |
| Truck Driving and Computer Science Scholarships (https://www.quicktransportsolutions.com/truck-driving-computer-science-scholarships/) |
| Green Transport (https://www.quicktransportsolutions.com/logistics/greentransport.php) |
| Trucking Freight Glossary (https://www.quicktransportsolutions.com/trucking-freight-glossary.php) |
| A/R Collection Companies (https://www.quicktransportsolutions.com/accounts-receivable-debt-collection-companies.php) |
| Truck Decal Wrap Companies (https://www.quicktransportsolutions.com/truck-decal-companies.php) |

# EXHIBIT E

○ USDOT Number   ○ MC/MX Number   ○ Name

Enter Value: [ 1186534 ]

[ Search ]

# Company Snapshot
**ANGIE'S TRANSPORTATION INC**
USDOT Number: 1186534

**ID/Operations** | **Inspections/Crashes In US** | **Inspections/Crashes In Canada** | **Safety Rating**

| Other Information for this Carrier |
| --- |
| ▼ SMS Results |
| ▼ Licensing & Insurance |

**Carriers:** If you would like to update the following ID/Operations information, please complete and submit form MCS-150 which can be obtained online or from your State FMCSA office. If you would like to challenge the accuracy of your company's safety data, you can do so using FMCSA's DataQs system.

**Carrier and other users:** FMCSA provides the Company Safety Profile (CSP) to motor carriers and the general public interested in obtaining greater detail on a particular motor carrier's safety performance then what is captured in the Company Snapshot. To obtain a CSP please visit the CSP order page or call (800)832-5660 or (703)280-4001 (Fee Required).

For help on the explanation of individual data fields, click on any field name or for help of a general nature go to **SAFER General Help**.

**The information below reflects the content of the FMCSA management information systems as of 01/16/2018.**

| | | | |
| --- | --- | --- | --- |
| **Entity Type:** | CARRIER | | |
| **Operating Status:** | AUTHORIZED FOR Property | **Out of Service Date:** | None |
| **Legal Name:** | ANGIE'S TRANSPORTATION INC | | |
| **DBA Name:** | | | |
| **Physical Address:** | 4118 LONGFELLOW DRIVE PLANT CITY, FL  33566 | | |
| **Phone:** | (813) 748-9905 | | |
| **Mailing Address:** | 4118 LONGFELLOW DRIVE PLANT CITY, FL  33566 | | |
| **USDOT Number:** | 1186534 | **State Carrier ID Number:** | |
| **MC/MX/FF Number(s):** | MC-473860 | **DUNS Number:** | -- |
| **Power Units:** | 1 | **Drivers:** | 1 |
| **MCS-150 Form Date:** | 10/12/2017 | **MCS-150 Mileage (Year):** | 64,390 (2016) |

**Operation Classification:**

| | | |
| --- | --- | --- |
| X Auth. For Hire | Priv. Pass.(Non-business) | State Gov't |
| Exempt For Hire | Migrant | Local Gov't |
| Private(Property) | U.S. Mail | Indian Nation |
| Priv. Pass. (Business) | Fed. Gov't | |

**Carrier Operation:**

| | | |
| --- | --- | --- |
| Interstate | Intrastate Only (HM) | X Intrastate Only (Non-HM) |

**Cargo Carried:**

| | | |
| --- | --- | --- |
| X General Freight | Liquids/Gases | Chemicals |
| Household Goods | Intermodal Cont. | Commodities Dry Bulk |
| Metal: sheets, coils, rolls | Passengers | Refrigerated Food |
| X Motor Vehicles | Oilfield Equipment | Beverages |
| Drive/Tow away | Livestock | Paper Products |
| Logs, Poles, Beams, Lumber | Grain, Feed, Hay | Utilities |
| Building Materials | Coal/Coke | Agricultural/Farm Supplies |
| X Mobile Homes | Meat | Construction |
| Machinery, Large Objects | Garbage/Refuse | Water Well |
| Fresh Produce | US Mail | |

**ID/Operations** | Inspections/Crashes In US | **Inspections/Crashes In Canada** | **Safety Rating**

US Inspection results for 24 months prior to: **01/16/2018**

Total Inspections: 1
Total IEP Inspections: 0
**Note:** Total inspections may be less than the sum of vehicle, driver, and hazmat inspections. Go to Inspections Help for further information.

Inspections:

| Inspection Type | Vehicle | Driver | Hazmat | IEP |
|---|---|---|---|---|
| Inspections | 0 | 1 | 0 | 0 |
| Out of Service | 0 | 0 | 0 | 0 |
| Out of Service % | % | 0% | % | 0% |
| Nat'l Average % (2009- 2010) | 20.72% | 5.51% | 4.50% | N/A |

**Crashes reported to FMCSA by states for 24 months prior to: 01/16/2018**

**Note:** Crashes listed represent a motor carrier's involvement in reportable crashes, without any determination as to responsibility.

Crashes:

| Type | Fatal | Injury | Tow | Total |
|---|---|---|---|---|
| Crashes | 0 | 0 | 0 | 0 |

**ID/Operations** | **Inspections/Crashes In US** | Inspections/Crashes In Canada | **Safety Rating**

**Canadian Inspection results for 24 months prior to: 01/16/2018**

Total inspections: 0
**Note:** Total inspections may be less than the sum of vehicle and driver inspections. Go to Inspections Help for further information.

Inspections:

| Inspection Type | Vehicle | Driver |
|---|---|---|
| Inspections | 0 | 0 |
| Out of Service | 0 | 0 |
| Out of Service % | 0% | 0% |

**Crashes results for 24 months prior to: 01/16/2018**

**Note:** Crashes listed represent a motor carrier's involvement in reportable crashes, without any determination as to responsibility.

Crashes:

| Type | Fatal | Injury | Tow | Total |
|---|---|---|---|---|
| Crashes | 0 | 0 | 0 | 0 |

**ID/Operations** | **Inspections/Crashes In US** | **Inspections/Crashes In Canada** | Safety Rating

*The Federal safety rating does not necessarily reflect the safety of the carrier when operating in intrastate commerce.*

Carrier Safety Rating:

**The rating below is current as of: 01/16/2018**

**Review Information:**

| Rating Date: | None | Review Date: | None |
|---|---|---|---|
| Rating: | None | Type: | None |

SAFER Home | Feedback | Privacy Policy | USA.gov | Freedom of Information Act (FOIA) | Accessibility | OIG Hotline | Web Policies and Important Links | Plug-ins

Federal Motor Carrier Safety Administration
1200 New Jersey Avenue SE, Washington, DC 20590 • 1-800-832-5660 • TTY: 1-800-877-8339 • Field Office Contacts

# EXHIBIT F

5/17/2018                    Capital Alliance Mail - Status Report Filed - Fwd: Activity in Case 8:18-cv-00023-JLS-DFM John Northrup v. Capital Alliance Group Status…

Case 8:18-cv-00023-JLS-DFM   Document 20-2   Filed 05/24/18   Page 35 of 50   Page ID
                                              #:198



                                                                Narin Charan <narin@capitalalliance.com>

## Status Report Filed - Fwd: Activity in Case 8:18-cv-00023-JLS-DFM John Northrup v. Capital Alliance Group Status Report

15 messages

**Cory Fein** <cory@coryfeinlaw.com>                                    Fri, Mar 30, 2018 at 12:56 PM
To: Narin Charan <narin@capitalalliance.com>

    Attached is the Status Report I filed.

    Cory S. Fein
    Cory Fein Law Firm
    www.coryfeinlaw.com
    712 Main St., Suite 800
    Houston, TX  77002
    281.254.7717 (direct)
    530.748.0601 (fax)
    Email:  cory@coryfeinlaw.com

    ***NOTICE OF CONFIDENTIALITY***
    The information in this email may be confidential and/or privileged. This email is intended to be reviewed by only the individual or organization named above. If you are not the
    intended recipient or an authorized representative of the intended recipient, you are hereby notified that any review, dissemination or copying of this email and its attachments,
    if any, or the information contained herein is prohibited. If you have received this email in error, please immediately notify the sender by return email and delete this email from
    your system.

    Begin forwarded message:

    **From:** cacd_ecfmail@cacd.uscourts.gov
    **Subject: Activity in Case 8:18-cv-00023-JLS-DFM John Northrup v. Capital Alliance Group Status Report**
    **Date:** March 30, 2018 at 2:53:47 PM CDT
    **To:** ecfnef@cacd.uscourts.gov

    **This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail
    because the mail box is unattended.**
    **\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of
    record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed
    electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To
    avoid later charges, download a copy of each document during this first viewing. However, if the referenced
    document is a transcript, the free copy and 30 page limit do not apply.**

                         **UNITED STATES DISTRICT COURT**

                         **CENTRAL DISTRICT OF CALIFORNIA**

    ### Notice of Electronic Filing

    The following transaction was entered by Fein, Cory on 3/30/2018 at 12:53 PM PDT and filed on 3/30/2018
    **Case Name:**        John Northrup v. Capital Alliance Group
    **Case Number:**      8:18-cv-00023-JLS-DFM
    **Filer:**            John Northrup
    **Document Number:** 13

    **Docket Text:**
    **STATUS REPORT filed by Plaintiff John Northrup. (Fein, Cory)**

    **8:18-cv-00023-JLS-DFM Notice has been electronically mailed to:**

5/17/2018  Capital Alliance Group Status Report filed - Cory - Activity in Case 8:18-cv-00023-JLS-DFM John Northrup v. Capital Alliance Group Status…

Case 8:18-cv-00023-JLS-DFM  Document 22-2  Filed 03/24/18  Page 36 of 50  Page ID #:199

Cory Fein Fein  <cory@coryfeinlaw.com>, 9775396420@filings.docketbird.com, coryfein@yahoo.com

**8:18-cv-00023-JLS-DFM Notice has been delivered by First Class U. S. Mail or by other means BY THE FILER to :**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** C:\fakepath\Status Report.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=3/30/2018] [FileNumber=25281378-0
] [02258c5f8227d5e7bd8b27cdee83634004fc0225e25621f283af06dd9f2bd7c1fc9
3c8ea16e1607b90da1a335518e77d258bbf9f79f00c3d512b3c25f2325509]]

---

 **13 - Status Report.pdf**
88K

---

**Narin Charan** <narin@capitalalliance.com>                                    Fri, Mar 30, 2018 at 1:57 PM
To: Cory Fein <cory@coryfeinlaw.com>

Thank you.

On Fri, Mar 30, 2018 at 12:56 PM, Cory Fein <cory@coryfeinlaw.com> wrote:
Attached is the Status Report I filed.


Cory S. Fein
Cory Fein Law Firm
www.coryfeinlaw.com
712 Main St., Suite 800
Houston, TX  77002
281.254.7717 (direct)
530.748.0601 (fax)
Email:  cory@coryfeinlaw.com

***NOTICE OF CONFIDENTIALITY***
The information in this email may be confidential and/or privileged. This email is intended to be reviewed by only the individual or organization named above. If you are not
the intended recipient or an authorized representative of the intended recipient, you are hereby notified that any review, dissemination or copying of this email and its
attachments, if any, or the information contained herein is prohibited. If you have received this email in error, please immediately notify the sender by return email and
delete this email from your system.

Begin forwarded message:

**From:** cacd_ecfmail@cacd.uscourts.gov
**Subject: Activity in Case 8:18-cv-00023-JLS-DFM John Northrup v. Capital Alliance Group Status Report**
**Date:** March 30, 2018 at 2:53:47 PM CDT
**To:** ecfnef@cacd.uscourts.gov

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

5/17/2018     Capital Alliance Group Status Report filed - Fwd: Activity in Case 8:18-cv-00023-JLS-DFM John Northrup v. Capital Alliance Group Status…

Case 8:18-cv-00023-JLS-DFM Document 20-2 Filed 03/24/18 Page 37 of 50 Page ID #:200

## Notice of Electronic Filing

The following transaction was entered by Fein, Cory on 3/30/2018 at 12:53 PM PDT and filed on 3/30/2018

**Case Name:**     John Northrup v. Capital Alliance Group
**Case Number:**     8:18-cv-00023-JLS-DFM
**Filer:**     John Northrup
**Document Number:** 13

**Docket Text:**
**STATUS REPORT filed by Plaintiff John Northrup. (Fein, Cory)**

**8:18-cv-00023-JLS-DFM Notice has been electronically mailed to:**

Cory Fein Fein     cory@coryfeinlaw.com, 9775396420@filings.docketbird.com, coryfein@yahoo.com

**8:18-cv-00023-JLS-DFM Notice has been delivered by First Class U. S. Mail or by other means BY THE FILER to :**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**C:\fakepath\Status Report.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=3/30/2018] [FileNumber=25281378-0
] [02258c5f8227d5e7bd8b27cdee83634004fc0225e25621f283af06dd9f2bd7c1fc9
3c8ea16e1607b90da1a335518e77d258bbf9f79f00c3d512b3c25f2325509]]

--

Narin Charan | CEO
P:949.333.4995 - F:888-317-6751
www.capitalalliance.com




---

**Narin Charan** <narin@capitalalliance.com>        Wed, Apr 11, 2018 at 9:35 AM
To: Cory Fein <cory@coryfeinlaw.com>

How would you like to proceed?

Our position is that there was **no violation of the TCPA by Capital Alliance Group**:

Capital Alliance does not use an autodialer as defined by the TCPA (see attached Ferrer v Bayview, Marshall v CBE Group, Arora v Transworld Systems). All 7 calls were made by way of manual dial by human agents and can be proven with call logs and affidavits from the agents that placed the calls

The phone number allegedly called is a publicly listed under a business which clearly indicates the Plaintiff as the principal. Here is the FCC's position on business-to-business calls:

The FCC ruled that a wireless customer's voluntary release of his or her cell phone number for use by the caller is consent under the statute. (Rules and Regs. Implementing the Telephone Consumer Protection Act of 1991, 7 FCC Rcd. 8752, 8769)

The FCC has reaffirmed this position numerous times since then. (E.g., Rules and Regs. Implementing the Telephone Consumer Protection Act of 1991, 23 FCC Rcd. 559, 564 (2008) (decl. ruling on request of ACA Int'l).

When a wireless phone number has been advertised or otherwise published as a business number, then, the business should be deemed to have consented to receive calls at the number, absent instructions to the contrary. As the FCC has stated, "Congress did not expect the TCPA to be a barrier to normal, expected, and desired business communications." (GroupMe, Inc., 29 FCC Rcd. 3442, 3444 (2014) (decl. ruling)).

5/17/2018                    Capital Alliance Group Status Report Filed – Dyer Activity in Case 8:15-cv-00023-JLS-DFM John Northrup v. Capital Alliance Group Status…

Case 8:15-cv-00023-JLS-DFM   Document 29-2   Filed 05/24/18   Page 38 of 50   Page ID
                                                            #:201

One court recently stated that "distributing one's telephone number is an invitation to be called." (Pinkard v Wal-Mart Stores, Inc., No. 3:12-cv-02902-CLS, 2012 U.S. Dis. LEXIS 160938, at *14 (N.D. Ala. Nov. 9, 2012).

On the individual level, your absolute best case scenario is 7 violations at $500 each with no attorneys fees. You will have to retain an expert to prove that Capital Alliance utilizes an autodialer as defined by the TCPA. This is an uphill and costly battle for you with no real reward or return on your investment.

On the class level, you will have the fiduciary responsibility to support the class including notices. This will be a six-figure number. This is a very bad scenario for you with a guaranteed huge loss.

I am very well adept at the game that you and the Plaintiff play. Please save all parties the time of back-and-forth.

Your best economic play is to dismiss and move on. Any other play will ultimately be more costly for you.

[Quoted text hidden]

---

**3 attachments**

 **Arora_v_Transworld_Systems_Inc.pdf**
126K

 **Ferrer v Bayview Loan Servicing - Motion for Summary Judgment.pdf**
170K

 **Marshall_v._CBE_Group.pdf**
861K

---

**Cory Fein** <cory@coryfeinlaw.com>                                        Fri, Apr 13, 2018 at 12:49 PM
To: Narin Charan <narin@capitalalliance.com>

Narin -

You are incorrect on your interpretation of the TCPA. It does apply to calls to mobile phone numbers, even those used for business. And the definition of auto-dialer is more expansive than you think.

Also, I have no problem paying for class notice programs, and have done so in the past.

That said, I am willing to discuss settling this case on an individual basis for Mr. Northrup only.

Cory

Cory S. Fein
Cory Fein Law Firm
www.coryfeinlaw.com
712 Main St., Suite 800
Houston, TX  77002
281.254.7717 (direct)
530.748.0601 (fax)
Email:  cory@coryfeinlaw.com

***NOTICE OF CONFIDENTIALITY***

The information in this email may be confidential and/or privileged. This email is intended to be reviewed by only the individual or organization named above. If you are not the intended recipient or an authorized representative of the intended recipient, you are hereby notified that any review, dissemination or copying of this email and its attachments, if any, or the information contained herein is prohibited. If you have received this email in error, please immediately notify the sender by return email and delete this email from your system.

On Apr 11, 2018, at 11:35 AM, Narin Charan <narin@capitalalliance.com> wrote:

How would you like to proceed?

5/17/2018                     Capital Alliance Group Status Report filed Cloud Activity in Case 8:18-cv-00023-JLS-DFM John Northrup v. Capital Alliance Group Status…

Case 8:18-cv-00023-JLS-DFM Document 22-2 Filed 03/24/18 Page 39 of 50 Page ID
#:222

Our position is that there was **no violation of the TCPA by Capital Alliance Group**:

Capital Alliance does not use an autodialer as defined by the TCPA (see attached Ferrer v Bayview, Marshall v CBE Group, Arora v Transworld Systems). All 7 calls were made by way of manual dial by human agents and can be proven with call logs and affidavits from the agents that placed the calls

The phone number allegedly called is a publicly listed under a business which clearly indicates the Plaintiff as the principal. Here is the FCC's position on business-to-business calls:

> The FCC ruled that a wireless customer's voluntary release of his or her cell phone number for use by the caller is consent under the statute. (Rules and Regs. Implementing the Telephone Consumer Protection Act of 1991, 7 FCC Rcd. 8752, 8769)

> The FCC has reaffirmed this position numerous times since then. (E.g., Rules and Regs. Implementing the Telephone Consumer Protection Act of 1991, 23 FCC Rcd. 559, 564 (2008) (decl. ruling on request of ACA Int'l).

> When a wireless phone number has been advertised or otherwise published as a business number, then, the business should be deemed to have consented to receive calls at the number, absent instructions to the contrary. As the FCC has stated, "Congress did not expect the TCPA to be a barrier to normal, expected, and desired business communications." (GroupMe, Inc., 29 FCC Rcd. 3442, 3444 (2014) (decl. ruling)).

> One court recently stated that "distributing one's telephone number is an invitation to be called." (Pinkard v Wal-Mart Stores, Inc., No. 3:12-cv-02902-CLS, 2012 U.S. Dis. LEXIS 160938, at *14 (N.D. Ala. Nov. 9, 2012).

On the individual level, your absolute best case scenario is 7 violations at $500 each with <u>no attorneys fees</u>. You will have to retain an expert to prove that Capital Alliance utilizes an autodialer as defined by the TCPA. This is an uphill and costly battle for you with no real reward or return on your investment.

On the class level, you will have the fiduciary responsibility to support the class including notices. This will be a six-figure number. This is a very bad scenario for you with a guaranteed huge loss.

I am very well adept at the game that you and the Plaintiff play. Please save all parties the time of back-and-forth.

Your best economic play is to dismiss and move on. Any other play will ultimately be more costly for you.


On Fri, Mar 30, 2018 at 1:57 PM, Narin Charan <narin@capitalalliance.com> wrote:
  Thank you.

  On Fri, Mar 30, 2018 at 12:56 PM, Cory Fein <cory@coryfeinlaw.com> wrote:
    Attached is the Status Report I filed.



    Cory S. Fein
    Cory Fein Law Firm
    www.coryfeinlaw.com
    712 Main St., Suite 800
    Houston, TX  77002
    281.254.7717 (direct)
    530.748.0601 (fax)
    Email:  cory@coryfeinlaw.com

    ***NOTICE OF CONFIDENTIALITY***
    The information in this email may be confidential and/or privileged. This email is intended to be reviewed by only the individual or organization named above. If you are not the intended recipient or an authorized representative of the intended recipient, you are hereby notified that any review, dissemination or copying of this email and its attachments, if any, or the information contained herein is prohibited. If you have received this email in error, please immediately notify the sender by return email and delete this email from your system.

      Begin forwarded message:

      **From:** cacd_ecfmail@cacd.uscourts.gov
      **Subject: Activity in Case 8:18-cv-00023-JLS-DFM John Northrup v. Capital Alliance Group Status Report**
      **Date:** March 30, 2018 at 2:53:47 PM CDT

5/17/2018          Capital Alliance Group Status Report filed Fwd: Activity in Case 8:18-cv-00023-JLS-DFM John Northrup v. Capital Alliance Group Status…

Case 8:18-cv-00023-JLS-DFM   Document 20-2   Filed 03/24/18   Page 40 of 50   Page ID #:203

**To:** ecfnef@cacd.uscourts.gov

<span style="color:red">**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**</span>

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

<div align="center">

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

</div>

### Notice of Electronic Filing

The following transaction was entered by Fein, Cory on 3/30/2018 at 12:53 PM PDT and filed on 3/30/2018

**Case Name:**       John Northrup v. Capital Alliance Group
**Case Number:**     8:18-cv-00023-JLS-DFM
**Filer:**           John Northrup
**Document Number:** 13

**Docket Text:**
**STATUS REPORT filed by Plaintiff John Northrup. (Fein, Cory)**

**8:18-cv-00023-JLS-DFM Notice has been electronically mailed to:**

Cory Fein Fein     cory@coryfeinlaw.com,  9775396420@filings.docketbird.com,  coryfein@yahoo.com

**8:18-cv-00023-JLS-DFM Notice has been delivered by First Class U. S. Mail or by other means BY THE FILER to :**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** C:\fakepath\Status Report.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=3/30/2018] [FileNumber=25281378-0 ] [02258c5f8227d5e7bd8b27cdee83634004fc0225e25621f283af06dd9f2bd7c1fc9 3c8ea16e1607b90da1a335518e77d258bbf9f79f00c3d512b3c25f2325509]]

--

Narin Charan | CEO
P:949.333.4995 - F:888-317-6751
www.capitalalliance.com

   

--

Narin Charan | CEO
P:949.333.4995 - F:888-317-6751
www.capitalalliance.com

   

5/17/2018                    Capital Alliance Group Status Report Filed- Fixed Activity in Case 8:18-cv-00023-JLS-DFM John Northrup v. Capital Alliance Group Status…
Case 8:18-cv-00023-JLS-DFM   Document 20-2   Filed 03/24/18   Page 41 of 50   Page ID
#:204

&lt;Arora_v_Transworld_Systems_Inc.pdf&gt;&lt;Ferrer v Bayview Loan Servicing - Motion for Summary Judgment.pdf&gt;
&lt;Marshall_v._CBE_Group.pdf&gt;

---

**2 attachments**

 **TCPA Auto Dialer McMillion v. Rash Curtis & Assocs., 2018 U.S. Dist. LEXIS 17784.docx**
41K

 **TCPA applies to business cell phones - Warnick v. Dish Network LLC, 2014 U.S. Dist. LEXIS 138381.docx**
50K

---

**Cory Fein** &lt;cory@coryfeinlaw.com&gt;                                            Tue, Apr 17, 2018 at 7:02 AM
To: Narin Charan &lt;narin@capitalalliance.com&gt;

Narin-

Let me know if you want to discuss this. If I don't hear back from you, I will go forward and obtain a judgment based on your failure to
file a timely response to the suit.

Cory


Cory S. Fein
Cory Fein Law Firm
www.coryfeinlaw.com
712 Main St., Suite 800
Houston, TX  77002
281.254.7717 (direct)
530.748.0601 (fax)
Email:  cory@coryfeinlaw.com

***NOTICE OF CONFIDENTIALITY***
The information in this email may be confidential and/or privileged. This email is intended to be reviewed by only the individual or organization named above. If you are not the
intended recipient or an authorized representative of the intended recipient, you are hereby notified that any review, dissemination or copying of this email and its attachments,
if any, or the information contained herein is prohibited. If you have received this email in error, please immediately notify the sender by return email and delete this email from
your system.


[Quoted text hidden]
[Quoted text hidden]
&lt;TCPA Auto Dialer McMillion v. Rash Curtis & Assocs., 2018 U.S. Dist. LEXIS 17784.docx&gt;
&lt;TCPA applies to business cell phones - Warnick v. Dish Network LLC, 2014 U.S. Dist. LEXIS 138381.docx&gt;


Cory S. Fein
Cory Fein Law Firm
www.coryfeinlaw.com
712 Main St., Suite 800
Houston, TX  77002
281.254.7717 (direct)
530.748.0601 (fax)
Email:  cory@coryfeinlaw.com

***NOTICE OF CONFIDENTIALITY***
The information in this email may be confidential and/or privileged. This email is intended to be reviewed by only the individual or organization named above.
If you are not the intended recipient or an authorized representative of the intended recipient, you are hereby notified that any review, dissemination or
copying of this email and its attachments, if any, or the information contained herein is prohibited. If you have received this email in error, please immediately
notify the sender by return email and delete this email from your system.

[Quoted text hidden]
[Quoted text hidden]

<Arora_v_Transworld_Systems_Inc.pdf><Ferrer v Bayview Loan Servicing - Motion for Summary Judgment.pdf><Marshall_v._CBE_Group.pdf>

---

**Narin Charan** <narin@capitalalliance.com>        Tue, Apr 17, 2018 at 9:06 AM
To: Cory Fein <cory@coryfeinlaw.com>

Sure, the statute can be interpreted broadly.

But please explain how calls dialed manually from a human sales agent from a phone that has no capability to dial phone numbers randomly or sequentially falls under the statute?

I have already provided our phone system information. I also have each call recording in which you can hear our sales agent waiting through a series of rings for the Plaintiff to answer and reaches their voicemail.

Please see attached court order for more information regarding the statute and human intervention.

[Quoted text hidden]

---

 **McKennavWhisperText.pdf**
174K

---

**Cory Fein** <cory@coryfeinlaw.com>        Tue, Apr 17, 2018 at 10:20 AM
To: Narin Charan <narin@capitalalliance.com>

Narin -

I think you are misreading the opinion. Attached is a more recent opinion from the case, with an excerpt pasted below.
My client took no action to permit these unwanted calls. This is a critical difference between this case and the WhisperText case.

Regardless, you lost the opportunity to raise this defense by deliberately deciding not to answer the lawsuit.

If you're interested in discussing a settlement, let me know. If I don't hear from you by the end of this week, I will go forward with obtaining a default judgment.

Cory

However, McKenna's third amended complaint and opposition made it clear that "the Whisper App [could] send SMS invitations only at the user's affirmative direction to recipients selected by the user." 16 The court held that because WhisperText's equipment required human intervention, McKenna again failed to allege facts sufficient to show that WhisperText's equipment satisfied the statutory definition of an ATDS.17

As the court held in its previous order, McKenna's statements held that the **Whisper App sends text invitations only at the user's affirmative direction** foreclose any plausibility that WhisperText sends messages using an ATDS, without human intervention.33

Therefore, while this court accepts as plausible the allegations that WhisperText uses automated processes to harvest phone numbers from a Whisper App user's phone and upload them to a third-party platform, and that the platform uses automated processes to send invitational messages to those numbers, it is undeniable from McKenna's previous allegations that th**e human intervention of a Whisper App user** is necessary to set those processes in motion.36

Since the court's previous dismissal order, this district again has held that wh**ere an application sends SMS invitations only at the user's affirmative direction, the action taken is with human intervention, meaning that the equipment at issue is not an ATDS**. In Glauser v. GroupMe, Inc., the application GroupMe sent out invitational "Welcome Texts" to selected recipients **after obtaining their phone numbers through a GroupMe user's actions**.38 Like McKenna, Glauser argued that once the GroupMe user selected phone numbers for GroupMe to message, the "'entire process was automated,' and '[n]o human intervention was needed or involved.'"39 The court rejected this argument, finding "no basis for plaintiff's argument that the Welcome Texts were sent without human intervention."40

5/17/2018     Capital Alliance Group Status Report (Filed Dyer Activity in Case 8:18-cv-00023-JLS-DFM John Northrup v. Capital Alliance Group Status…

Case 8:18-cv-00023-JLS-DFM Document 20-2 Filed 03/24/18 Page 43 of 50 Page ID #:206

McKenna cites to Harnish v. Frankly Co.41 and Sterk v. Path, Inc.42 to support his argument that his claims regarding WhisperText's automated processes sufficiently allege a valid TCPA claim. But in Harnish the complaint did not allege any actions by the Frankly App's users, and alleged only the actions taken by Frankly Co.'s automated processes.43 And while Sterk held that user actions such as "clicking prompts to upload their phone contacts" were not human intervention, 44 "[i]n Sterk the Path system determined which number to call or text (from the user-

provided list of numbers), [and] when to call . . . . Here, the . . . user has control over each of these variables."45
45 Derby v. AOL, Inc., Case No. 15-cv-00452-RMW, 2015 WL 3477658, at *3 (N.D. Cal. June 1, 2015);

In Gragg v. Orange Cab Co., the court found that a computerized taxi dispatch system did not qualify as an ATDS. 995 F.Supp.2d 1189, 1189 (W.D.Wash.2014). After a passenger requested a taxi with the system, drivers could 'accept' the fare and agree to pick up the passenger. Once a driver accepted the fare, the system would compose and transmit a text message to the passenger informing him or her that the driver was on the way. Although the system composed and sent the text automatically, the court held that the system was not an ATDS because **the driver's input (pressing "accept") was required before the system could draft and send the message**. 'The system is able to dial and transmit the dispatch notification only after the driver has physically pressed 'accept': human intervention is essential.' Id. at 1194.

Cory S. Fein
Cory Fein Law Firm
www.coryfeinlaw.com
712 Main St., Suite 800
Houston, TX 77002
281.254.7717 (direct)
530.748.0601 (fax)
Email: cory@coryfeinlaw.com

***NOTICE OF CONFIDENTIALITY***
The information in this email may be confidential and/or privileged. This email is intended to be reviewed by only the individual or organization named above. If you are not the intended recipient or an authorized representative of the intended recipient, you are hereby notified that any review, dissemination or copying of this email and its attachments, if any, or the information contained herein is prohibited. If you have received this email in error, please immediately notify the sender by return email and delete this email from your system.

On Apr 17, 2018, at 11:06 AM, Narin Charan <narin@capitalalliance.com> wrote:

Sure, the statute can be interpreted broadly.

But please explain how calls dialed manually from a human sales agent from a phone that has no capability to dial phone numbers randomly or sequentially falls under the statute?

I have already provided our phone system information. I also have each call recording in which you can hear our sales agent waiting through a series of rings for the Plaintiff to answer and reaches their voicemail.

Please see attached court order for more information regarding the statute and human intervention.

On Tue, Apr 17, 2018 at 7:02 AM, Cory Fein <cory@coryfeinlaw.com> wrote:
Narin-

Let me know if you want to discuss this. If I don't hear back from you, I will go forward and obtain a judgment based on your failure to file a timely response to the suit.

Cory

Cory S. Fein
Cory Fein Law Firm
www.coryfeinlaw.com
712 Main St., Suite 800
Houston, TX 77002
281.254.7717 (direct)
530.748.0601 (fax)
Email: cory@coryfeinlaw.com

***NOTICE OF CONFIDENTIALITY***
The information in this email may be confidential and/or privileged. This email is intended to be reviewed by only the individual or organization named above. If you are not the intended recipient or an authorized representative of the intended recipient, you are hereby notified that any review, dissemination or copying of this email and its attachments, if any, or the information contained herein is prohibited. If you have received this email in error, please immediately notify the sender by return email and delete this email from your system.

On Apr 13, 2018, at 2:49 PM, Cory Fein <cory@coryfeinlaw.com> wrote:

Narin -

You are incorrect on your interpretation of the TCPA. It does apply to calls to mobile phone numbers, even those used for business. And the definition of auto-dialer is more expansive than you think.

Also, I have no problem paying for class notice programs, and have done so in the past.

That said, I am willing to discuss settling this case on an individual basis for Mr. Northrup only.

Cory

<TCPA Auto Dialer McMillion v. Rash Curtis & Assocs., 2018 U.S. Dist. LEXIS 17784.docx>
<TCPA applies to business cell phones - Warnick v. Dish Network LLC, 2014 U.S. Dist. LEXIS 138381.docx>

Cory S. Fein
Cory Fein Law Firm
www.coryfeinlaw.com
712 Main St., Suite 800
Houston, TX 77002
281.254.7717 (direct)
530.748.0601 (fax)
Email: cory@coryfeinlaw.com

***NOTICE OF CONFIDENTIALITY***
The information in this email may be confidential and/or privileged. This email is intended to be reviewed by only the individual or organization named above. If you are not the intended recipient or an authorized representative of the intended recipient, you are hereby notified that any review, dissemination or copying of this email and its attachments, if any, or the information contained herein is prohibited. If you have received this email in error, please immediately notify the sender by return email and delete this email from your system.

On Apr 11, 2018, at 11:35 AM, Narin Charan <narin@capitalalliance.com> wrote:

How would you like to proceed?

Our position is that there was no violation of the TCPA by Capital Alliance Group:

Capital Alliance does not use an autodialer as defined by the TCPA (see attached Ferrer v Bayview, Marshall v CBE Group, Arora v Transworld Systems). All 7 calls were made by way of manual dial by human agents and can be proven with call logs and affidavits from the agents that placed the calls

The phone number allegedly called is a publicly listed under a business which clearly indicates the Plaintiff as the principal. Here is the FCC's position on business-to-business calls:

The FCC ruled that a wireless customer's voluntary release of his or her cell phone number for use by the caller is consent under the statute. (Rules and Regs. Implementing the Telephone Consumer Protection Act of 1991, 7 FCC Rcd. 8752, 8769)

The FCC has reaffirmed this position numerous times since then. (E.g., Rules and Regs. Implementing the Telephone Consumer Protection Act of 1991, 23 FCC Rcd. 559, 564 (2008) (decl. ruling on request of ACA Int'l).

When a wireless phone number has been advertised or otherwise published as a business number, then, the business should be deemed to have consented to receive calls at the number, absent instructions to the contrary. As the FCC has stated, "Congress did not

5/17/2018                    Capital Alliance Group Status Report filed Cloud_Activity in Case 8:18-cv-00023-JLS-DFM John Northrup v. Capital Alliance Group Status…

Case 8:18-cv-00023-JLS-DFM Document 22-1 Filed 05/24/18 Page 45 of 50 Page ID
#:162

expect the TCPA to be a barrier to normal, expected, and desired business communications." (GroupMe, Inc., 29 FCC Rcd. 3442, 3444 (2014) (decl. ruling)).

One court recently stated that "distributing one's telephone number is an invitation to be called." (Pinkard v Wal-Mart Stores, Inc., No. 3:12-cv-02902-CLS, 2012 U.S. Dis. LEXIS 160938, at *14 (N.D. Ala. Nov. 9, 2012).

On the individual level, your absolute best case scenario is 7 violations at $500 each with no attorneys fees. You will have to retain an expert to prove that Capital Alliance utilizes an autodialer as defined by the TCPA. This is an uphill and costly battle for you with no real reward or return on your investment.

On the class level, you will have the fiduciary responsibility to support the class including notices. This will be a six-figure number. This is a very bad scenario for you with a guaranteed huge loss.

I am very well adept at the game that you and the Plaintiff play. Please save all parties the time of back-and-forth.

Your best economic play is to dismiss and move on. Any other play will ultimately be more costly for you.


On Fri, Mar 30, 2018 at 1:57 PM, Narin Charan <narin@capitalalliance.com> wrote:
Thank you.

On Fri, Mar 30, 2018 at 12:56 PM, Cory Fein <cory@coryfeinlaw.com> wrote:
Attached is the Status Report I filed.




Cory S. Fein
Cory Fein Law Firm
www.coryfeinlaw.com
712 Main St., Suite 800
Houston, TX  77002
281.254.7717 (direct)
530.748.0601 (fax)
Email:  cory@coryfeinlaw.com

***NOTICE OF CONFIDENTIALITY***
The information in this email may be confidential and/or privileged. This email is intended to be reviewed by only the individual or organization named above. If you are not the intended recipient or an authorized representative of the intended recipient, you are hereby notified that any review, dissemination or copying of this email and its attachments, if any, or the information contained herein is prohibited. If you have received this email in error, please immediately notify the sender by return email and delete this email from your system.


Begin forwarded message:

From: cacd_ecfmail@cacd.uscourts.gov
Subject: Activity in Case 8:18-cv-00023-JLS-DFM John Northrup v. Capital Alliance Group Status Report
Date: March 30, 2018 at 2:53:47 PM CDT
To: ecfnef@cacd.uscourts.gov

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

5/17/2018    Capital Alliance Group Status Report Filed Cloyd Activity in Case 8:18-cv-00023-JLS-DFM John Northrup v. Capital Alliance Group Status…

Case 8:18-cv-00023-JLS-DFM Document 22-2 Filed 03/24/18 Page 46 of 50 Page ID #:209

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

Notice of Electronic Filing

The following transaction was entered by Fein, Cory on 3/30/2018 at 12:53 PM
PDT and filed on 3/30/2018
Case Name:    John Northrup v. Capital Alliance Group
Case Number: 8:18-cv-00023-JLS-DFM
Filer:      John Northrup
Document Number: 13
Docket Text:
STATUS REPORT filed by Plaintiff John Northrup. (Fein, Cory)


8:18-cv-00023-JLS-DFM Notice has been electronically mailed to:

Cory Fein Fein     cory@coryfeinlaw.com, 977539
6420@filings.docketbird.com, coryfein@yahoo.com

8:18-cv-00023-JLS-DFM Notice has been delivered by First Class U. S.
Mail or by other means BY THE FILER to :
The following document(s) are associated with this transaction:

Document description:Main Document
Original filename:C:\fakepath\Status Report.pdf
Electronic document Stamp:
[STAMP cacdStamp_ID=1020290914 [Date=3/30/2018]
[FileNumber=25281378-0
] [02258c5f8227d5e7bd8b27cdee83634004fc0225e25621f283af06dd9f2b
d7c1fc9
3c8ea16e1607b90da1a335518e77d258bbf9f79f00c3d512b3c25f2325509]]


--
Narin Charan | CEO
P:949.333.4995 - F:888-317-6751
www.capitalalliance.com


--
Narin Charan | CEO
P:949.333.4995 - F:888-317-6751
www.capitalalliance.com


<Arora_v_Transworld_Systems_Inc.pdf><Ferrer v Bayview Loan Servicing - Motion for
Summary Judgment.pdf><Marshall_v._CBE_Group.pdf>


--
Narin Charan | CEO
P:949.333.4995 - F:888-317-6751


www.capitalalliance.com

&lt;McKennavWhisperText.pdf&gt;

---

📄 **WhisperText opinion.pdf**
230K

---

**Narin Charan** &lt;narin@capitalalliance.com&gt;　　　　　　　　　　　　　　Tue, Apr 17, 2018 at 10:57 AM
To: Cory Fein &lt;cory@coryfeinlaw.com&gt;

You brought up the interpretation of an Automated Telephone Dialing System.

I am pointing out the very important distinction of human intervention.

Please explain how even a broad definition of an Automated Telephone Dialing System covers a phone call manually dialed by a human agent by a phone system that has no capability to store or produce phone numbers?

"Regardless, you lost the opportunity to raise this defense by deliberately deciding not to answer the lawsuit."

This is not true. We have been in settlement talks as you have indicated to the court.

If we don't come to terms by the end of the week, of course I will file the response.

[Quoted text hidden]
[Quoted text hidden]

However, McKenna's third amended complaint and opposition made it clear that "the Whisper App [could] send SMS invitations only at the user's affirmative direction to recipients selected by the user." 16 The court held that because WhisperText's equipment required human intervention, McKenna again failed to allege facts sufficient to show that WhisperText's equipment satisfied the statutory definition of an ATDS.17

As the court held in its previous order, McKenna's statements that the **Whisper App sends text invitations only at the user's affirmative direction** foreclose any plausibility that WhisperText sends messages using an ATDS, without human intervention.33

Therefore, while this court accepts as plausible the allegations that WhisperText uses automated processes to harvest phone numbers from a Whisper App user's phone and upload them to a third-party platform, and that the platform uses automated processes to send invitational messages to those numbers, it is undeniable from McKenna's previous allegations that th**e human intervention of a Whisper App user** is necessary to set those processes in motion.36

Since the court's previous dismissal order, this district again has held that wh**ere an application sends SMS invitations only at the user's affirmative direction, the action taken is with human intervention, meaning that the equipment at issue is not an ATDS**. In Glauser v. GroupMe, Inc., the application GroupMe sent out invitational "Welcome Texts" to selected recipients **after obtaining their phone numbers through a GroupMe user's actions**.38 Like McKenna, Glauser argued that once the GroupMe user selected phone numbers for GroupMe to message, the "'entire process was automated,' and '[n]o human intervention was needed or involved.'"39 The court rejected this argument, finding "no basis for plaintiff's argument that the Welcome Texts were sent without human intervention."40

McKenna cites to Harnish v. Frankly Co.41 and Sterk v. Path, Inc.42 to support his argument that his claims regarding WhisperText's automated processes sufficiently allege a valid TCPA claim. But in Harnish the complaint did not allege any actions by the Frankly App's users, and alleged only the actions taken by Frankly Co.'s automated processes.43 And while Sterk held that user actions such as "clicking prompts to upload their phone contacts" were not human intervention, 44 "[i]n Sterk the Path system determined which number to call or text (from the user-
provided list of numbers), [and] when to call . . . . Here, the . . . user has control over each of these variables."45
45 Derby v. AOL, Inc., Case No. 15-cv-00452-RMW, 2015 WL 3477658, at *3 (N.D. Cal. June 1, 2015);

In Gragg v. Orange Cab Co., the court found that a computerized taxi dispatch system did not qualify as an ATDS. 995 F.Supp.2d 1189, 1189 (W.D.Wash.2014). After a passenger requested a taxi with the system, drivers could 'accept' the fare and agree to pick up the passenger. Once a driver accepted the fare, the system would compose and transmit a text message to the passenger informing him or her that the driver was on the way. Although the system composed and sent the text automatically, the court held that the system was not an ATDS because **the driver's input (pressing "accept") was required before the system could draft**

5/17/2018                          Capital Alliance Group Status Report ~ Filed Fraud Activity in Case 8:15-cv-00023-JLS-DFM John Northrup v. Capital Alliance Group Status…

Case 8:15-cv-00023-JLS-DFM   Document 20-2   Filed 03/24/18   Page 48 of 50   Page ID
#:211

**and send the message**. 'The system is able to dial and transmit a dispatch notification only after the driver has physically pressed 'accept': human intervention is essential.' Id. at 1194.

Cory S. Fein
Cory Fein Law Firm
www.coryfeinlaw.com
712 Main St., Suite 800
Houston, TX  77002
281.254.7717 (direct)
530.748.0601 (fax)
Email:  cory@coryfeinlaw.com

***NOTICE OF CONFIDENTIALITY***
The information in this email may be confidential and/or privileged. This email is intended to be reviewed by only the individual or organization named above. If you are not the intended recipient or an authorized representative of the intended recipient, you are hereby notified that any review, dissemination or copying of this email and its attachments, if any, or the information contained herein is prohibited. If you have received this email in error, please immediately notify the sender by return email and delete this email from your system.

[Quoted text hidden]

[Quoted text hidden]

[Quoted text hidden]
<Arora_v_Transworld_Systems_Inc.pdf><Ferrer v Bayview Loan Servicing - Motion for Summary Judgment.pdf><Marshall_v._CBE_Group.pdf>

--
Narin Charan | CEO
P:949.333.4995 - F:888-317-6751
www.capitalalliance.com

<McKennavWhisperText.pdf>

--
Narin Charan | CEO
P:949.333.4995 - F:888-317-6751
www.capitalalliance.com

   

---

**Cory Fein** <cory@coryfeinlaw.com>                                          Tue, Apr 17, 2018 at 11:06 AM
To: Narin Charan <narin@capitalalliance.com>

Your company uses a robocall system and there have been numerous complaints against you.
Yelp and BBB list them.
We will settle for $10k.
Otherwise, we will go forward with a default judgment.

5/17/2018                    Capital Alliance Group Status Report - Filed Fraud. Activity in Case 8:13-cv-00023-JLS-DFM John Northrup v. Capital Alliance Group Status…

Case 8:13-cv-00023-JLS-DFM   Document 262   Filed 03/24/18   Page 49 of 50   Page ID
#:212

Cory S. Fein
Cory Fein Law Firm
www.coryfeinlaw.com
712 Main St., Suite 800
Houston, TX  77002
281.254.7717 (direct)
530.748.0601 (fax)
Email:  cory@coryfeinlaw.com

***NOTICE OF CONFIDENTIALITY***
The information in this email may be confidential and/or privileged. This email is intended to be reviewed by only the individual or organization named above. If you are not the
intended recipient or an authorized representative of the intended recipient, you are hereby notified that any review, dissemination or copying of this email and its attachments,
if any, or the information contained herein is prohibited. If you have received this email in error, please immediately notify the sender by return email and delete this email from
your system.
[Quoted text hidden]

---

**Narin Charan** <narin@capitalalliance.com>                                Tue, Apr 17, 2018 at 11:15 AM
To: Cory Fein <cory@coryfeinlaw.com>

Why do you keep dodging the question?

Your response is a baseless accusation backed by anonymous, random people on the internet?

Come on man. You spent years in law school and passed several bar exams for this?
[Quoted text hidden]

---

**Cory Fein** <cory@coryfeinlaw.com>                                        Tue, Apr 17, 2018 at 12:57 PM
To: Narin Charan <narin@capitalalliance.com>

Narin-

I'm done discussing this. I will move forward with my default judgment on Monday if we don't have a settlement by then.


Cory S. Fein
Cory Fein Law Firm
www.coryfeinlaw.com
712 Main St., Suite 800
Houston, TX  77002
281.254.7717 (direct)
530.748.0601 (fax)
Email:  cory@coryfeinlaw.com

***NOTICE OF CONFIDENTIALITY***
The information in this email may be confidential and/or privileged. This email is intended to be reviewed by only the individual or organization named above. If you are not the
intended recipient or an authorized representative of the intended recipient, you are hereby notified that any review, dissemination or copying of this email and its attachments,
if any, or the information contained herein is prohibited. If you have received this email in error, please immediately notify the sender by return email and delete this email from
your system.
[Quoted text hidden]

---

**Narin Charan** <narin@capitalalliance.com>                                Tue, Apr 17, 2018 at 1:18 PM
To: Cory Fein <cory@coryfeinlaw.com>

Why are you running away?

You are clearly more interested in getting paid than uncovering the true merits of this claim.

This is evident by your reliance on technicalities and pattern of avoiding straightforward questions.

Your play is to leverage the cost and inconvenience of the legal process to force me into an outlandish settlement.

5/17/2018 Capital Alliance Group Status Report Filed - Fraud Activity in Case 8:18-cv-00023-JLS-DFM John Northrup ~ Capital Alliance Group Status…

Case 8:18-cv-00023-JLS-DFM Document 20-2 Filed 03/24/18 Page 50 of 50 Page ID #:213

I'm not an attorney, but this pretty much describes extortion:

https://criminal.findlaw.com/criminal-charges/extortion.html

Just be honest man. Not just with me, but with yourself.

[Quoted text hidden]

---

**Cory Fein** <cory@coryfeinlaw.com>　　　　　　　　　　　　　Tue, Apr 17, 2018 at 1:22 PM
To: Narin Charan <narin@capitalalliance.com>

I'm done discussing it.
There are consequences to failing to file a timely response to a lawsuit.


Cory S. Fein
Cory Fein Law Firm
www.coryfeinlaw.com
712 Main St., Suite 800
Houston, TX  77002
281.254.7717 (direct)
530.748.0601 (fax)
Email:  cory@coryfeinlaw.com

***NOTICE OF CONFIDENTIALITY***

The information in this email may be confidential and/or privileged. This email is intended to be reviewed by only the individual or organization named above. If you are not the intended recipient or an authorized representative of the intended recipient, you are hereby notified that any review, dissemination or copying of this email and its attachments, if any, or the information contained herein is prohibited. If you have received this email in error, please immediately notify the sender by return email and delete this email from your system.

[Quoted text hidden]

---

**Narin Charan** <narin@capitalalliance.com>　　　　　　　　　Tue, Apr 17, 2018 at 1:24 PM
To: Cory Fein <cory@coryfeinlaw.com>

You're a coward.
[Quoted text hidden]

---

**Narin Charan** <narin@capitalalliance.com>　　　　　　　　　Tue, Apr 17, 2018 at 1:26 PM
To: Cory Fein <cory@coryfeinlaw.com>

I will file the response and make it my mission that you and serial litigant John Northrup are exposed.
[Quoted text hidden]