THE RESTIS LAW FIRM, P.C.
William R. Restis, Esq. (SBN 246823)
william@restislaw.com
550 West C Street, Suite 1760
San Diego, California 92101
+1.619.270.8383
+1.619.752.1552

*Attorney for Defendant Capital Alliance Group*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION – SANTA ANA

| | |
|---|---|
| **JOHN NORTHRUP**, <br><br> Plaintiff, <br><br> v. <br><br><br> **CAPITAL ALLIANCE GROUP** <br><br><br><br> Defendant. | Case No.: 18-cv-23-JLS-DFM <br><br> **DECLARATION OF WILLIAM R. RESTIS IN SUPPORT OF:** <br><br> **(1) DEFENDANT'S MOTION FOR RELIEF OF DEFAULT and** <br><br> Date: Friday, July 6, 2018 <br> Time: 2:30 p.m. <br> Courtroom 10A <br><br> **(2) DEFENDANT'S OPPOSITION TO MOTION FOR DEFAULT JUDGMENT** <br><br> Date: Friday, June 15, 2018 <br> Time: 2:30 p.m. <br> Courtroom 10A <br><br> Honorable Josephine L. Staton |

I, William R. Restis, declare pursuant to 28 U.S.C. § 1746 as follows:

1.     I am an attorney duly licensed and entitled to practice law in California and before the United States District Court for the Central District of California.  I am the managing member of The Restis Law Firm, P.C., and attorney for defendant Capital Alliance Group ("Capital Alliance").  I have personal knowledge of the matters contained in this declaration, and if called upon to testify, I would and could competently do so as set forth herein.

2.     On May 14, 2018, I emailed counsel for Plaintiff Cory Fein as follows: "I am currently briefing an opposition to the motion for default. Since there is a strong policy of trying cases on the merits, the standard to have a default overturned is quite liberal. *See TCI Grp. Life Ins. Plan v. Knoebber, 244 F.3d 691, 696 (9th Cir. 2001)*. We believe the entry of default will likely be vacated, and want to avoid burdening the Court with briefing on this issue. Accordingly, Defendants propose a stipulated response deadline, with a briefing schedule for any responsive motions. To avoid prejudice to the Plaintiff, we can have a response to the Complaint on file by May 25, 2018, the date Defendants' response to the motion for default would otherwise be due. If this is acceptable, I can put together a vanilla stipulation for your review." A true and correct copy of my May 14th email to Mr. Fein, which I personally downloaded from my email server, is attached hereto as Exhibit A.

3.     On May 15, 2018, Mr. Fein responded to my May 14th email as follows: "I apologize but I cannot agree to drop my motion for default. I agree that Factor Number 7 favors your client, but the remainder of the factors favor my client." A true and correct copy of Mr. Fein's May 14th email to me, which I personally downloaded from my email server, is attached hereto as Exhibit B.

4.     Also on May 15, 2018, Mr. Fein emailed me with a confidential offer for an individual settlement with the Plaintiff. The contents of that communication are privileged and are therefore not attached hereto.

5.     A true and correct copy of Defendant's proposed answer to the Complaint is attached hereto as Exhibit C.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed in San Diego, California on May 24, 2018.

 /s/ William R. Restis

William R. Restis, Esq.

# EXHIBIT A



**William Restis <william@restislaw.com>**

---

## Northrup v Capital Alliance

**William Restis** <william@restislaw.com>                                      Mon, May 14, 2018 at 7:01 PM
To: Cory Fein <cory@coryfeinlaw.com>

Cory,

I hope this finds you well. I am currently briefing an opposition to the motion for default. Since there is a strong policy of trying cases on the merits, the standard to have a default overturned is quite liberal. *See TCI Grp. Life Ins. Plan v. Knoebber, 244 F.3d 691, 696 (9th Cir. 2001).* We believe the entry of default will likely be vacated, and want to avoid burdening the Court with briefing on this issue.

Accordingly, Defendants propose a stipulated response deadline, with a briefing schedule for any responsive motions. To avoid prejudice to the Plaintiff, we can have a response to the Complaint on file by May 25, 2018, the date Defendants' response to the motion for default would otherwise be due.

If this is acceptable, I can put together a vanilla stipulation for your review.

Best,

Bill

William R. Restis

## The Restis Law Firm, P.C.
550 West C Street, Suite 1760
San Diego, CA 92101
Dir:   +1.619.270.8388
Fax:   +1.619.752.1552



restislaw.com

On Tue, May 1, 2018 at 7:58 AM, Cory Fein <cory@coryfeinlaw.com> wrote:
[Quoted text hidden]

Cory S. Fein
Cory Fein Law Firm
www.coryfeinlaw.com
712 Main St., Suite 800
Houston, TX  77002
281.254.7717 (direct)
530.748.0601 (fax)
Email:  cory@coryfeinlaw.com

***NOTICE OF CONFIDENTIALITY***
The information in this email may be confidential and/or privileged. This email is intended to be reviewed by only the individual or organization named above. If you are not the intended recipient or an authorized representative of the intended recipient, you are hereby notified that any review, dissemination or copying of this email and its attachments, if any, or the information contained herein is prohibited. If you have received this email in error, please immediately notify the sender by return email and delete this email from your system.

# EXHIBIT B



**William Restis <william@restislaw.com>**

---

## Northrup v Capital Alliance

**Cory Fein** <cory@coryfeinlaw.com>                                    Tue, May 15, 2018 at 6:37 AM
To: William Restis <william@restislaw.com>

Bill-

I apologize but I cannot agree to drop my motion for default.

I agree that Factor Number 7 favors your client, but the remainder of the factors favor my client.

Regards,

Cory

Cory S. Fein
Cory Fein Law Firm
www.coryfeinlaw.com
712 Main St., Suite 800
Houston, TX  77002
281.254.7717 (direct)
530.748.0601 (fax)
Email:  cory@coryfeinlaw.com

***NOTICE OF CONFIDENTIALITY***
The information in this email may be confidential and/or privileged. This email is intended to be reviewed by only the individual or organization named above. If you are not the intended recipient or an authorized representative of the intended recipient, you are hereby notified that any review, dissemination or copying of this email and its attachments, if any, or the information contained herein is prohibited. If you have received this email in error, please immediately notify the sender by return email and delete this email from your system.
[Quoted text hidden]

# EXHIBIT C

THE RESTIS LAW FIRM, P.C.
William R. Restis, Esq. (SBN 246823)
550 West C Street, Suite 1760
San Diego, California 92101
+1.619.270.8383
+1.619.752.1552
william@restislaw.com

*Attorney for Defendant Capital Alliance Group*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION – SANTA ANA

| | |
|---|---|
| **JOHN NORTHRUP**, | Case No.: 18-cv-23-JLS-DFM |
| Plaintiff, | **DEFENDANT'S ANSWER TO CLASS ACTION COMPLAINT** |
| v. | |
| **CAPITAL ALLIANCE GROUP** | Honorable Josephine L. Staton |
| Defendant. | |

## DEFENDANT'S ANSWER TO COMPLAINT

Defendant Capital Alliance Group ("Defendant" or "Capital Alliance"), by and through its undersigned attorney, for its Answer to the Complaint filed on January 1, 2018 (Dkt No. 1) by Plaintiff John Northrup, now respectfully answers, alleges and follows as set forth below. Defendant expressly denies any allegations which it does not expressly admit or qualify below.

Paragraph No. 1: Plaintiff John Northrup was at all times mentioned herein a citizen and resident of Plant City, Hillsborough County, Florida.

**ANSWER**: In response to the allegations of paragraph 1, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of this paragraph, and on that basis denies those allegations.

Paragraph No. 2: Defendant, Capital Alliance Group is a company incorporated in California, with its principal place of business and headquarters at 1950 E. 17th , 3rd. Fl., #300, Santa Ana, Orange County, California, 92705. Its registered agent for service is Business Filings Incorporated, 818 W. 7th St., Ste. 930, Los Angeles, CA 90017.

**ANSWER**: In response to the allegations of paragraph 2, Defendant admits it is a California Corporation with its principal place of business and headquarters at 1950 East 17th Street, Suite 300, Santa Ana, Orange County, California 92705. Defendant further admits that its agent for service of process is Business Filings Incorporated.

Paragraph No. 3: This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 in that this action arises under a United States federal statute, specifically the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"). The TCPA specifically authorizes this Court to exercise jurisdiction. Jurisdiction is also proper under 28 U.S.C. § 1332(d)(2) because Plaintiff seeks up to $1,500 in damages for each robocall in violation of the TCPA, which, when aggregated among a proposed class number of more than five thousand, exceeds the $5,000,000 threshold for federal court jurisdiction. Further, Plaintiff alleges a national class, which will result in at least one class member

belonging to a different state than that of Defendant, providing jurisdiction under 28 U.S.C. Section 1332(d)(2)(A).

**ANSWER**: The allegations of paragraph 3 addressing subject matter jurisdiction state legal conclusions to which no response is necessary. To the extent a response is deemed to be required, Defendant admits Plaintiff invokes this Court's jurisdiction pursuant to 28 U.S.C. § 1331 and 1332, and 47 U.S.C. § 227, but deny that there is any class, that the class is diverse, or that damages exist at all or exceed $5,000,000.

Paragraph No. 4: This Court has personal jurisdiction over Defendant because Defendant is headquartered in Orange County, California, which is in this district, and placed the phone calls at issue from this District.

**ANSWER**: In response to the allegations of paragraph 4, Defendant admits this Court has personal jurisdiction over Defendant, and denies all remaining allegations of paragraph 4.

Paragraph No. 5: Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and/or (b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this District, in that the robocalls at issue were placed in this District.

**ANSWER**: In response to the allegations of paragraph 5, Defendant admits venue is proper in this District, and denies all remaining allegations of paragraph 5.

Paragraph No. 6: Plaintiff brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Capital Alliance Group ("Capital Alliance", or "Defendant"), in negligently, and/or willfully contacting Plaintiff through "robocalls" (calls for nonemergency purposes using an automatic telephone-dialing system without prior express consent), in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

3

**ANSWER**: In response to the allegations of paragraph 6, Defendant, admits only that Plaintiff purports to bring this action under the TCPA.  Defendant  denies it violated the TCPA, denies it violated Plaintiff's privacy, and denies all remaining allegations of paragraph 6.

Paragraph No. 7: Defendant markets loans to consumers.

**ANSWER**: In response to the allegations of paragraph 7, Defendant admits that it markets loans to businesses only, and denies all remaining allegations of paragraph 7.

Paragraph No. 8: Defendant made the deliberate decision to engage in bulk marketing by using an automatic telephone-dialing system to place robocalls to potential customers.

**ANSWER**: In response to the allegations of paragraph 8, Defendant denies.

Paragraph No. 9: Unlike standard advertising methods, bulk advertising by use of  robocalls cost recipients money, because cell phone users typically pay for their cell phone service

**ANSWER**: In response to the allegations of paragraph 9, Defendant denies.

Paragraph No. 10: Over the course of an extended period beginning  no later than 2017, Defendant and its agents directed the mass communication of robocalls to the cell of persons they hoped were potential customers of Defendant's services.

**ANSWER**: In response to the allegations of paragraph 10, Defendant denies.

Paragraph No. 11: On or about December 14, 2017,  Plaintiff received an unsolicited robocall from (949) 565-4371, to his wireless phone in Florida. The call was sent to his wireless phone number with area code 813 (the area code for Tampa, Florida and surrounding areas). It stated that the call was  from Capital Alliance and was soliciting lending services.

**ANSWER**: In response to the allegations of paragraph 11, Defendant denies.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Paragraph No. 12: Plaintiff received four additional calls from Defendant on December 14, 2017, three additional calls on December 15, 2017, and an additional call on December 29, 2017.

ANSWER: In response to the allegations of paragraph 12, Defendant denies.

Paragraph No. 13: Plaintiff provided no consent to receive these calls, which were made by Defendant in an effort to promote the sale of its lending services.

ANSWER: In response to the allegations of paragraph 13, Defendant denies.

Paragraph No. 14: The unsolicited phone calls were placed to Plaintiff's cellular telephone via an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227(a)(1).

ANSWER: In response to the allegations of paragraph 14, Defendant denies.

Paragraph No. 15: "The term 'unsolicited advertisement' means any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227 (a)(5).

ANSWER: The allegations of paragraph 15 state legal conclusions to which no response is necessary. To the extent a response is deemed to be required, Defendant admits that 47 U.S.C. § 227(a)(5) (2018) so states.

Paragraph No. 16: "The term 'telephone solicitation' means the initiation of a . . . message for the purpose of encouraging the purchase . . . of . . . services, which is transmitted to any person, but such term does not include a call or message (A) to any person with that person's prior express invitation or permission, (B) to any person with whom the caller has an established business relationship, or (C) by a tax exempt nonprofit organization." 47 U.S.C. § 227 (a)(4).

ANSWER: The allegations of paragraph 16 state legal conclusions to which no response is necessary. To the extent a response is deemed to be required, Defendant admits that 47 U.S.C. § 227(a)(4) (2018) so states.

**Paragraph No. 17**: The telephone numbers to which the Defendant, or its agents, placed the robocalls were assigned to cellular telephone services pursuant to 47 U.S.C. § 227(b)(1)(A)(iii).

**ANSWER**: In response to the allegations of paragraph 17, Defendant denies.

**Paragraph No. 18**: These telephone calls were not for emergency purposes as defined by 47 U.S.C. § 227 8(b)(1)(A)(i).

**ANSWER**: In response to the allegations of paragraph 18, Defendant admits only that any telephone calls Defendant makes are not for emergency purposes.

**Paragraph No. 19**: Plaintiff did not provide Defendant or its agents prior express consent to receive unsolicited robocalls pursuant to 47 U.S.C. § 227 (b)(1)(B).

**ANSWER**: In response to the allegations of paragraph 19, Defendant denies.

**Paragraph No. 20**: The call by Defendant or its agents therefore violated 47 U.S.C. § 227(b)(1).

**ANSWER**: In response to the allegations of paragraph 20, Defendant denies.

**Paragraph No. 21**: Plaintiff, John Northrup, has standing to bring these claims because Defendant's violation of the TCPA resulted in a concrete and particularized injury to him in the form of invasion of privacy, an unwanted and unauthorized call received by his cell phone, which caused wasted time addressing an unwanted call, unwarranted distraction from his work activities (including driving large trucks, and loading and unloading products), aggravation and distress, unavailability of his cell phone when it was receiving the unauthorized call, depletion of his cell phone's battery and the resulting cost to recharge the phone, and potential financial loss in the form of increased charges from his cell phone carrier.

**ANSWER**: In response to the allegations of paragraph 21, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of this paragraph and therefore denies those allegations.

Paragraph No. 22: Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated ("the Class").

**ANSWER**: In response to the allegations of paragraph 22, Defendant admits only that Plaintiff purports to bring this action as a class action. Defendant denies that a class is certifiable, or that Plaintiff is similarly situated with any other person.

Paragraph No. 23: Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

**ANSWER**: In response to the allegations of paragraph 23, Defendant denies.

Paragraph No. 24: The Class members are so numerous that individual joinder of all members is impractical.

**ANSWER**: In response to the allegations of paragraph 24, Defendant denies.

Paragraph No. 25: Plaintiff's claims are typical of those of the Class and are based on the same legal and factual theories.

**ANSWER**: In response to the allegations of paragraph 25, Defendant denies.

Paragraph No. 26: Plaintiff and his counsel will fairly and adequately represent and protect the interests of the Class. Plaintiff has been subject to the same unlawful acts as the rest of the Class members and is ready, willing and able to serve as a Class representative. Moreover, Plaintiff's counsel are experienced in handling complex litigation, and have extensive class action experience and a long track record of successful prosecution of class action cases. Neither Plaintiff nor his counsel has any interest that might cause them not to vigorously pursue this action.

**ANSWER**: In response to the allegations of paragraph 26, Defendant denies that Plaintiff and his counsel will adequately represent and protect the interests of the Class because they have abandoned class claims in judicial admissions before this Court and by repeatedly seeking to negotiate an individual settlement, and denies all remaining allegations of paragraph 26.

<u>Paragraph No. 27</u>: L.R. 23-2.1. Plaintiff contends that this suit is properly maintainable as a class action under Federal Rules 23(b)(3) and/or 23(b)(2).

**ANSWER**: In response to the allegations of paragraph 27, Defendant denies.

<u>Paragraph No. 28</u>: L.R. 23-2.2 (a). The definition of the proposed class is: All persons within the United States who received an unsolicited call from Defendant, or an agent of Defendant, on a paging service, cellular phone service, or other service, through the use of any automatic telephone dialing system as set forth in 47 U.S.C. Section 227(B)(1)(A)(3) or artificial or prerecorded voice, which call was not made for emergency purposes or with the recipients' prior express consent, within the four years prior to the filing of this Complaint. Plaintiff represents, and is a member of the Class. Defendant and its employees or agents are excluded from the Class.

**ANSWER**: In response to the allegations of paragraph 28, Defendant denies that Plaintiff's proposed class definition sufficiently definite or that putative class members are identifiable or ascertainable, or that Plaintiff has standing to represent such a class, and denies all remaining allegations of paragraph 28.

<u>Paragraph No. 29</u>: The members of the Class are capable of being readily ascertained from the information and records in the possession or control of Defendant or Defendant's agents.

**ANSWER**: In response to the allegations of paragraph 29, Defendant denies.

<u>Paragraph No. 30</u>: L.R. 23-2.2 (b). Plaintiff does not know the number of members in the Class, but believes the Class members number in the thousands, if not more. In Plaintiff's experience, companies that market via robocalls engage in large mass marketing programs to thousands of people whose cell phone numbers are collected and aggregated into marketing lists without the consent of the cell phone owners.

**ANSWER**: In response to the allegations of paragraph 30, Defendant denies.

<u>Paragraph No. 31</u>: Additionally, there are many people who have posted on Yelp that they have been similarly subject to robocalls from Capital Alliance.

8

**ANSWER**: In response to the allegations of paragraph 31, Defendant admits only that Defendant has many positive reviews on Yelp, and denies the remaining allegations of paragraph 31.

Paragraph No. 32: On 12/13/2017, Peedy W. posted on Yelp: "Completely intrusive and harassing techniques they engage in. Repeated solicitations even though I have told them to stop."

**ANSWER**: In response to the allegations of paragraph 32, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of this paragraph and therefore denies those allegations.

Paragraph No. 33: On 8/31/2017, Steve Z. posted on Yelp: "predatory. won't stop calling me after asking to be removed. lied to me about how they got my info."

**ANSWER**: In response to the allegations of paragraph 33, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of this paragraph and therefore denies those allegations.

Paragraph No. 34: On 3/31/2017, Chris B. posted on Yelp: "Spammer! Robo calling non-stop."

**ANSWER**: In response to the allegations of paragraph 34, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of this paragraph and therefore denies those allegations.

Paragraph No. 35: On 2/17/2016, Lisa H. posted on Yelp: "Company continues to harass me and leave messages after I told them to put me on the no call list. . . . Horrible business tactic to get numbers of people that have nothing to do with business at all and bombard them with calls like this."

**ANSWER**: In response to the allegations of paragraph 35, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of this paragraph and therefore denies those allegations.

<u>Paragraph No. 36</u>: Similar complaints can be found on Better Business Bureau, on 2/5/2016, 2/2/2017, 9/26/2017, 11/8/2017, and 11/16/2017.

**ANSWER**: In response to the allegations of paragraph 36, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of this paragraph and therefore denies those allegations.

<u>Paragraph No. 37</u>: Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

**ANSWER**: In response to the allegations of paragraph 37, Defendant denies.

<u>Paragraph No. 38</u>: Plaintiff and members of the Class were harmed by the acts of Defendant in at least the particularized and concrete ways set forth above.

**ANSWER**: In response to the allegations of paragraph 38, Defendant denies.

<u>Paragraph No. 39</u>: This suit seeks only statutory damages and injunctive relief on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto.

**ANSWER**: The allegations of paragraph 39 state legal conclusions to which no response is necessary. To the extent a response is deemed to be required, Defendant denies that this Plaintiff or any other person is entitled to statutory damages or injunctive relief as demanded by Plaintiff's complaint.

<u>Paragraph No. 40</u>: The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court.

**ANSWER**: In response to the allegations of paragraph 40, Defendant denies.

<u>Paragraph No. 41</u>: There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented.

**ANSWER**: In response to the allegations of paragraph 41, Defendant denies.

<u>Paragraph No. 42</u>: L.R. 23-2.2 (c). Plaintiff and his counsel will fairly and adequately represent the interests of the Class in that Plaintiff has no interests antagonistic

to any member of the Class and Plaintiff has retained counsel experienced in handling class action claims of this nature who is willing and able to pursue this case on behalf of the class.

**ANSWER**: In response to the allegations of paragraph 42, Defendant denies that Plaintiff and his counsel will adequately represent and protect the interests of the Class because they have abandoned class claims in judicial admissions before this Court and by repeatedly seeking to negotiate an individual settlement, and denies all remaining allegations of paragraph 42.

Paragraph No. 43: L.R. 23-2.2 (d). There is commonality of questions of law and fact, and the issues common to the Class predominate over questions which may affect individual Class members. The common issues include the following: (a) Whether, within the four years prior to the filing of this Complaint, Defendant or its agents placed robocalls to cell phones for purposes of soliciting new customers without the recipients' prior express consent; (b) What systems and methodologies were used to collect the cell phone numbers, and send the robocalls at issue in this case; (c) Whether the systems used to place the robocalls constituted automatic telephone dialing systems under the TCPA; (d) Whether Defendant's violation of the TCPA was willful or knowing, such that the award should be increased up to three times pursuant to 47 USC §227(b)(3)(c); and (e) Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

**ANSWER**:  The allegations of paragraph 43 state legal conclusions to which no response is necessary. To the extent a response is deemed to be required, Defendant denies that common questions predominate.

Paragraph No. 44: L.R. 23-2.2 (e). There is typicality of the claims of Plaintiff as the class representative.  As a person who received at least one unsolicited robocall without his prior express consent,  Plaintiff is asserting claims that are typical of the Class.

**ANSWER**: In response to the allegations of paragraph 44, Defendant denies.

Paragraph No. 45: Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the

Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct.

**ANSWER**: In response to the allegations of paragraph 45, Defendant denies.

Paragraph No. 46: L.R. 23-2.2 (f). Because of the size of the individual Class member's claims, few, if any, Class members could afford to individually seek legal redress for the wrongs complained of herein.

**ANSWER**: In response to the allegations of paragraph 46, Defendant denies.

Paragraph No. 47: A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal law.

**ANSWER**: In response to the allegations of paragraph 47, Defendant denies.

Paragraph No. 48: The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of the TCPA are minimal.  Management of these claims is likely to present significantly fewer difficulties than those presented in many individual claims.

**ANSWER**: In response to the allegations of paragraph 48, Defendant denies.

Paragraph No. 49: Certification of a Class under Fed. R. Civ. P. 23(b)(3) is appropriate in that Plaintiff and the Class members seek liquidated statutory monetary damages, the common questions (listed above) predominate over any individual questions, and a class action is superior for the fair and efficient adjudication of this controversy. A class action will cause an orderly and expeditious administration of the Class members' claims and economies of time, effort and expense will be fostered and uniformity of decisions will be ensured. Moreover, the individual Class members are unlikely to be aware of their rights and not in a position (either through experience or financially) to commence individual litigation against Defendant.

**ANSWER**: In response to the allegations of paragraph 49, Defendant denies.

Paragraph No. 50: Alternatively, certification of a class is appropriate under Fed. R. Civ. P. 23(b)(1), in that inconsistent or varying adjudications with respect to individual members of the Class would establish incompatible standards of conduct for Defendant or adjudications with respect to individual members of the Class as a practical matter would be dispositive of the interests of the other members not parties to the adjudications or would substantially impair or impede their ability to protect their interests.

**ANSWER**: In response to the allegations of paragraph 50, Defendant denies.

Paragraph No. 51: Alternatively, certification of a class is appropriate under Fed. R. Civ. P. 23(b)(2) because the parties opposing the Class have acted or refused to act on grounds generally applicable to the Class, thereby making final injunctive relief appropriate respecting the Class as a whole.

**ANSWER**: In response to the allegations of paragraph 51, Defendant denies.

Paragraph No. 52: L.R. 23-2.2 (g). The notice to the proposed class, if certified under Rule 23(b)(3), would be the best practicable under the circumstances. It is contemplated that notice would be by first class mail to those class members whose addressed can be identified, to be supplemented by publication notice if necessary.

**ANSWER**: In response to the allegations of paragraph 52, Defendant denies.

Paragraph No. 53: L.R. 23-3. Because discovery is required to adequately develop the record for class certification, and Plaintiff cannot begin discovery immediately, Plaintiff hereby moves for an extension of the 90-day deadline set forth by Local Rule 23-3. The Ninth Circuit has recognized that this deadline is not realistic.

> We note that the schedule contemplated by Central District of California Local Rule 23-3, when considered alongside federal rules regarding status conferences and the timing of discovery, is quite unrealistic in light of recent case law regarding the need to establish a sufficient factual record at the class certification stage. *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011); see also Barbara J. Rothstein & Thomas E. Willging, Federal Judicial Center, Managing Class Action Litigation: A Pocket Guide for Judges 9 (3d ed. 2010)

(noting that local rules calling for specific time limits on class certification should be ignored as inconsistent with federal rules and obsolete).

*Balser v. Hain Celestial Grp., Inc.*, 640 F. App'x 694, 696 (9th Cir. 2016).

**ANSWER**: The allegations of paragraph 53 state legal conclusions to which no response is necessary. To the extent a response is deemed to be required, Defendant denies that Local Rule 23-3 is unrealistic.

Paragraph No. 54: Defendant violated the TCPA, 47 U.S.C. § 227, by making unlawful robocalls to Plaintiff and the rest of the class members.

**ANSWER**: In response to the allegations of paragraph 54, Defendant denies.

Paragraph No. 55: On or about December 14, 2017, Plaintiff received an unsolicited robocall from (949) 565-4371, to his wireless phone in Florida. The call was sent to his wireless phone number with area code 813 (the area code for Tampa, Florida and surrounding areas). It stated that the call was from Capital Alliance and was soliciting lending services.

**ANSWER**: In response to the allegations of paragraph 55, Defendant denies.

Paragraph No. 56: Plaintiff received four additional calls from Defendant on December 14, 2017, three additional calls on December 15, 2017, and an additional call on December 29, 2017.

**ANSWER**: In response to the allegations of paragraph 56, Defendant denies.

Paragraph No. 57: Plaintiff provided no consent to receive these calls, which were sent by Defendant in an effort to promote the sale of its lending services.

**ANSWER**: In response to the allegations of paragraph 57, Defendant denies.

Paragraph No. 58: The unsolicited phone call was placed to Plaintiff's cellular telephone via an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227(a)(1).

**ANSWER**: In response to the allegations of paragraph 58, Defendant denies.

Paragraph No. 59: "The term 'unsolicited advertisement' means any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227 (a)(5).

**ANSWER**: The allegations of paragraph 59 state legal conclusions to which no response is necessary. To the extent a response is deemed to be required, Defendant admits that 47 U.S.C. § 227(a)(5) (2018) so states.

Paragraph No. 60: "The term 'telephone solicitation' means the initiation of a . . . message for the purpose of encouraging the purchase . . . of . . . services, which is transmitted to any person, but such term does not include a call or message (A) to any person with that person's prior express invitation or permission, (B) to any person with whom the caller has an established business relationship, or (C) by a tax exempt nonprofit organization." 47 U.S.C. § 227 (a)(4).

**ANSWER**: The allegations of paragraph 60 state legal conclusions to which no response is necessary. To the extent a response is deemed to be required, Defendant admits that 47 U.S.C. § 227(a)(4) (2018) so states.

Paragraph No. 61: The telephone numbers to which the Defendant, or its agents, placed the robocalls were assigned to cellular telephone services pursuant to 47 U.S.C. § 227(b)(1)(A)(iii).

**ANSWER**: In response to the allegations of paragraph 61, Defendant denies.

Paragraph No. 62: These robocalls were not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

**ANSWER**: In response to the allegations of paragraph 62, Defendant admits only that any telephone calls Defendant makes are not for emergency purposes.

Paragraph No. 63: Plaintiff did not provide Defendant or its agents with prior express consent to receive unsolicited robocalls pursuant to 47 U.S.C. § 227 (b)(1)(B).

**ANSWER**: In response to the allegations of paragraph 63, Defendant denies.

<u>Paragraph No. 64</u>: The robocalls by Defendant or its agents therefore violated 47 U.S.C. § 227(b)(1).

**ANSWER**: In response to the allegations of paragraph 64, Defendant denies.

<u>Paragraph No. 65</u>: Each such robocall was made using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, or a system that otherwise qualified as an automatic telephone dialing system under the TCPA. By using such equipment, Defendant was able to effectively place thousands of robocalls to thousands of wireless phone numbers of consumers without human intervention. These calls were made without the prior express consent of the Plaintiff and the other members of the Class to receive such calls.

**ANSWER**: In response to the allegations of paragraph 65, Defendant denies.

<u>Paragraph No. 66</u>: The foregoing acts and omissions of Defendant and its agents violated the TCPA, 47 U.S.C. § 227 *et seq.*

**ANSWER**: In response to the allegations of paragraph 66, Defendant denies.

<u>Paragraph No. 67</u>: As a result of Defendant's, and Defendant's agents', violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and the Class are entitled to an award of $500.00 each in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

**ANSWER**: In response to the allegations of paragraph 67, Defendant denies.

<u>Paragraph No. 68</u>: Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**ANSWER**: In response to the allegations of paragraph 68, Defendant denies.

<u>Paragraph No. 69</u>: Upon information and belief, Defendant's violations of the TCPA were willful and/or knowing. Accordingly, should the Court find that the violation was willful rather than negligent, Plaintiff and the Class are entitled to have their awards increased to an amount not more than three times the $500 liquidated damages amount, or $1,500.00 per violation, pursuant to 47 U.S.C. § 227(b)(3)(B and C).

**ANSWER**: In response to the allegations of paragraph 69, Defendant denies.

<u>Prayer</u>: WHEREFORE, Plaintiff respectfully requests the Court grant Plaintiff and the Class members the following relief against Defendant: (a) As a result of Defendant's, and Defendant's agents', violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $500.00 in statutory damages, per violation, pursuant to 47 U.S.C. § 227(b)(3)(B). (b) Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future. (c) As a result of Defendant's, and Defendant's agents', willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member increased damages, as provided by statute, up to $1,500.00 per violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).d. Plaintiff seeks extension of the 90-day deadline to move for class certification set by L.R. 23-3. e. Plaintiff seeks any other relief the Court may deem just and proper.

**ANSWER**: Regarding Plaintiff's prayer for relief, Defendant denies the Plaintiff is entitled to any relief whatsoever against Defendant, individually or as a member or representative of a class.

### FIRST DEFENSE

Defendants states the Plaintiff's Complaint fails to state a claim upon which relief may be granted and should therefore be dismissed pursuant to Rule 12(b) of the Federal Rules of Civil Procedure.

### SECOND DEFENSE

The Complaint is barred, in whole or in part, to the extent the Plaintiff provided "prior express consent" to Defendants, or any of them. *See* 47 U.S.C. § 227(b)(1)(A).

### THIRD DEFENSE

The Complaint is barred, in whole or in part, to the extent the Plaintiff publicly listed his cellular phone number as the phone number for a business.

### FOURTH DEFENSE

Defendant acted in good faith and specifically denies it engaged in a willful and knowing violation of the TCPA toward Plaintiff.

**FIFTH DEFENSE**

Any violation of the TCPA was unintentional and resulted from a bona fide error notwithstanding the reasonable practices and procedures established and implemented by Defendant, to effectively prevent communications in violation of the TCPA. *See* 47 U.S.C. § 227(c)(5).

**SIXTH DEFENSE**

Plaintiff's claims are barred in whole or in part because Plaintiff was not the intended recipient of the telephone calls and/or was not the sole subscriber to the telephone number.

**SEVENTH DEFENSE**

Plaintiff's claims are barred in whole or in part because Defendant did not use an "automatic telephone dialing system" or "prerecording messaging system" to contact Plaintiff.

**EIGHTH DEFENSE**

Plaintiff's claims may be subject to a pre-dispute binding arbitration agreement. 9 U.S.C. § 1, et seq.

**NINTH DEFENSE**

The Complaint is barred, in whole or in part, by the conduct, actions and inactions of Plaintiff, which amount to and constitute estoppel, wavier, laches, unclean hands, and other equitable doctrines as a bar to the claims of the Plaintiff.

**TENTH DEFENSE**

Plaintiff's claims are barred in whole or in part because Plaintiff has not suffered actual damages and has failed to mitigate damages, if any.

**ELEVENTH DEFENSE**

Plaintiff is not entitled to attorneys' fees.

### TWELFTH DEFENSE

If Plaintiff suffered or sustained any loss, injury or damage, the same was directly and proximately caused and contributed to by the intervening acts of others and not by Defendant.

### THIRTEENTH DEFENSE

Plaintiff's claims are barred in whole or in part to the extent Plaintiff was not charged for any calls made Defendant. *See* 47 U.S.C. § 227(b)(1)(A)(iii).

### FOURTEENTH DEFENSE

Plaintiff's claims are barred because Plaintiff consented to, ratified, or acquiesced in all of the alleged acts of which they complain.

### FIFTEENTH DEFENSE

The imposition of liability and/or statutory damages under the TCPA, as sought in the Complaint, would violate provisions of the United States Constitution, including the Due Process Clause and prohibition of excessive fines and punishment.

### SIXTEENTH DEFENSE

The interpretations of the TCPA, upon which the Complaint is based, are unconstitutionally vague and overbroad, and thus violate provisions of the United States Constitution, including the Due Process Clause.

### SEVENTEENTH DEFENSE

The interpretations of the TCPA upon which the Complaint is based, are based on arbitrary and capricious actions taken by the Federal Communications Commission. *See ACA Int'l v. FCC*, 885 F.3d 687, 701-04 (D.C. Cir. 2018).

### EIGHTEENTH DEFENSE

Plaintiff has failed to specify all of the provisions of the TCPA and regulations which he contends were violated. To the extent the Plaintiff relies on a provision of the TCPA or regulations that does not provide for a private right of action, Defendant asserts as a defense the lack of a private right of action for such alleged violations.

**NINTEENTH DEFENSE**

Defendant incorporates herein by reference all provisions set forth within 47 U.S.C. § 227 and 47 C.F.R. § 64.1200 (including prior versions of this statute and regulation) and relies herein on any safe harbor provisions, exemptions, exceptions, limitations, conditions, or other defenses that may be set forth therein.

**TWENTYETH DEFENSE**

Defendants, and each of them, state that, following completion of discovery and investigation into this matter, additional defenses may become available. Defendants, and each of them, reserve the right to assert additional defenses, counterclaims, and claims for set-off that may be discovered in the course of these proceedings. Defendants, and each of them, further reserve the right to assert additional defenses, counterclaims, and claims for set-off.

WHEREFORE, having fully responded to the Complaint of the Plaintiff, Defendant, denies the Plaintiff is entitled to any of the relief requested in the Complaint, and prays that the Complaint be dismissed in its entirely, with prejudice. Defendant further prays that a judgment be entered in its favor and for such other relief as the Court deems just and appropriate.

Respectfully submitted,

DATED: May 25, 2018                    THE RESTIS LAW FIRM, P.C.

_____
William R. Restis, Esq.
550 West C Street, Suite 1760
San Diego, CA 92101
Tel: +1.619.270.8383
Email: william@restislaw.com

20