Beth E. Terrell, CSB #178181
Email: bterrell@tmdwlaw.com
Michael D. Daudt, CSB #161575
Email:  mdaudt@tmdwlaw.com
Mary B. Reiten, CSB #203412
Email:  mreiten@tmdwlaw.com
Whitney B. Stark, CSB #234863
Email:  wstark@tmdwlaw.com
TERRELL MARSHALL DAUDT
  & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
Telephone:  (206) 816-6603
Facsimile:  (206) 358-3528

[Additional counsel appear on signature page]

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEE, DENNING, INC., d/b/a PRACTICE PERFORMANCE GROUP; and GREGORY CHICK, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> CAPITAL ALLIANCE GROUP; and NARIN CHARANVATTANAKIT, <br><br> Defendants. | NO. 3:13-cv-02654-BAS-WVG <br><br> **SUPPLEMENTAL DECLARATION OF MARY B. REITEN IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** <br><br> Complaint Filed:  11/5/13 <br><br> Honorable Cynthia Bashant <br><br> DATE:          October 20, 2014 <br> TIME:          10:30 a.m. <br> COURTROOM: 4B, 4th Fl. Schwartz <br><br> **NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT** |

SUPPLEMENTAL DECLARATION OF
MARY B. REITEN IN SUPPORT OF
PLAINTIFFS' MOTION FOR CLASS
CERTIFICATION

I, Mary B. Reiten, declare as follows:

1.      I am a member of Terrell, Marshall, Daudt & Willie PLLC, and counsel for Plaintiffs in the above-captioned case. I am a member of the State Bar of California in good standing and have been admitted to practice before this Court. I make this declaration based on my personal knowledge and in support of Plaintiffs' Motion for Class Certification. If called to testify as to the contents of this declaration, I could and would competently do so.

2.      The following is a chart setting forth Defendants' challenges to various facts Plaintiffs set forth in their motion and the evidence indicating the challenge is meritless.

| PAGE | DEFENDANTS' CHALLENGE | EVIDENCE REFUTING DEFENDANTS' CHALLENGE |
|---|---|---|
| 3:5–8 | Narin does not match investors with small businesses seeking loan as alleged by Plaintiffs. | Reiten Decl., Ex. 1 (Narin Dep.) at 14:3–9 |
| 3:9–12 | No support for assertion that Capital Alliance "funds loans quickly, sometimes within a week of receiving an application." | Reiten Decl., Ex. 3 (Duncan Dep.) at 51:10–15<br><br>(Plaintiffs' memorandum incorrectly refers to Exhibit 1 rather than Exhibit 3) |

SUPPLEMENTAL DECLARATION OF
MARY B. REITEN IN SUPPORT OF
PLAINTIFFS' MOTION FOR CLASS
CERTIFICATION
- 2 -                    3:13-cv-02654-BAS-WVG

| PAGE | DEFENDANTS' CHALLENGE | EVIDENCE REFUTING DEFENDANTS' CHALLENGE |
|---|---|---|
| 3:13–16 | No support for contention that "the loans are generally unsecured and collect interest at rates higher than typical credit card interest of 12% to 14%." | Reiten Decl., Ex. 3 (Duncan Dep.) at 51:16–25 <br><br> (Plaintiffs' memorandum incorrectly refers to Exhibit 1 rather than Exhibit 3) |
| 3:13–16 | "Defendants object to plaintiffs' assertion that 'Defendants employ 47 sales people, all of whom primarily field inbound phone calls from prospective buyers. Plaintiffs' motion cites the deposition of Narin at 21:15–25 but testimony by Narin does not support this contention." | Reiten Decl., Ex. 3 (Duncan Dep.) at 51:15–25 <br><br> (Plaintiffs' memorandum incorrectly refers to Exhibit 1 rather than Exhibit 3) |
| 3:25–26 | Plaintiffs fail to produce evidence that Absolutefax.com has violated the TCPA, or that there is any connection between Absolutefax.com and the produced faxes at all. | Day Decl., Ex. 3 (indicating Absolute Fax "blast faxes" to its own database of numbers) <br><br> Reiten Decl., Ex. 1 (Narin Dep.) at 38:6–15 (testifying Absolute Fax is the only vendor Defendants retained to generate leads) <br><br> Longfelder Decl. ¶ 7 (Capital Alliance representative answered phone when Longfelder called number on fax) |

SUPPLEMENTAL DECLARATION OF
MARY B. REITEN IN SUPPORT OF
PLAINTIFFS' MOTION FOR CLASS
CERTIFICATION

3:13-cv-02654-BAS-WVG

| PAGE | DEFENDANTS' CHALLENGE | EVIDENCE REFUTING DEFENDANTS' CHALLENGE |
|------|----------------------|----------------------------------------|
| | | Snavely Decl. ¶ 7 (Capital Alliance representative answered phone when Snavely called number on fax) |
| 4:1–3 | Capital Alliance did not pay AbsoluteFax.com to send facsimiles to any person, for any reason. (cites discovery responses at 6:19–25). | Reiten Decl., Ex. 6 (Absolute Fax exclusively engages in fax marketing) |
| 4:4–9 | Capital Alliance does not engage in mass telemarketing or use "robocalling campaigns." | Reiten Decl., Ex. 1 (Narin Dep.) at 30:10–31:23 |
| 4:10–12 | Defendants did not pay Message Communications for leads generated through "robocalling campaigns" as alleged within the motion. Defendants' responses to discovery make no reference to "robocalling campaigns." | Reiten Decl., Ex. 1 (Narin Dep.) at 30:10–31:23. |
| 4:13–15 | Defendant Narin is not heavily involved in Capital Alliance's alleged "junk fax and telemarketing activities" because Capital Alliance does not engage in "junk fax" activities. | Reiten Decl., Ex. 1 (Narin Dep.) at 38:6–15. |

SUPPLEMENTAL DECLARATION OF
MARY B. REITEN IN SUPPORT OF
PLAINTIFFS' MOTION FOR CLASS
CERTIFICATION
3:13-cv-02654-BAS-WVG

| PAGE | DEFENDANTS' CHALLENGE | EVIDENCE REFUTING DEFENDANTS' CHALLENGE |
|---|---|---|
| 4:19–25 | Narin is not the person at CA who "knows the details regarding Capital Alliance's junk fax and telemarketing efforts" because there are no junk fax efforts at Capital Alliance. Deposition testimony of Operations Manager, Christina Duncan, does not support Plaintiffs' contention. | Reiten Decl., Ex. 3 (Duncan Dep.) at 19:2–20:1 |
| 4:23–25 | Nor does Capital Alliance use automatic dialing machines for "robocalling" to generate business. No evidence that Narin personally places order for "robocalling" with Message Communications. | Reiten Decl., Ex. 1 (Narin Dep.) at 30:10–31:17 |
| 5:3–8 | Plaintiffs provide no evidence or facts establishing that Narin acted as an individual regarding his communications with Absolute Fax or Message Communications. Further, there is no evidence that Narin knew or could of known that the third party vendors were violating the TCPA, assuming violations occurred, a contention which defendants dispute. | Reiten Decl., Ex. 1 (Narin Dep.) at 12:19 – 20:3, 29:1–9, 28:21 – 31:25, 32:14 – 34:4, 38:6 – 39:6, 40:16–20, 43:13 – 44:15 Reiten Decl., Ex. 3 (Duncan Dep.) at 19:2–11, 20:2–5 |

| PAGE | DEFENDANTS' CHALLENGE | EVIDENCE REFUTING DEFENDANTS' CHALLENGE |
|---|---|---|
| 5:12–14 | Narin did not personally consult with Message Communications regarding its TCPA compliance. Plaintiffs cite to the Narin Deposition at 32:14–34:4. Testimony provided by Narin at this citation provides no support or basis for this contention. | Reiten Decl., Ex. 1 (Narin Dep.) at 32:14 – 34:4 |
| 5:15–20 | Defendants admit they had no established relationship with Plaintiffs. Defendants do not admit a lack of business relationship with the proposed class members because they have not been identified. Also Plaintiffs provide no evidence that the third party vendors did not have established business relationships with the proposed class members. | Reiten Decl., Ex. 5 (Discovery Responses)<br>Supp. Reiten Decl., Ex. 15 |
| 6:2–4 | Attorney Reiten provides a declaration asserting that Capital Alliance uses aliases to "disguise" the sending of faxes. Notably, the declaration is not supported by evidence or facts. | Hoover Decl. ¶¶ 6–8<br>*See generally* Supp. Hoover Decl.<br>Supp. Reiten Decl., Ex. 14 |
| 6:5–11 | No evidence linking Carol Minto to Capital Alliance. | Minto Decl., Ex. 2<br>Strauss Decl. ¶ 2<br>(Mr. Strauss called 800-592-7435, the number listed on Ms. Minto's fax. A Capital Alliance representative answered) |

| PAGE | DEFENDANTS' CHALLENGE | EVIDENCE REFUTING DEFENDANTS' CHALLENGE |
|---|---|---|
| 6:12–15 | No evidence linking Clyde Griffey to Capital Alliance. | Griffey Decl., Ex. 1 <br> Supp. Hoover Decl. ¶ 4 |
| 6:16–19 | No evidence linking Dan Kaufman to Capital Alliance. | Kaufman Decl., Ex. 7 <br> Strauss Decl. ¶ 3 |
| 6:20–22 | No evidence linking David Doud to Capital Alliance. | Doud Decl., Ex. 6 <br> Strauss Decl. ¶ 2 |
| 6:23–26 | No evidence linking George Mitchell to Capital Alliance. | Mitchell Decl., Ex. 2 <br> Strauss Decl. ¶ 4 |
| 9:5–8 | Capital Alliance settled a claim by the Indiana Attorney General in 2013. The settlement was not in the amount of $40,000 and the terms were supposed to be confidential. | Supp. Reiten Decl., Ex. 16 (Ex. 4 to Narin's deposition) |
| 9:9–18 | There is no evidence that the faxes involved in the Indiana claim were sent by Absolutefax.com or caused to be sent by Capital Alliance. Capital Alliance did not continue to send faxes in violation of the TCPA after the Indiana settlement and there is no evidence of such conduct. Plaintiffs rely upon the testimony of Capital Alliance employee, Christina Duncan, for the contention that Capital Alliance continues to send 'junk faxes'. However, taken in context, Mrs. Duncan testified that Capital Alliance currently uses faxes 'to obtain | Reiten Decl., Ex. 3 (Duncan Dep.) at 19:2–20:16, 38:5–39:23; Ex. 7 |

SUPPLEMENTAL DECLARATION OF
MARY B. REITEN IN SUPPORT OF
PLAINTIFFS' MOTION FOR CLASS
CERTIFICATION
3:13-cv-02654-BAS-WVG

| PAGE | DEFENDANTS' CHALLENGE | EVIDENCE REFUTING DEFENDANTS' CHALLENGE |
|------|----------------------|----------------------------------------|
|      | customers'.  Mrs. Duncan did not testify that junk faxes are sent, much less mass faxes through third party vendors.  In fact Capital Alliance like most businesses uses faxes to communicate in a lawful manner with customers.  This is the true context of Mrs. Duncan's testimony. |  |

3.     I ran a "Google search" of the email address associated with Joe Starky, clayforreal@google.com.  The search indicated that this email address is associated with the company Bank Capital Direct, which is one of the companies that the Indiana Attorney General sued in 2013.  Attached hereto as Exhibit 14 is a true and correct copy of a screen shot of the results of my search, which was downloaded on September 26, 2014.

4.     Attached hereto as Exhibit 15 is a true and correct copy of the complete Interrogatories Propounded to Defendant Capital Alliance Group, dated April 8, 2014 and answers to those interrogatories.

5.     Attached hereto as Exhibit 16 is a true and correct copy of the Consent Decree filed in the Indiana action, dated August 22, 2013 and Exhibit 4 to the Narin deposition.

6.     Attached hereto as Exhibit 17 is a true and correct copy of excerpts from deposition of Gregory Chick, dated June 25, 2014.

7.     My firm has commenced efforts to send a subpoena duces tecum to Absolute Fax, which is located in London, England.  My firm anticipates retaining a local attorney in London to assist with this process.

SUPPLEMENTAL DECLARATION OF
MARY B. REITEN IN SUPPORT OF
PLAINTIFFS' MOTION FOR CLASS
CERTIFICATION

1         I declare under penalty of perjury under the laws of the State of California

2    and the United States of America that the foregoing is true and correct.

3         Executed this 26th day of September, 2014 at Seattle, Washington.

4

5                 /s/ Mary B. Reiten, CSB #203142

6                 Mary B. Reiten, CSB #203142

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                SUPPLEMENTAL DECLARATION OF
                MARY B. REITEN IN SUPPORT OF
                PLAINTIFFS' MOTION FOR CLASS
                CERTIFICATION
- 9 -                3:13-cv-02654-BAS-WVG

CERTIFICATE OF SERVICE

I, Beth E. Terrell, hereby certify that on September 26, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> Timothy Q. Day, CSB #188732
> Email: tday@homan-stone.com
> HOMAN & STONE
> 12 North Fifth Street
> Redlands, California 92373
> Telephone: (909) 307-9380
> Facsimile: (909) 793-0210

> *Attorneys for Defendants*

DATED this 26th day of September, 2014.

> TERRELL MARSHALL DAUDT
> & WILLIE PLLC

> By: /s/ Beth E. Terrell, CSB #178181
> Beth E. Terrell, CSB #178181
> Email: bterrell@tmdwlaw.com
> 936 North 34th Street, Suite 300
> Seattle, Washington 98103-8869
> Telephone: (206) 816-6603
> Facsimile: (206) 350-3528

> *Attorneys for Plaintiffs*

SUPPLEMENTAL DECLARATION OF
MARY B. REITEN IN SUPPORT OF
PLAINTIFFS' MOTION FOR CLASS
CERTIFICATION
- 10 -                    3:13-cv-02654-BAS-WVG

## INDEX TO EXHIBITS

Exhibit 14                    Page 12

Exhibit 15                    Page 14

Exhibit 16                    Page 40

Exhibit 17                    Page 47

SUPPLEMENTAL DECLARATION OF
MARY B. REITEN IN SUPPORT OF
PLAINTIFFS' MOTION FOR CLASS
CERTIFICATION
- 11 -                    3:13-cv-02654-BAS-WVG

# — EXHIBIT 14 —

SUPP. DECLARATION OF
MARY B. REITEN



SUPP. DECLARATION OF
MARY B. REITEN

— **EXHIBIT 15** —

SUPP. DECLARATION OF
MARY B. REITEN

Beth E. Terrell, CSB #178181
Email: bterrell@tmdwlaw.com
Michael D. Daudt, CSB #161575
Email: mdaudt@tmdwlaw.com
Whitney B. Stark, CSB #234863
Email: wstark@tmdwlaw.com
TERRELL MARSHALL DAUDT
  & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
Telephone: (206) 816-6603
Facsimile: (206) 358-3528

[Additional counsel appear on signature page]

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEE, DENNING, INC., d/b/a PRACTICE PERFORMANCE GROUP; and GREGORY CHICK, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>     v.<br><br>CAPITAL ALLIANCE GROUP; and NARIN CHARANVATTANAKIT,<br><br>        Defendants. | NO. 3:13-cv-02654-DMS-WVG<br><br>**PLAINTIFFS' FIRST AMENDED SET OF INTERROGATORIES PROPOUNDED TO DEFENDANT CAPITAL ALLIANCE GROUP**<br><br>Complaint Filed: 11/5/13<br><br>Honorable Dana M. Sabraw |

PLAINTIFFS' FIRST AMENDED SET OF
INTERROGATORIES PROPOUNDED TO
DEFENDANT CAPITAL ALLIANCE GROUP
- 1 - 15 - 3:13-cv-02654-DMS-WVG
SUPP. DECLARATION OF
MARY B. REITEN

TO:   CAPITAL ALLIANCE GROUP; and
TO:   YOUR ATTORNEYS OF RECORD

## I. INSTRUCTIONS

Pursuant to Fed. R. Civ. P. 33, submit your answers to these interrogatories in writing and under oath to the undersigned counsel within thirty (30) days after the date of service upon you. If any of these interrogatories cannot be answered in full, then you should answer to the fullest extent possible, specifying the reasons for your inability to answer the remainder, and stating whatever information or knowledge you have concerning the unanswered portion or portions. In answering these interrogatories, furnish such information as is available to you, regardless of whether this information is obtained directly by you, through your agents or representatives, or by any of attorneys. For each interrogatory, please identify all persons who provided information used in answering it.

These interrogatories are continuing in nature. In accordance with Fed. R. Civ. P. 26, you are required to supplement your answers to the interrogatories in the event new or additional information becomes known to you.

## II. DEFINITIONS

The following terms shall have the following meanings:

1. "DOCUMENT" as used herein shall refer to all writings of every kind pertaining to the subject-matter of this litigation including, but not limited to, the original or any legible copy of all records, letters, correspondence, appointment books, diaries, files, notes, statements, memoranda or minutes of meetings, conferences and telephone calls, receipts, written reports or opinions of

PLAINTIFFS' FIRST AMENDED SET OF
INTERROGATORIES PROPOUNDED TO
DEFENDANT CAPITAL ALLIANCE GROUP

- 16 -

3:13-cv-02654-DMS-WVG
SUPP. DECLARATION OF
MARY B. REITEN

investigators or experts, status reports, drawings, press releases, charts,

photographs, negatives, brochures, lists, messages, email messages, intranet

messages, citizen complaints, schedules, manuals, technical notes or standards,

expense accounts, financial statements or audit reports, tickets, infractions,

dockets, judgments, collections actions, court files, however produced or

reproduced or archived or stored, within your possession or subject to your

control, of which you have knowledge or to which you now have or previously

had  access, including all information in electronic format.

2.      "ELECTRONICALLY STORED INFORMATION" ("ESI") as used

herein has the same full meaning as construed by Fed. R. Civ. P. 26 and 34 and

includes, without limitation, the following:

a.      Activity listings of electronic mail receipts and/or transmittals;

b.      Output resulting from the use of any software program,

including without limitation word processing documents, spreadsheets, database

files, charts, graphs and outlines, electronic mail, AOL Instant Messenger (or

similar program) or bulletin board programs, operating systems, source code, PRF

files, PRC files, batch files, ASCII files, and all miscellaneous media on which

they reside and regardless of whether such electronic data exist in an active file,

deleted file, or file fragment; and

c.      Any and all items stored on computer memories, hard disks,

network servers, individual computer workstations or clients, thumb drives, jump

drives, CDs, DVDs, cloud servers, floppy disks, CD-ROM, magnetic tape,

microfiche, or on any other vehicle for digital data storage and/or transmittal,

PLAINTIFFS' FIRST AMENDED SET OF
INTERROGATORIES PROPOUNDED TO
DEFENDANT CAPITAL ALLIANCE GROUP
3:13-cv-02654-DMS-WVG
SUPP. DECLARATION OF
MARY B. REITEN

including without limitation a personal digital assistant, smartphone and/or tablet, e.g., iPhone, Droid, Blackberry, Galaxy, HTC, iPad, iPod, Kindle, Nook or other device.   Plaintiffs request that ESI be processed and produced in a manner that preserves all metadata and that the parties confer regarding the production of metadata and the form or any electronic production prior to the gathering or processing of ESI.

3.    "IDENTITY OF DOCUMENT." The term "IDENTIFY," when used 'in reference to a document, means to state the date of preparation of the document, its author, the sender, the recipient (if any), the nature of the document (e.g., letter, memorandum, tape) and other means of identification sufficient to identify the document for purposes of a request for production, and to further state its present location and custodian. If any such document was, but no longer is, in your possession or custody or subject to your control, describe what disposition was made of it, and give the name, address and telephone number of the person presently having possession, custody or control of the document.

4.    "IDENTITY OF INDIVIDUALS AND/OR ENTITIES." Unless otherwise indicated, where the name or identity of an individual person or entity is requested, or where the term "IDENTIFY" is used in reference to an individual person or entity, please state that person's full name, title, business address and telephone number, email address, occupation, and employer and state the entity's full name, address telephone number and web address. Unless it otherwise appears from the context, a request for the identity of a person relates to all

PLAINTIFFS' FIRST AMENDED SET OF
INTERROGATORIES PROPOUNDED TO
DEFENDANT CAPITAL ALLIANCE GROUP
3:13-cv-02654-DMS-WVG
SUPP. DECLARATION OF
MARY B. REITEN

persons in such classification or category, and the request for the identity of an entity relates to all affiliated entities.

5.      "DESCRIBE" means to identify and explain fully the characteristics, nature, and substance of a given thing, action, communication, or event, to set forth all details, physical properties, and dimensions of a physical thing inquired about, and to identify all pertinent dates, locations, causes, purposes, effects, and results of the thing, action, communication, or event inquired about.

6.      "FAX CLASS MEMBER(S)" means all persons in the United States who received one or more unsolicited facsimile messages containing an advertisement that was sent by or on behalf of Defendants and with whom Defendants did not have an established business relationship or the recipient's prior express consent, at any time  from November 9, 2009 to the present.

7.      "AUTOMATED CALL CLASS MEMBER(S)" means all persons in the United States who received a call on their cellular telephone line made by or on behalf of Defendants that were placed using predictive dialing equipment and/or a prerecorded or artificial voice without the recipient's prior express consent to receive such calls or texts, at any time from November 9, 2009 to the present.

8.      "CAPITAL ALLIANCE" means Defendant Capital Alliance Group and includes, without limitations, any offices and locations of CAPITAL ALLIANCE as well as any of its divisions, affiliates, subsidiaries, successors, predecessors, present or former partners, officers, directors, employees, agents,

PLAINTIFFS' FIRST AMENDED SET OF
INTERROGATORIES PROPOUNDED TO
DEFENDANT CAPITAL ALLIANCE GROUP
3:13-cv-02654-DMS-WVG
SUPP. DECLARATION OF
MARY B. REITEN

- 19 -

attorneys or representatives, and all other persons or entities acting, purporting to act or authorized to act on its behalf.

9. "PLAINTIFFS" means Plaintiffs Bee, Denning, Inc. d/b/a/ Practice Performance Group, Gregory Chick, and/or any other managers, directors, administrators, officers, executives, agents, contractors, fiduciaries, and all employees or other representatives.

10. "AUTOMATIC TELEPHONE DIALING SYSTEM" OR "ATDS" means equipment which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers.

11. "AUTOMATED CALL" or "AUTOMATED CALLS" means a telephone call initiated by using an ATDS or predictive dialer and/or an automated or pre-recorded voice.

12. "FACSIMILE TRANSMISSION" means the use of any facsimile machine, computer or other device to send a facsimile containing a solicitation.

13. "CALL(S)" means those AUTOMATED CALLS initiated by YOU or a VENDOR to PLAINTIFFS and/or AUTOMATED CALL CLASS MEMBER(S) for purposes of solicitation at any time from November 5, 2009 to the present, including all calls made by an ATDS.

14. "FAX" or "FAXES" means those FACSIMILE TRANSMISSIONS sent by YOU or a VENDOR to PLAINTIFFS and/or FAX CLASS MEMBER(S) for purposes of solicitation at any time from November 5, 2009 to the present.

PLAINTIFFS' FIRST AMENDED SET OF
INTERROGATORIES PROPOUNDED TO
DEFENDANT CAPITAL ALLIANCE GROUP
3:13-cv-02654-DMS-WVG
-20-                    SUPP. DECLARATION OF
MARY B. REITEN

15. "VENDOR" means any THIRD PARTY under contract with, hired by, employed by, paid by, or working for YOU to make AUTOMATED CALLS or send FACSIMILE TRANSMISSIONS with the purpose of selling, or obtaining leads or prospects to whom to sell, YOUR business, products, or services, including but not limited to Message Communications, Inc. and Absolute Fax

16. "POLICY" or "POLICIES" means any practice, procedure, directives, routine, rules, guidelines, courses of conduct or code of conduct, written or unwritten, formal or informal, recorded or unrecorded, which were recognized, adopted, issued or followed by you.

17. "THIRD PARTY" means any individual, partnership, association, corporation, joint venture, or other business or legal entity not owned or controlled by CAPITAL ALLIANCE, or any person that does not receive an annual salary from CAPITAL ALLIANCE, including but not limited to affiliates, agents, subsidiaries, and vendors of CAPITAL ALLIANCE.

18. "YOU" or "YOUR" means CAPITAL ALLIANCE and/or any managers, directors, administrators, officers, executives, agents, contractors, fiduciaries, employees, or other representatives of CAPITAL ALLIANCE.

19. "DATABASE" includes any collection of data defined so that it can be reorganized and accessed in a number of different ways; any collection of data for one or more purposes, usually in digital form; a comprehensive collection of related data organized for convenient access, generally in a computer; a collection

PLAINTIFFS' FIRST AMENDED SET OF
INTERROGATORIES PROPOUNDED TO
DEFENDANT CAPITAL ALLIANCE GROUP
- 7 -                          3:13-cv-02654-DMS-WVG
- 21 -                SUPP. DECLARATION OF
MARY B. REITEN

of information that is organized so that it can easily be accessed, managed, and

updated; or a structured set of data held in a computer.

20.    "PERSON" means any individual, partnership, association,

corporation, joint venture, governmental or administrative body, or other business

or legal entities.

### III.  INTERROGATORIES

**INTERROGATORY NO. 1**:  IDENTIFY each and every PERSON who

provided the information to answer these interrogatories, and specify each

interrogatory or interrogatories about which each such PERSON had information.

**ANSWER**:

**INTERROGATORY NO. 2**:  IDENTIFY the PERSONS who are most

knowledgeable about the CALLS including, but not limited to, the decision to

make the CALLS, the compilation of the telephone lines called, and the scripts of

the CALLS.

**ANSWER**:

**INTERROGATORY NO. 3**:  IDENTIFY the PERSONS who are most

knowledgeable about the FAXES including, but not limited to, the decision to

send the FAXES, the compilation of the telephone lines sent the FAXES, the

preparation of the FAXES, and the content of the FAXES.

PLAINTIFFS' FIRST AMENDED SET OF
INTERROGATORIES PROPOUNDED TO
DEFENDANT CAPITAL ALLIANCE GROUP
3:13-cv-02654-DMS-WVG
SUPP. DECLARATION OF
MARY B. REITEN

**ANSWER**:

**INTERROGATORY NO. 4**:  Please DESCRIBE the characteristics of the FAXES, including but not limited to the number of FAXES sent, the date the FAXES were sent, who transmitted the FAXES (e.g. YOU and/or IDENTIFY a VENDOR), the PERSONS that received the faxes, the number of all outgoing telephone lines (including the area code) that were used in transmitting the FAXES, and the IDENTITY of any THIRD PARTIES that were used to transmit the faxes.

**ANSWER**:

**INTERROGATORY NO. 5**:  Please DESCRIBE the characteristics of the CALLS, including but not limited to the number of the number of CALLS made, who made the CALLS (e.g. YOU and/or IDENTIFY a VENDOR), the dates the CALLS were made, the PERSON(S) called, the number of CALLS that were answered by a PERSON (versus by a voicemail or other answering system), the number/s of all outgoing telephone lines (including the area code) which were used in transmitting the CALLS, and the IDENTITY of the telephone companies, carriers, and/or any THIRD PARTIES which were used to make the CALLS.

**ANSWER**:

PLAINTIFFS' FIRST AMENDED SET OF INTERROGATORIES PROPOUNDED TO DEFENDANT CAPITAL ALLIANCE GROUP 3:13-cv-02654-DMS-WVG SUPP. DECLARATION OF MARY B. REITEN

1

2     **INTERROGATORY NO. 6**:  DESCRIBE the source of the CALLS and

3

4     FAXES, including, but not limited to, the IDENTITY of the source of the

5     telephone and/or facsimile numbers to whom the CALLS or FAXES were made

6     or sent and the manner in which the list of telephone numbers was compiled

7     and/or acquired.

8     **ANSWER:**

9

10

11

12

13    **INTERROGATORY NO. 7:**  IDENTIFY any DATABASE and/or other

14    list of PERSONS that identifies to whom the CALLS or FAXES were made or

15    sent and state how such DATABASE and/or other list has been compiled, the

16    form in which such DATABASE and/or other list is maintained, and YOUR

17    POLICY as to how and when PERSONS and entities are removed from the

18    DATABASE.

19    **ANSWER:**

20

21

22

23    **INTERROGATORY NO. 8:**  If you contend that CAPITAL ALLIANCE

24    had an established business relationship with any PERSONS to whom CALLS

25    were made, state all facts which support the existence of the established business

26

27                              PLAINTIFFS' FIRST AMENDED SET OF
                                INTERROGATORIES PROPOUNDED TO
28                              DEFENDANT CAPITAL ALLIANCE GROUP
                     - 10 -                3:13-cv-02654-DMS-WVG
                         - 24 -          SUPP. DECLARATION OF
                                         MARY B. REITEN

relationship, including the IDENTITY of all witnesses with knowledge of any such facts.

**ANSWER**:

**INTERROGATORY NO. 9:** If you contend that CAPITAL ALLIANCE had an established business relationship with any PERSONS to whom FAXES were sent, state all facts which support the existence of the established business relationship, including the IDENTITY of all witnesses with knowledge of any such facts.

**ANSWER**:

**INTERROGATORY NO. 10:** If you contend that CAPITAL ALLIANCE received prior express consent from any PERSONS to whom CALLS were made, state all facts which support the existence of the prior express consent, including the IDENTITY of all witnesses with knowledge of any such facts.

**ANSWER**:

**INTERROGATORY NO. 11:** If you contend that CAPITAL ALLIANCE received prior express consent from any PERSONS to whom

PLAINTIFFS' FIRST AMENDED SET OF
INTERROGATORIES PROPOUNDED TO
DEFENDANT CAPITAL ALLIANCE GROUP
- 11 -                    3:13-cv-02654-DMS-WVG
- 25 -          SUPP. DECLARATION OF
                    MARY B. REITEN

FAXES were sent, state all facts which support the existence of the prior express consent, including the IDENTITY of all witnesses with knowledge of any such facts.

**ANSWER**:

**INTERROGATORY NO. 12**:  IDENTIFY all VENDORS and DESCRIBE the services rendered by each VENDOR.

**ANSWER**:

**INTERROGATORY NO. 13:**  IDENTIFY each lawsuit in state and/or federal court, including small claims court, in which CAPITAL ALLIANCE, individually, and/or CAPITAL ALLIANCE and any VENDOR, together, was (were) a named party(ies) and in which the plaintiff's claims arose under the TCPA or any similar state or federal laws regulating ATDS-generated or other AUTOMATED CALLS or facsimiles.

**ANSWER:**

**INTERROGATORY NO. 14:**  IDENTIFY all websites owned, operated, or managed by CAPITAL ALLIANCE or any THIRD PARTIES used for the purpose of marketing YOUR business, products, and/or services.

PLAINTIFFS' FIRST AMENDED SET OF INTERROGATORIES PROPOUNDED TO DEFENDANT CAPITAL ALLIANCE GROUP

3:13-cv-02654-DMS-WVG SUPP. DECLARATION OF MARY B. REITEN

1   **<u>ANSWER</u>:**

2

3

4

5        INTERROGATORIES PROPOUNDED AND DATED this 8th day of

6   April, 2014.

                     TERRELL MARSHALL DAUDT

7                         & WILLIE PLLC

8

9

10              By: _____

11                  Beth E. Terrell, CSB #178181
                    Email: bterrell@tmdwlaw.com

12                  Michael D. Daudt, CSB #161575
                    Email:  mdaudt@tmdwlaw.com

13                  Whitney B. Stark, CSB #234863

14                  Email:  wstark@tmdwlaw.com
                    936 North 34th Street, Suite 300

15                  Seattle, Washington  98103-8869

16                  Telephone:  (206) 816-6603
                    Facsimile:  (206) 358-3528

17

18                  Stefan Coleman

19                  Email: law@stefancoleman.com
                    LAW OFFICES OF STEFAN COLEMAN

20                  201 South Biscayne Boulevard, 28th Floor
                    Miami, Florida  33131

21                  Telephone: (877) 333-9427

22                  Facsimile:  (888) 498-8946

23                  *Attorneys for Plaintiffs*

24

25

26

27                  PLAINTIFFS' FIRST AMENDED SET OF
                    INTERROGATORIES PROPOUNDED TO

28            DEFENDANT CAPITAL ALLIANCE GROUP

        - 1-27 -          3:13-cv-02654-DMS-WVG
                 SUPP. DECLARATION OF
                 MARY B. REITEN

## ATTORNEY'S Fed. R. Civ. P. 26 CERTIFICATION

The undersigned attorney certifies pursuant to Fed. R. Civ. P. 26(g) that he or she has read each response and objection to these discovery requests, and that to the best of his or her knowledge, information and belief formed after a reasonable inquiry, each is: (1) consistent with the Federal Rules of Civil Procedure and warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; (2) not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the costs of litigation; and (3) not unreasonable or unduly burdensome or expensive, given the needs of the case, the discovery already had in the case, the amount in controversy, and the importance of the issues at stake in the litigation.

DATED this _____ day of _____, 2014.

HOMAN & STONE

By: _____
    Timothy Q. Day, CSB #188732
    Email: tday@homan-stone.com
    12 North Fifth Street
    Redlands, California 92373
    Telephone: (909) 307-9380
    Facsimile: (909) 793-0210

*Attorneys for Defendants*

PLAINTIFFS' FIRST AMENDED SET OF
INTERROGATORIES PROPOUNDED TO
DEFENDANT CAPITAL ALLIANCE GROUP
- 14 -    3:13-cv-02654-DMS-WVG
- 28 -    SUPP. DECLARATION OF
MARY B. REITEN

**VERIFICATION**

STATE OF _____ )
                                      ) ss.
COUNTY OF _____ )

_____, being first duly sworn on oath, deposes and says:

I am the _____ of CAPITAL ALLIANCE GROUP, one of the above-named Defendants. I have read the within and foregoing answers Plaintiffs' First Set of Interrogatories Propounded to Defendant Capital Alliance Group, know the contents thereof, and believe the same to be true.

_____

SUBSCRIBED AND SWORN to before me this _____ day of _____, 2014.

_____

[PRINT NAME]_____
NOTARY PUBLIC for the State of _____
Residing at _____
My Commission Expires: _____

PLAINTIFFS' FIRST AMENDED SET OF
INTERROGATORIES PROPOUNDED TO
DEFENDANT CAPITAL ALLIANCE GROUP
3:13-cv-02654-DMS-WVG
SUPP. DECLARATION OF
MARY B. REITEN

- 15 -

- 29 -

CERTIFICATE OF SERVICE

I, Whitney B. Stark, hereby certify that on April 8, 2014, I electronically

transmitted the foregoing to the following:

Timothy Q. Day, CSB #188732
Email: tday@homan-stone.com
HOMAN & STONE
12 North Fifth Street
Redlands, California 92373
Telephone: (909) 307-9380
Facsimile: (909) 793-0210

*Attorneys for Defendants*

DATED this 8th day of April, 2014.

TERRELL MARSHALL DAUDT
& WILLIE PLLC

By: _____
Whitney B. Stark, CSB #234863
Email: wstark@tmdwlaw.com
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
Telephone:  (206) 816-6603
Facsimile:  (206) 350-3528

*Attorneys for Plaintiffs*

PLAINTIFFS' FIRST AMENDED SET OF
INTERROGATORIES PROPOUNDED TO
DEFENDANT CAPITAL ALLIANCE GROUP
- 16 -         3:13-cv-02654-DMS-WVG
- 30 -         SUPP. DECLARATION OF
                MARY B. REITEN

1  HOMAN & STONE
   Timothy Q. Day, Esq. [SBN 188732]
2  12 North Fifth Street
   Redlands, California 92373
3  (909) 307-9380
   (909) 793-0210 - Fax
4  L:\Bee vs. Capital Alliance Corp\DISCOVERY\RESPONSES\Res Interrogatories.wpd:

5  Attorneys for Defendants, CAPITAL ALLIANCE CORPORATION and NARIN
   CHARANVATTANAKIT
6

7

8                  UNITED STATES DISTRICT COURT

9               SOUTHERN DISTRICT OF CALIFORNIA

10

11  BEE, DENNING, INC., d/b/a PRACTICE )   CASE NO.:   3:13-cv-02654-DMS-WVG
    PERFORMANCE GROUP, individually and on )
12  behalf of all others similarly situated,  )   **CAPITAL   ALLIANCE   GROUP'S**
                                           )   **RESPONSES TO PLAINTIFFS' FIRST**
13                Plaintiff,               )   **A M E N D E D    S E T    O F**
                                           )   **INTERROGATORIES**
14                                         )
       vs.                                 )
15                                         )   Complaint filed: 11/5/13
                                           )   Honorable Dana M. Sabraw
16  CAPITAL ALLIANCE GROUP and NARIN )
    CHARANVATTANAKIT,                      )   DATE:
17                                         )   TIME:
                                           )   COURTROOM: 13A(Annex)
18                Defendants.              )
                                           )
19  _____ )

20

21       COMES NOW, Defendant, CAPITAL ALLIANCE GROUP and responds to Plaintiffs'

22  First Amended Set of Interrogatories as follows:

23               **PRELIMINARY STATEMENT**

24       These responses are made solely for the purpose of this action. Each response is subject

25  to all appropriate objections (including, but not necessarily limited to, objections concerning

26  competency, relevancy, propriety and admissibility) which require the exclusion of any statement

27  contained herein if the interrogatories were asked of, or any statement made herein was made by,

28  a witness present and testifying in court. All such objections and grounds are reserved and may

1     be interposed at the time of trial. The responding party further reserves the right to raise

2     contentions and to argue new legal theories subject only to such rules of civil procedure and

3     evidence which may require an amendment of the pleadings.

4         The responding party does not treat the interrogatories as continuing and does not assume

5     the burden of supplementing these responses for the purpose of supplying information and/or

6     writings discovered subsequent to the date of these responses. Without in any way assuming any

7     obligation to do so, responding party reserves the right to alter, supplement, amend or otherwise

8     modify these responses in any way, at any time, including at trial, in light of facts determined to

9     be relevant or revealed to such responding party through discovery, further investigation or further

10     legal analysis. Responding party also reserves the right to apply for relief to permit the insertion

11     into these responses of any information that has been inadvertently or unintentionally omitted or

12     to introduce such information into evidence at the time of trial.

13         No attorney/client or work product or other privileged information will be identified,

14     supplied or produced. All evidentiary objections shall be reserved to the time of trial and no

15     waiver of any objection is to be implied from any response contained herein. It is not intended

16     by these responses to make any fact otherwise objectionable at the time of trial admissible by these

17     responses. Any response supplied to any part of any interrogatory is not a waiver of any objection

18     to any other part of the request which is objectionable.

19         The responding party has not fully completed its investigation of the facts relating to this

20     case, has not completed discovery in this action, and has not completed its preparation for trial.

21     All of the responses contained herein are based only upon such information and documents which

22     are presently available to and specifically known to the responding party. Further discovery,

23     independent investigation, research and analysis may supply or lead to additional facts and/or

24     documents, add new meaning to the presently known facts, as well as establish entirely new factual

25     conclusions and legal contentions, all of which may lead to substantial, and/or changes in and/or

26     variations from, these responses. Moreover, responding party has not yet completed its review

27     and analysis of documents and expected testimony of witnesses. Accordingly, nothing contained

28     in these responses shall be construed or considered to be a final or exhaustible list of documents

1   in responding party's possession, custody or control at the time of trial.

2       Except for explicit facts admitted herein, no admissions of any nature whatsoever are
3   implied or should be inferred.  The fact that any interrogatory herein has been responded to should
4   not be taken as an admission or acceptance of the existence of any facts set forth or assumed by
5   such interrogatory, or that such response constitutes admissible evidence.  The responding party
6   objects to the instructions and definitions to the extent, if any, they go beyond the requirements
7   of California Code of Civil Procedure.

8       Responding party additionally objects to Definition Nos. 6, 7, 13 and 14 in that they are
9   overbroad regarding time.

10      At this time, as far as known, responding party responds to the interrogatories as follows:

11                                  **SPECIFIC RESPONSES**

12      1.      Narin Charanvattanakit as to each interrogatory responded to herein.

13      2.      Objection. Vague, Overbroad,  Assumes facts not established or admitted to
14   regarding the defined to "CALLS".        Without waiving the aforementioned objections,
15   responding party answers as follows: The person most knowledgeable regarding marketing efforts
16   made by responding party is Narin Charanvattanakit.

17      3.      Objection. Vague, overbroad and assumes facts not established or admitted
18   regarding the defined term "FAXES".    Without waiving the aforementioned objections,
19   responding party answers as follows: Narin Charanvattanakit is the person most knowledgeable
20   regarding marketing efforts by responding party.

21      4.      Objection. Vague, overbroad and assumes facts not established or admitted to
22   regarding the defined term "FAXES". Responding party additionally objects in that the term
23   "characteristics" is vague, ambiguous, undefined and unintelligible.  Without waiving the
24   aforementioned objections, responding party answers as follows: Responding party does not know
25   if FAXES, as defined, were "sent" to Plaintiffs or "FAX CLASS MEMBERS," as defined.
26   Responding party denies that FAXES were sent by or on behalf of Defendants and with whom
27   Defendants do not have an established business relationship or the recipients' prior consent.
28   Responding party did not send faxes.  Responding party does not know the number of faxes that

1  may have been sent by third party vendors.  Responding party does not know the date FAXES

2  were allegedly sent.  Responding party believes, but cannot confirm, that www.absolutefax.com

3  transmitted facsimiles to generate marketing leads.  Responding party does not know what

4  PERSONS received FAXES from absolutefax.com. Responding party does not know the number

5  of all outgoing telephone lines that were used in transmitting facsimiles by absolutefax.com.

6       5.    Objection. Vague, overbroad and assumes facts not established or admitted to

7  regarding the defined term "CALLS".  Responding party additionally objects in that the term

8  "characteristics" is vague, ambiguous, undefined and unintelligible.  Without waiving the

9  aforementioned objections, responding party answers as follows: Responding party does not know

10  if CALLS, as defined, were placed to Plaintiffs or "FAX CLASS MEMBERS," as defined.

11  Responding party did not place CALLS.  Responding Party denies that CALLS were placed by

12  or on behalf of Defendants and with whom Defendants do not have an established business

13  relationship or the recipients' prior consent.  Responding party does not know the number of calls

14  allegedly made.  Responding party does not know the date CALLS were allegedly made.

15  Responding party believes, but cannot confirm, that Message Communications made phone calls

16  to generate marketing leads.  Responding party does not know what PERSONS, if any, received

17  CALLS, as defind, from Message Communications.  Responding party does not know the number

18  of all outgoing telephone lines that were used in transmitting phone calls by Message

19  Communications.

20       6.    Objection. Vague, undefined and unintelligible regarding the term "source".

21  Responding party additionally objects in that the entire interrogatory is vague, ambiguous and

22  overbroad because the interrogatory asks responding party to describe "the IDENTITY of the

23  source of the telephone and/or facsimile numbers..." and the term "IDENTITY" is not defined.

24  Without waiving the aforementioned objections, responding party answers as follows: Responding

25  party paid  Message Communications to provide marketing leads. Responding party believes, but

26  cannot confirm,  that Message Communications used telephone calls to obtain marketing leads

27  which were forwarded to responding party. Responding party paid absolutefax.com to provide

28  marketing leads.  Responding party believes, but cannot confirm, that absolutefax.com used

1    facsimiles to obtain marketing leads which were forwarded to responding party. Responding party

2    does not know the source of telephone and/or facsimile numbers to whom telephone calls or

3    facsimiles were made or sent, other than identifying the vendors who provided the marketing

4    leads, as described herein. Responding party does not know the "manner" in which telephone

5    numbers were "compiled" and/or "acquired".

6           7.     Objection. The terms "CALLS or FAXES" are overbroad and assume facts which

7    Responding Party does not admit in that they assume, by their very definition, that facsimile

8    transmissions or telephone calls were made to Plaintiffs for the purposes of solicitation by

9    responding party or a vendor. Responding party additionally objects in that this interrogatory is

10   compound and contains more than one interrogatory. Without waiving the aforementioned

11   objections, responding party answers as follows: Responding party paid Message Communications

12   and absolutefax.com to provide marketing leads. Responding party believes, but cannot confirm,

13   that Message Communications used telephone calls to obtain marketing leads and that

14   absolutefax.com used facsimiles to obtain marketing leads. Responding party does not have

15   information to identify any lists of persons to whom telephone calls or facsimiles were made or

16   sent. Responding party does not know how the alleged data base and/or other lists were compiled.

17   Responding party does not know whether a DATABASE, as defined, has ever existed.

18   Responding party does not know the form in which the defined DATABASE or lists were or are

19   maintained. Responding party does not have a policy as to how and when persons and entities are

20   removed from the alleged DATABASE, as defined, because responding party does not have a

21   database or list, nor does it maintain a database or list.

22          8.     Objection. The terms "CALLS or FAXES" are overbroad and assume facts which

23   Responding Party does not admit in that they assume, by their very definition, that facsimile

24   transmissions or telephone calls were made to Plaintiffs for the purposes of solicitation by

25   responding party or a vendor. Without waiving the aforementioned objections, responding party

26   answers as follows: Responding party does not contend that it had a direct business relationship

27   with any person to whom Message Communications made a telephone call. Responding party

28   believes, based upon representation by Message Communications, that Message Communications

1  had relationships with any person to whom it made calls, or such calls were made in compliance

2  with all federal laws.

3      9.    Objection. The terms "CALLS or FAXES" are overbroad and assume facts which

4  Responding Party does not admit in that they assume, by their very definition, that facsimile

5  transmissions or telephone calls were made to Plaintiffs for the purposes of solicitation by

6  responding party or a vendor. Without waiving the aforementioned objections, responding party

7  answers as follows: Responding party does not contend that it had a direct business relationship

8  with any person to whom absolutefax.com sent a facsimile. Responding party believes, based

9  upon representation by absolutefax.com, that absolutefax.com had relationships with any person

10 to whom it sent facsimiles, or such facsimiles were sent in compliance with all federal laws.

11     10.   Objection. Vague, ambiguous and undefined regarding the term "prior express

12 consent". Without waiving the aforementioned objections, responding party answers as follows:

13 Responding party does not contend that it received prior express consent from any person to whom

14 telephone calls were made by Message Communications.

15     11.   Objection. Vague, ambiguous and undefined regarding the term "prior express

16 consent". Without waiving the aforementioned objections, responding party answers as follows:

17 Responding party does not contend that it received prior express consent from any person to whom

18 facsimiles were sent by absolutefax.com.

19     12.   Objection.  The term "VENDOR" is vague, ambiguous and overbroad.

20 Responding party objects to this term, as defined, in that responding party did not contract with,

21 hire, employ, or pay any third party to make automated calls or send facsimile transmissions.

22 Without waiving the aforementioned objections, responding party answers as follows: Responding

23 party paid Message Communications and absolutefax.com for marketing leads. Responding party

24 did not pay Message Communications or absolutefax.com to call or send facsimiles to any person,

25 for any reason.

26     13.   Objection. Burdensome, harassing and not reasonably calculated to lead to the

27 discovery of admissible evidence. Responding party additionally objects in that the term

28 "IDENTIFY" is undefined as it relates to this interrogatory in that this interrogatory does not seek

1   the identity of any document or the identity of individuals and/or entities.  Without waiving the

2   aforementioned objections, responding party answers as follows: State of Indiana v. Narin

3   Charanvattanakit, Marion Superior Court, Cause No. 49D02-1303-MI-009358.

4        14.    Objection. Burdensome, harassing and not reasonably calculated to lead to the

5   discovery of admissible evidence.  Responding party additionally objects in that the term

6   "IDENTIFY" is undefined as it relates to this interrogatory in that this interrogatory does not seek

7   the identity of any document or the identity of individuals and/or entities.  Without waiving the

8   aforementioned objections, responding party answers as follows: Websites owned, operated or

9   managed by responding party are CapitalAlliance.com and CapitalNow.org. Responding party

10  does not know the identity of websites owned, operated or managed by third parties used for the

11  purpose of marketing responding party's business, products and/or services in that responding

12  party does not know the purpose of websites owned, operated or managed by third parties.

13  Responding party is aware that absolutefax.com maintains a website, www.absolutefax.com, and

14  this company has, in the past, provided marketing leads to responding party.  Responding party

15  does not know who owns, operates or manages the website www.absolutefax.com, nor does

16  responding party know that this website is used for the purpose of marketing responding party's

17  business, product and/or services.  Responding party is unaware of any other website owned,

18  operated or managed by third parties which may be responsive to this interrogatory.

19             HOMAN & STONE

20  May 16, 2014

21          BY:  _____

22             Timothy Q. Day, Esq.
               Email: tday@homan-stone.com
               12 North Fifth Street

23             Redlands, California 92373
               Telephone: (909) 307-9380
               Facsimile: (909) 793-0210

24

25             *Attorneys for Defendants*

26

27

28

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF SAN BERNARDINO

I am employed in the County of San Bernardino, State of California. I am over the age of 18 and not a party to the within action; my business address is 12 North Fifth Street, Redlands, California 92373.

On May 16, 2014, I served the foregoing document(s) described as **CAPITAL ALLIANCE GROUP'S RESPONSES TO PLAINTIFFS' FIRST AMENDED SET OF INTERROGATORIES** on the other parties in this action as follows:

Beth E. Terrell, Esq.
**bterrell@tmdwlaw.com**
Michael D. Daudt, Esq.
**mdaudt@tmdwlaw.com**
Whitney B. Stark, Esq.
**wstark@tmdwlaw.com**
TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, WA 98103-8869
Phone: (206) 816-6603
Fax:     (206) 358-3528
Attorneys for Plaintiff

Stefan Coleman (*Pro Hac Vice*)
LAW OFFICES OF STEFAN COLEMAN
201 South Biscayne Blvd. 28th Fl.
Miami, FL 33131
Phone: (877) 333-9427
Fax: (888) 498-8946
Attorneys for Plaintiff
(*served Via U.S. mail only*)

[ X ]   **(BY MAIL)** By placing [ ] **the original** [ X ] **a true copy** thereof enclosed in a sealed envelope(s) addressed as to the above-named counsel of record or parties in propria personal. I deposited such envelope(s) in the mail at Redlands, California, with postage thereon fully prepaid. I am readily familiar wit the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on the same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ X ]   **(BY ELECTRONIC SERVICE)**  Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification addresses listed above.

[X]   **(STATE)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 16, 2014, at Redlands, California.

*Carah Woodside*
Carah Woodside

3:13-cv-02654-DMS-WVG
SUPP. DECLARATION OF
MARY B. REITEN

## VERIFICATION

STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

     I have read the foregoing **CAPITAL ALLIANCE GROUP'S RESPONSES TO PLAINTIFFS' FIRST AMENDED SET OF INTERROGATORIES** and know its contents.

CHECK APPLICABLE PARAGRAPH     ☑

☐     I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☒     I am  ☐ an Officer  ☐ a partner  ☐ a _____
of_____ a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification that reason. ☐ I am informed and believe that on that ground allege that the matters stated in the foregoing document are true. ☐ The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☐     I am one of the attorneys for _____, a party to this action. Such party is absent from the county of aforesaid where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

     Executed on _____, 2014, at _____, California. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____Narin Charanvattanakit_____          _____
Type or print name                       Signature

SUPP. DECLARATION OF
MARY B. REITEN

# — EXHIBIT 16 —

SUPP. DECLARATION OF
MARY B. REITEN

| STATE OF INDIANA | ) | IN THE MARION SUPERIOR COURT |
| --- | --- | --- |
| | ) | |
| COUNTY OF MARION | ) | CAUSE NO. 49D02-1303-MI-009358 |

STATE OF INDIANA, )

     Plaintiff, )

     v. )

NARIN CHARANVATTANAKIT )
aka NARIN CHARAN, aka )
CLAYTON HEATH individually, )
and dba BANKCAPITAL )
BANKCAPITAL DIRECT and )
TRUSTED BANCORP, )

     Defendant. )

**FILED**

(269) AUG 22 2013

*Elizabeth L. White*
CLERK OF THE MARION CIRCUIT COURT

## CONSENT DECREE

Plaintiff, State of Indiana ("the State"), by Attorney General Gregory F. Zoeller and

Deputy Attorney General Dennis E. Mullen, and Defendant, Narin Charanvattanakit aka Narin

Charan, aka Clayton Heath, by counsel, hereby agree to the entry of this Consent Decree, as

follows:

In order to avoid the uncertainty, cost and unpleasantness of further litigation, the

Parties believe it is in their singular and mutual best interests to resolve, put to rest and

compromise all of the issues raised by the State. This Consent Decree does not constitute an

admission by Defendant of any wrongdoing, nor shall it be construed as an abandonment by

the State of any of its claims against Defendant, as set forth in its Complaint.

## JURISDICTION AND SCOPE OF DECREE

1. This Court has jurisdiction over the subject matter of this action and the parties

hereto, pursuant to Ind. Code §24-5-0.5-4(c), (g), (h).



Δ π EXHIBIT 4
Deponent Narin C.
Date 5/19/14 Rptr CD

SUPP. DECLARATION OF
MARY B. REITEN

2.      Defendant Narin Charanvattanakit aka Narin Charan, aka Clayton Heath ("Defendant") is an individual residing in Orange County, California.

3.      Defendant waives any objection regarding the Court's jurisdiction for enforcement of this Consent Decree and with any of the provisions of this Decree.

**RELIEF ORDERED**

4.      Defendant agrees to be permanently enjoined along with his agents, representatives, employees, successors, assigns and any other person on his behalf from engaging in deceptive acts prohibited by Indiana law including specifically, transmitting or causing to be transmitted by telephone fax machine unsolicited advertisements in violation of Ind. Code §24-5-0.5-3(a)(19).

5.      Defendant agrees to no longer solicit business in the State of Indiana.

6.      Defendant hereby agrees to a civil penalty in favor of the Plaintiff in the amount of $40,000, pursuant to Ind. Code § 24-5-0.5-4(h).

7.      Defendant shall deliver or cause to be delivered to the Office of the Attorney General payments in the amounts and on the dates stated in the Settlement Agreement executed by the parties hereto, the terms of which are incorporated as if fully set forth herein.

8.      If Defendant remits payment in full as set forth in the Settlement Agreement, then the civil payment against the Defendant shall be considered satisfied in full. As soon as is possible and no more than thirty (30) days after the final payment is made under the terms of the Settlement Agreement, the State shall file with the Court and serve on Defendant's counsel a Satisfaction of Consent Decree. The permanent injunction set forth in paragraph 4 above as well as the terms set forth in paragraph 10 below shall survive any such Satisfaction of Consent Decree.

2

SUPP. DECLARATION OF
MARY B. REITEN

9.      If Defendant fails to remit any payments as set forth in this Consent Decree and the Settlement Agreement, the State will provide notice of such failure to Defendant's counsel, Timothy Q. Day, Homan & Stone Attorneys, via e-mail at tday@homan-stone.com. The Defendant shall have a grace period of five (5) business days after notice has been given (by e-mail or by mail) to make payment ("the grace period"). If payment is not made within the grace period, then after 5:00 PM EST on the 5th business day, the agreement will be in default and the entire unpaid balance shall become immediately due and owing and shall accrue interest at a rate of 8% per annum from the date of the Court's approval and entry of this Consent Decree until said penalty is paid in full.

10.     Defendant shall cooperate with the Office of the Attorney General in the resolution of any future complaints against Defendant received by the Office of the Attorney General. This shall include, but is not limited to, Defendant promptly resolving any valid complaints brought to any of the Defendant's attention by the Office of the Attorney General after the filing of this Consent Decree with the Court.

### ACKNOWLEDGEMENTS

11.     All parties to this Consent Decree acknowledge that this Consent Decree together with the Settlement Agreement contain the entire agreement between the parties with respect to allegations set forth in the State's Complaint.

12.     All parties further acknowledge that this Consent Decree together with the Settlement Agreement constitute a single and entire agreement that is not severable or divisible. If, however, any provision or provisions of either this Consent Decree or the Settlement Agreement is or are declared invalid by a court of competent jurisdiction, the rest of

- 43 -                SUPP. DECLARATION OF
                     MARY B. REITEN

this Consent Decree and Settlement Agreement shall remain in full force and effect and shall not be affected by such declaration.

13.     Execution of this Consent Decree by Defendant and the Plaintiff, and its approval by the Court, shall not be construed as a release or waiver of any claims or causes of action that may accrue to third parties having any private right of action, or of any claims or causes of action that may arise out of violation or alleged violation of any statute or rule occurring after the date this Consent Decree is approved by the Court.

## REPRESENTATIONS AND WARRANTIES

14.     Defendant represents and warrants that within thirty (30) days of the entry of this Consent Decree with the Court, Defendant will advise the following of the injunction agreed to and set forth herein and/or serve a copy of this Consent Decree upon each of Defendant's employees, representatives, successors, assigns, principals, officers and directors, as well as any other person or organization who is transmitting or may transmit faxes to the State of Indiana on Defendant's behalf or at the direction or control of Defendant.

15.     Defendant represents and warrants that: (a) he is authorized to enter into and execute this Consent Decree; (b) he has read this entire Consent Decree; (c) he understands the terms and conditions of this Consent Decree, as well as the consequences of entering into this Consent Decree; (d) he knowingly and voluntarily is entering into this Consent Decree; and (e) he agrees to be bound by all provisions contained herein.

16.     Defendant represents to the Court and stipulates as a part of this Consent Decree that the individual signing this Consent Decree on behalf of Defendant is duly authorized to enter into, to execute, and to legally bind Defendant to this Consent Decree.

4

- 44 -                    SUPP. DECLARATION OF
                          MARY B. REITEN

17.     Defendant expressly waives any right to contest the validity or applicability of Indiana law and/or this Consent Decree. Defendant expressly waives any right to trial or appeal in this cause.

18.     In the event the State files suit to domesticate this Consent Decree in the State of California or in whatever state Defendant may be domiciled, Defendant waives any and all objections thereto.

19.     In the event the State must seek collection of the civil penalties set forth herein, Defendant shall reimburse the State for its reasonable costs incurred in the collection of said penalties, including but not limited to, reasonable attorney fees and filing fees associated with domestication of the penalties, appointment of a receiver, service of process and recording of the penalties.

20.     Defendant shall not represent that the Attorney General approves or endorses Defendant's past practices, or that execution of this Consent Decree constitutes such approval or endorsement.

*Signature page follows*

5

SUPP. DECLARATION OF
MARY B. REITEN

IN WITNESS WHEREOF, the parties have executed this Consent Decree on the dates

set forth below.

AGREED AND CONSENTED TO BY:

NARIN CHARAN

By: _____          Date: 8 | 8 | 13

STATE OF INDIANA
GREGORY F. ZOELLER
Indiana Attorney General
Attorney No. 1958-98

By: _____          Date: 8 / 20 / 13
Dennis E. Mullen, Deputy Attorney General
Attorney No. 30049-49

ALL OF WHICH IS APPROVED, ORDERED, ADJUDGED AND DECREED

this ____ day of _____ AUG 2 2 2013 _____, 2013.

_____
Judge, Marion Superior Court

Distribution:

Dennis E. Mullen
OFFICE OF THE ATTORNEY GENERAL
IGCS, 5th Floor
302 W. Washington Street
Indianapolis, Indiana 46204

Timothy Q. Day, Esq.
Homan & Stone Attorneys
12 N 5th St.
Redlands, CA 92373

6

- 46 -                    SUPP. DECLARATION OF
                          MARY B. REITEN

# — EXHIBIT 17 —

SUPP. DECLARATION OF
MARY B. REITEN

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

BEE, DENNING, INC., d/b/a PRACTICE )
PERFORMANCE GROUP, individually )
and on behalf of all others )
similarly situated )
)
Plaintiff, )
)
vs. )
) Case No.
) 3:13-cv-02654
) DMS-WVG
)
CAPITAL ALLIANCE GROUP and )
NARIN CHARANVATTANAKIT, )
)
)
Defendants. )
_____)

Deposition of Gregory Chick

San Diego, California

June 25, 2014

Reported by: Raquel Freischlag, CSR No. 13871

1

```
 1       Q    Do you know what that phone number was at that
 2  time?
 3       A    No.
 4       Q    Is it safe to say that that cell phone in 1997
 5  was not connected to the 2889 number?
 6       A    I forwarded the 2889 number to the cell
 7  phone.
 8       Q    Okay.  Starting on day one back in April of
 9  1997?
10       A    Yeah.  If I answered the phone -- if I was in
11  my house, I answered it when it rang.  And if I left, I
12  pushed star, seven, three, I think it was.  That
13  forwarded it to my cell phone.  And then I carried my
14  cell phone.
15       Q    And that's how the process worked in April of
16  1997; correct?
17       A    Yes.
18       Q    Is that how the process works now?
19       A    No.
20       Q    How does the process work now, as far as if
21  somebody calls 2889?
22       A    That 2889 number is a cell phone assigned to a
23  cell company.
24       Q    Okay.  Which cell company?
25       A    Right now, Sprint.
```

**HAHN & BOWERSOCK 800-660-3187 FAX 714-662-1398**
**151 KALMUS DRIVE, SUITE L1 COSTA MESA, CA 92626**

- 49 -                          SUPP. DECLARATION OF
                                MARY B. REITEN

```
 1        Q      At some point in time between April of 1997 and
 2   today, you caused that 2889 number to change from a
 3   previous provider to Sprint; is that correct?
 4        A      Yes.
 5        Q      Do you know who the provider was in April of
 6   '97?
 7        A      Well, it was PacBell, AT&T, PacBell, AT&T.  It
 8   went back and forth it seemed like every six months back
 9   then.
10        Q      Okay.  Do you know when it was when --
11   well, strike that.  Today do you have a physical land
12   line phone in your house?
13        A      Yes, the 788-1777 number.  But it's not being
14   used as a land line.
15        Q      Okay.  But I'm asking if you have a physical
16   phone?
17        A      Oh --
18        Q      A land line type of physical phone?
19        A      I don't, no.  My wife does in her business.
20   She has a home office.
21        Q      Okay.  What's the name of your wife's
22   business?
23        A      What does that have to do with anything?
24        Q      Because I need to follow-up on all the phone
25   numbers associated with you in your house?
```

24

SUPP. DECLARATION OF
MARY B. REITEN

```
 1        A    Well, I would like to say that my wife is an
 2   M.D. physician.  And her number is used to discuss HIPAA
 3   compliant mandated privacy subject matter.  And she will
 4   not have her numbers -- her phone calls addressed by
 5   anybody.  She has to keep that privacy.
 6        Q    Okay.  Well --
 7        A    So I can tell you the phone numbers, and they
 8   are public knowledge.  Her phone numbers are
 9   (760) 788-2445.  The land line in the house.  That's an
10   office in our home.
11        Q    Okay.  Is that it?
12        A    And she has a fax number, (760) 788-2494.
13        Q    Are those all the numbers that you know about
14   regarding your wife's business?
15        A    Her cell phone number is (760) 803-1006.
16        Q    Okay.  Your wife's home office, is that a
17   different room than your plumbing home office?
18        A    Yes.  It's a separate section of the building
19   partitioned off with dead bolts.
20        Q    Regarding your 2889 number, in your house is
21   there currently set up any physical phone which rings if
22   someone calls that number?
23        A    The 2889 number?
24        Q    Yes.
25        A    No.
```

25

SUPP. DECLARATION OF
MARY B. REITEN

```
 1        Q     When was the last time that that was the
 2   circumstance?  Last time you had a physical land line
 3   phone that would ring if someone called 2889?
 4        A     I'd have to guess and say around 2000 --
 5   1999.
 6        Q     Is that an estimate based upon your personal
 7   recollection?
 8        A     Yeah, it's an estimate.
 9        Q     Okay.
10        A     Meaning it's been over 10 years, 12 years, 14
11   years.  Something.
12        Q     I got you.
13        A     And part of the confusion there is there was a
14   time where I forwarded it and left it forwarded.  So I
15   wasn't unforwarding it.  So it was, in my experience, a
16   cell phone.  But what was happening is I was being
17   charged forwarding long distance fees.  So I stopped
18   that.
19        Q     Okay.  And that's the time when you finally
20   physically disconnected the --
21        A     The land line and made it only a cell.
22        Q     Okay.  Remember to let me finish my questions
23   completely so we have a clean record, even though you
24   know where I'm going.
25        A     Bad habit.
```

26

SUPP. DECLARATION OF
MARY B. REITEN

```
 1   STATE OF CALIFORNIA              )
                                      )
 2   COUNTY OF SAN DIEGO             )

 3

 4       I, Raquel Freischlag, C.S.R. # 13871, a Certified

 5   Shorthand Reporter in and for the County of San Diego,

 6   State of California, do hereby certify:

 7       That prior to being examined, the witness named in

 8   the foregoing deposition, Gregory Chick, was by me duly

 9   sworn to testify the truth, the whole truth, and nothing

10   but the truth.

11       That said deposition was taken before me at the time

12   and place set forth and was taken down by me in shorthand

13   and thereafter reduced to computerized transcription

14   under my direction and supervision, and I hereby certify

15   the foregoing deposition is a full, true and correct

16   transcript of my shorthand notes so taken.

17       I further certify that I am neither counsel for, nor

18   related to any party to said action, nor in any way

19   interested in the outcome thereof.

20

21       IN WITNESS WHEREOF, I have hereunto subscribed my

22   name this 7th day of July, 2014.

23   _____

24   Raquel Freischlag
     Certified Shorthand Reporter No. 13871

25
```

59

- 53 -     SUPP. DECLARATION OF
MARY B. REITEN