THE RESTIS LAW FIRM, P.C.
William R. Restis, Esq. (SBN 246823)
william@restislaw.com
550 West C Street, Suite 1760
San Diego, California 92101
+1.619.270.8383
+1.619.752.1552

*Attorney for Defendant Capital Alliance Group*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION – SANTA ANA

| | |
|---|---|
| **JOHN NORTHRUP**, <br><br> Plaintiff, <br> v. <br><br> **CAPITAL ALLIANCE GROUP** <br><br> Defendant. | Case No.: 18-cv-23-JLS-DFM <br><br> **DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR RELIEF OF DEFAULT** <br><br> Date: Friday, July 6, 2018 <br> Time: 2:30 p.m. <br> Courtroom 10A <br><br> Honorable Josephine L. Staton |

Plaintiff John Northrup ("Plaintiff") makes a single argument in opposition to Defendant Capital Alliance Group's ("Defendant") Motion for Relief from Default (Dkt No 20, the "Motion").

Plaintiff argues that Defendant's Motion is "identical to its Opposition to Motion for Entry of Default Judgment" and accordingly should "be stricken as duplicative and unnecessary." Dkt No. 23, at p. 1:18-21. This is purportedly because the issues raised in Defendant's Motion "are fully briefed via Plaintiff's Motion, Defendant's Response, and Plaintiff's Reply to Defendant's Motion for Entry of Default Judgment (Dkt No 22)." *Id.*, at p. 1:22-23.

Plaintiff's argument is misplaced. This is because Plaintiff's motion for default judgment is governed by the standards set forth in *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986). Under *Eitel,* this Court is directed to consider: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute about the material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel*, at 1471-72.

Conversely, a motion for relief from the Clerk's default is governed by FED. R. CIV. P. 55(c). Under RULE 55(c), the Court must consider three factors: "(1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default … would prejudice" Plaintiff. *Arminak v. Arminak & Assocs.,* 2016 U.S. Dist. LEXIS 194175, at *41 (C.D. Cal. Dec. 7, 2016) *citing United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010).

On their face these standards are not "identical." Therefore Plaintiff's Motion should not be "stricken as duplicative and unnecessary." *Cf.* Dkt No. 23, at p. 1:18-21. Moreover, even if the Court declined to grant Plaintiff's motion for default judgment, Defendant

would still be in default absent stipulation by the parties or order of the Court. Since Plaintiff inexplicably refused to stipulate to relief from default (Restis Decl., Dkt No 20-3, ¶ 3) Plaintiff's Motion is necessary and procedurally proper.

More importantly however, Plaintiff has failed to address the arguments made in Defendant's Motion. Accordingly, Defendant has conceded that Defendant meets the standards for relief from default under RULE 55(c). *See Reyes v. Wells Fargo Bank, Nat'l Ass'n*, 2017 U.S. Dist. LEXIS 198129, at *8 (C.D. Cal. Aug. 17, 2017) (holding that failure to respond to an argument is a concession that the argument has merit) (citing cases); *Scognamillo v. Credit Suisse First Bos. LLC*, 2005 U.S. Dist. LEXIS 20221, at *29 (N.D. Cal. Aug. 25, 2005) ("Plaintiffs completely failed to respond to Defendants' argument; instead, Plaintiffs only responded to the argument raised in the CSFB Defendants' motion to dismiss. The Court construes Plaintiffs' failure to respond, … as a concession"); *Ramirez v. Ghilotti Bros., Inc.*, 941 F. Supp. 2d 1197, 1210 & n.7 (N.D. Cal. 2013) (holding that a court may consider a failure to respond to an argument as conceding that argument); *Nat'l Flood Servs. v. Torrent Techs., Inc.,* 2006 U.S. Dist. LEXIS 34196, at *35 (W.D. Wash. May 25, 2006) ("Defendants failed to respond to Plaintiffs' argument. Defendants' failure to respond is considered by the Court as an admission that the argument has merit.")

Accordingly, Defendant rests on the unrebutted showing of "good cause" in its Motion, and respectfully reiterates its request that this Honorable Court grant Defendant relief from default, and leave to file its answer.

Respectfully submitted,

DATED: June 14, 2018                              THE RESTIS LAW FIRM, P.C.

                                                                /s/ William R. Restis
                                                            William R. Restis, Esq.

550 West C Street, Suite 1760
San Diego, CA 92101
Tel: +1.619.270.8383
Email: william@restislaw.com