UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:18-cv-00023-JLS-DFM                                    Date: July 05, 2018
Title: John Northrup v. Capital Alliance Group

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Terry Guerrero | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                                                Not Present

**PROCEEDINGS:  (IN CHAMBERS)  ORDER (1) GRANTING DEFENDANT'S MOTION TO SET ASIDE ENTRY OF DEFAULT (Doc. 20); AND (2) DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (Doc. 15)**

Before the Court are two Motions, a Motion to Set Aside Entry of Default filed by Defendant Capital Alliance Group and a Motion for Default Judgment filed by Plaintiff John Northrup.  (Mot. Set Aside, Doc. 20; MDJ, Doc. 15.)  Each side opposes the other's Motion, (Set Aside Opp., Doc. 23; MDJ Opp., Doc. 19), and each side filed a reply.  (Set Aside Reply, Doc. 25; MDJ Reply, Doc. 22.)  Having read and considered the parties' briefs and taken the matters under submission, the Court GRANTS Defendant's Motion to Set Aside and DENIES AS MOOT Plaintiff's Motion for Default Judgment.

I.      BACKGROUND

On January 1, 2018, Plaintiff filed this purported class action against Defendant alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S. C. §§ 227, *et seq.*. (Compl.¶¶ 54–69, Doc. 1.)  Specifically, Plaintiff alleges that Defendant used an "automatic telephone dialing system" to make unlawful "robocalls" to him and other similarly situated individuals, thereby violating their privacy.  (*Id.* ¶¶ 6, 58.)

On January 24, 2018, Defendant's CEO, Narin Charan, contacted Plaintiff's counsel, Cory Fein, seeking more information regarding calls made to Plaintiff by Defendant. (Charan Decl. ¶ 4, Doc. 20-2.)  Over the course of the following month,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:18-cv-00023-JLS-DFM | Date: July 05, 2018 |
| Title: John Northrup v. Capital Alliance Group | |

Charan and Fein exchanged emails regarding their respective positions on the merits of Plaintiff's claims, but Defendant did not respond to the Complaint. (*Id.* ¶¶ 5–7.) Accordingly, on February 25, 2018, Plaintiff sought entry of default against Defendant, which the clerk entered the following day. (Default by Clerk, Doc.12.)

On March 5, Charan emailed Fein stating that Defendant was "struggling financially" and could not afford to retain an attorney, but that it would be filing a response "shortly." (Charan Decl. ¶¶ 14–17; *see also* Ex. A to Charan Decl. at 18–19, Doc. 20-2.) Thereafter, Plaintiff filed a Status Report with the Court, stating that he would "hold off" on seeking default judgment because "Defendant has indicated an interest in resolving this matter without hiring an attorney … ." (Status Report at 1, Doc. 13.)

On April 11, 2018, Charan emailed Fein stating the factual and legal basis for Defendant's position that its sales call methods do not violate the TCPA. (Charan Decl. ¶¶ 4–29; *see also* Exs. A, F to Charan Decl.) Fein responded that he disagreed with Defendant's analysis and would go forward with seeking default judgment if Charan did not want to engage in further settlement discussions. (Charan Decl. ¶¶ 21–29.)

When the parties failed to file any documents thereafter, the Court issued an Order to Show Cause re: Lack of Prosecution on April 19, 2018. (OSC, Doc. 14.) In response, on April 20, 2018, Plaintiff moved for default judgment against Defendant. (MDJ.)

Defendant then retained counsel. (*See* Restis Decl., Doc. 20-3.) On May 14, 2018, Defendant's counsel emailed Plaintiff's counsel and proposed a stipulated response deadline of May 25, 2018, with a briefing schedule for responsive pleadings. (Restis Decl. ¶ 2, *citing* Ex. A to Restis Decl., Doc. 20-3.) Plaintiff's counsel responded via email that he would not withdraw the Motion for Default Judgment. (*Id.* ¶ 3, citing Ex. B to Restis Decl., Doc. 20-3.)

On May 24, 2018, Defendant filed a timely Opposition to Plaintiff's Motion and then moved to set aside the entry of default. (Mot. to Set Aside.)

## II. **LEGAL STANDARD**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:18-cv-00023-JLS-DFM | Date: July 05, 2018 |
| Title: John Northrup v. Capital Alliance Group | |

"The Federal Rules provide that a 'court may set aside an entry of default for good cause.'" *United States v. Signed Personal Check No. 730*, 615 F.3d 1085, 1091 (9th Cir. 2010) (quoting Fed. R. Civ. P. 55(c)). "To determine good cause, a court [] consider[s] three factors: (1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it has no meritorious defense; or (3) whether reopening the case would prejudice the other party." *Id.* (citations and internal quotation marks omitted). "This standard . . . is disjunctive, such that a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default." *Id.* "[J]udgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984) (citing *Schwab v. Bullocks, Inc.*, 508 F.2d 353, 355 (9th Cir. 1974)).

### III.  DISCUSSION

The Court finds that all three factors weigh in favor of setting aside the entry of default.

First, while Defendant may have been negligent in failing to properly respond to the Complaint, there is insufficient evidence that it engaged in culpable conduct. While it appears that Defendant may have delayed retaining counsel while attempting to resolve this matter informally, once Defendant retained counsel, it timely responded to Plaintiff's Motion for Default Judgment. Thus, although Defendant waited approximately three months to enter an appearance after receiving notice of the Complaint, the Court does not find sufficient evidence of the kind of bad faith, gamesmanship, or attempt to interfere with judicial decision making that would preclude setting aside the default. *See TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001); *Rolex Watch U.S.A., Inc. v. Watch Empire LLC*, No. CV-13-09221-SJOD (TBx), 2014 WL 12607692, at *2 (C.D. Cal. Sept. 24, 2014) ("The Ninth Circuit has adopted a forgiving approach to excusable neglect, accepting even 'weak' reasons if they reveal mere negligence and carelessness, not ... deviousness or willfulness").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:18-cv-00023-JLS-DFM | Date: July 05, 2018 |
| Title: John Northrup v. Capital Alliance Group | |

Defendant has also made the requisite showing that it has a meritorious defense to Plaintiff's TCPA claim. *See Hawaii Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986). Defendant asserts that its sales call methods do not violate the TCPA because its particular dialing system, which requires "human intervention," does not constitute an automatic telephone dialing system. (Mem. at 7–8, Doc. 20-1.) Defendant also points to recent case law that supports its position. Thus, this factor weighs in favor of relief from default.

Finally, the Court finds that Plaintiff will not be prejudiced if the entry of default is set aside because there is no evidence that he will be hindered in his ability to pursue his claim. *See Falk*, 739 F.2d at 463.

Therefore, the Court finds setting aside the entry of default appropriate. Because the default is set aside, the Court deems Plaintiff's Motion for Default Judgment moot and denies it on that basis.

## IV. **CONCLUSION**

Accordingly, the Court GRANTS Defendant's Motion to Set Aside Entry of Default and DENIES Plaintiff's Motion for Default Judgment. **Within five (5) court days** of the date of this Order, Defendant shall file a response to the Complaint.

Initials of Preparer: tg